IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re                                           :   Chapter 11
                                                :
Spheris Inc., et al.,                           :   Case No. 10-10352 (KG)
                                                :
            Debtors.                            :   Jointly Administered
                                                :
                                                :   Re: Docket No. 14
                                                :
---------------------------------------------------------------x

## ORDER: (I) APPROVING BID PROCEDURES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS; (II) SCHEDULING HEARING TO CONSIDER SALE OF ASSETS; (III) APPROVING FORM AND MANNER OF NOTICE THEREOF; (IV) APPROVING BREAK-UP FEE AND EXPENSE REIMBURSEMENT; AND (V) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors (collectively, the "Debtors"), pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of orders approving, among other things, the sale of substantially all of the assets of the Debtors, related bidding procedures, and certain protections for potential purchasers of such assets; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, their creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion, and the full record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**FOUND AND DETERMINED THAT:**

A. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when applicable. See Bankruptcy Rule 7052.

B. Except as otherwise determined in any other Order of this Court, this Court has jurisdiction over the Motion and the transactions contemplated by the Stalking Horse Purchase Agreement pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and except as otherwise set forth in separate orders regarding the proposed assumption and assignment of Executory Contracts or Unexpired Leases (as defined below), no other or further notice is required except as set forth herein with respect to the Auction and Sale Hearing. Subject to the immediately preceding sentence, a reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties-in-interest.

D. The Debtors' proposed notice is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction (as defined in the Bidding Procedures), the sale of the Purchased Assets, and the Bidding Procedures to be employed in connection therewith.

E. The Debtors have articulated good and sufficient business reasons for this Court to approve the Bidding Procedures, including: (a) the payment of the Break-Up Fee and Expense Reimbursement, if necessary, to the Purchaser in accordance with the Stalking Horse Purchase Agreement (as modified herein); (b) the scheduling of a bid deadline, auction and sale hearing with respect to the proposed sale of the Purchased Assets; and (c) the establishment of

2

DB02:9228746.4     068920.1001

procedures to fix the Cure Amounts to be paid pursuant to section 365 of the Bankruptcy Code in connection with the assumption, assignment and/or transfer of the Assumed Contracts and Assumed Leases.

F.  The Stalking Horse Purchase Agreement and its terms were negotiated by the Debtors and the Purchasers in good faith and at arms-length.

G.  The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Purchased Assets.

H.  The Debtors have demonstrated that the Break-Up Fee and Expense Reimbursement are actual and necessary costs and expenses of preserving the Debtors' estates, within the meaning of section 503(b) of the Bankruptcy Code, and of substantial benefit to the Debtors' estates by inducing the Purchasers' bid, which has established a bid standard or minimum for other bidders for the Purchased Assets, thereby ensuring that during the Auction, if any, the Debtors receive the highest or best bid possible for the Purchased Assets.

I.  The entry of this Bidding Procedures Order is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Motion is granted as set forth herein.

2.  All Objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3.  The Bidding Procedures, in substantially the form attached hereto as Schedule 1, are incorporated herein and approved, and shall apply with respect to the sale of the

Purchased Assets. The Debtors are authorized to take all actions necessary or appropriate to implement the Bidding Procedures.

4. As further described in the Bidding Procedures, the deadline for submitting bids for the Purchased Assets (the "Bid Deadline") is April 8, 2010 at 12:00 noon (prevailing Eastern Time). No bid shall be deemed to be a Qualified Bid (as defined in the Bidding Procedures) unless such bid meets the requirements set forth in the Bidding Procedures.

5. Ableco Finance LLC as Collateral Agent (the "Prepetition Agent") for the prepetition lenders (the "Prepetition Lenders") and Ableco L.L.C. as collateral agent (the "DIP Agent", and together with the Prepetition Agent, the "Agent") for the DIP lenders (the "DIP Lenders", and together with the Prepetition Lenders, the "Lenders") for themselves and on behalf of the Lenders shall be permitted but not compelled to credit bid up to the full amount of the Lenders' prepetition secured claims and claims related to the postpetition debtor in possession financing against the Debtors at the Auction and said credit bid shall constitute for all purposes a Qualified Bid and the Agent shall for all purposes be deemed a Qualified Bidder and shall not be required under any circumstances to furnish a deposit in connection with its credit bid.

6. The Debtors may sell the Purchased Assets by conducting an Auction in accordance with the Bidding Procedures. If Qualified Bids are timely received by the Debtors in accordance with the Bidding Procedures, the Auction shall take place on April 13, 2010 at 9:00 a.m. (prevailing Eastern Time) at the offices of Willkie Farr & Gallagher, LLP, 787 Seventh Avenue, New York, New York 10019, or such other place and time as the Debtors shall notify all Qualified Bidders, the Agent, the official committee of unsecured creditors (the "Committee"), and other invitees. If, however, no such Qualified Bid is received by the Bid

Deadline, then the Auction will not be held and the Debtors may promptly seek Bankruptcy Court approval of the Stalking Horse Purchase Agreement.

7. Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

8. The Sale Hearing shall be held before this Court on April 15, 2010 at 10:00 a.m. (prevailing Eastern Time), or as soon thereafter as counsel and interested parties may be heard.

9. On or before five (5) business days after entry of this Bidding Procedures Order, the Debtors will cause: (A) the notice, substantially in the form attached hereto as Schedule 2 (the "Notice of Auction and Sale Hearing"), and the Bidding Procedures Order to be sent by first-class mail postage prepaid, to the following: (a) the U.S. Trustee; (b) counsel for the Committee; (c) counsel to the agents for the Debtors' prepetition secured lenders; (d) counsel to the agents for the Debtors' postpetition secured lenders; (e) all taxing authorities having jurisdiction over any of the Purchased Assets, including the Internal Revenue Service; (f) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002; (g) all persons known or reasonably believed to have asserted an interest on any of the Purchased Assets; (h) the non-Debtor parties to the Executory Contracts and Unexpired Leases; (i) all Persons known or reasonably believed to have expressed an interest in acquiring all or substantially all of the Purchased Assets within the last six months; (j) the Attorneys General in the State(s) where the Purchased Assets are located; (k) the Environmental Protection Agency; (l) all state and local environmental agencies in any jurisdiction where the Seller owns or has owned or used

5

DB02:9228746.4                                          068920.1001

real property; and (m) counsel to the Purchasers.[2] In addition to the foregoing, (i) electronic notification of this Motion, the Bidding Procedures Order and the Notice of Auction and Sale Hearing also will be posted on: (a) the Court's website, www.deb.uscourts.gov; and (b) the case website maintained by the Debtors' claims and noticing agent, Garden City Group, Inc. at www.gardencitygroup.com/cases/spheris; and (ii) on or before three (3) business days after entry of the Bidding Procedures Order, the Debtors will: (a) serve the Notice of Auction and Sale Hearing on all known creditors of the Debtors; and (b) subject to applicable submission deadlines, publish the Notice of Auction and Sale Hearing once in one national publication the Debtors deem appropriate.

10. On or before five (5) business days after the entry of the Bidding Procedures Order (the "Initial Cure Notice Deadline"), the Debtors shall serve by first class mail or hand delivery, a notice of potential assumption, assignment and/or transfer of the Executory Contracts and Unexpired Leases, substantially in the form attached hereto as Schedule 3 (the "Notice of Assumption and Assignment"), on all non-debtor parties to the Executory Contracts and Unexpired Leases. The Assumption Notice shall identify whether each Executory Contract or Unexpired Lease is a Purchased Asset and the calculation of the undisputed cure amounts that the Debtors believe must be paid to cure all defaults outstanding under the Executory Contracts and Unexpired Leases as of such date (the "Cure Amounts"). In addition, if the Debtors identify additional executory contracts or unexpired leases that might be assumed by the Debtors and assigned to Purchasers not set forth in the original Notice of Assumption and Assignment, the Debtors shall promptly send a supplemental notice (a "Supplemental Notice of Assumption and

---

[2] The Notice of Auction and Sale Hearing will direct parties to contact Jefferies & Company, Inc., investment banker for the Debtors, for more information and will provide that any party in interest that wishes to obtain a copy of any related document (including the Stalking Horse Purchase Agreement),

Assignment") to the applicable counterparties to such additional executory contracts and unexpired leases.

11. At the request of a Potential Bidder or the Purchasers, the Debtors shall provide a Notice of Assumption and Assignment to any non-Debtor party to an Executory Contract or Unexpired Lease that a Potential Bidder or the Purchasers identify as being an Executory Contract or Unexpired Lease that such Potential Bidder or the Purchasers may include as a Purchased Asset in its bid.

12. Unless the non-debtor party to an Executory Contract or Unexpired Lease files an objection (the "Cure Amount/Assignment Objection") to (a) its scheduled Cure Amount, and/or (b) the proposed assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease (including the transfer of any related rights or benefits thereunder) to the Purchasers or to any other Potential Bidder by the later of (i) 4:00 p.m. (prevailing Eastern Time) on March 22, 2010, or (ii) ten (10) days after service of the Supplemental Notice of Assumption and Assignment, if applicable (collectively, the "Cure/Assignment Objection Deadline") and serves a copy of the Cure Amount/Assignment Objection so as to be received no later than the Cure/Assignment Objection Deadline on the same day to: (a) the Debtors, 9009 Carothers Parkway, Suite C-3, Franklin, Tennessee 37067 (Attn: Russ Adkins, Esq.); (b) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn: Robert S. Brady, Esq. and Matthew B. Lunn, Esq.), co-counsel to the Debtors; (c) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019 (Attn: Michael J. Kelly, Esq. and Shaunna D. Jones, Esq.), co-counsel to the Debtors; (d) counsel to the Committee, (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the

---

subject to any necessary confidentiality agreement, may make a request in writing as specified in the Notice of Auction and Sale Hearing.

Americas, New York, NY 10019 (Attn: Andrew N. Rosenberg, Esq. and Elizabeth R. McColm, Esq.), and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Russell C. Silberglied, Esq.).; (e) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn: Richard L. Schepacarter, Esq.); (f) (a) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022 (Attn: Adam C. Harris, Esq. and Lawrence V. Gelber, Esq.), and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, P.O. Box 2087, Wilmington, DE 19899 (Attn: Adam G. Landis, Esq.), co-counsel to the Agent; and (g) Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, New York 10019 (Attn: Richard G. Mason, Esq. and Andrew J. Nussbaum, Esq.), counsel to the Purchasers; then such non-debtor party will (i) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Executory Contract and Unexpired Lease and the Debtors shall be entitled to rely solely upon the Cure Amount, and (ii) be deemed to have consented to the assumption, assignment and/or transfer of such Executory Contract and Unexpired Lease (including the transfer of any related rights and benefits thereunder) either to the Purchasers or a Purchaser Designee or to any other Potential Bidders (other than the issue of adequate assurance of future performance with respect to any Potential Bidder other than the Purchasers or Purchaser Designee), and shall be forever barred and estopped from asserting or claiming against the Debtors, the Purchasers, the Purchaser Designee, or any other Successful Bidder or any other assignee of the relevant Executory Contract or Unexpired Lease that any additional amounts are due or defaults exist, or conditions to assumption, assignment, and/or transfer must be satisfied under such Executory Contract or Unexpired Lease, or that any related right or benefit under such Executory Contract or Unexpired Lease cannot or will not be available to any Potential Bidder, including the

Purchasers or Purchaser Designees. Cure Amount/Assignment Objections with respect to any Notice of Assumption and Assignment of Agreements that is served on or before the Initial Cure Notice Deadline, shall be heard on April 12, 2010 at 10:00 a.m. (prevailing Eastern Time), unless the Debtors, the Agent, the Committee and all Qualified Bidders agree otherwise or the Court orders otherwise. With respect to any party who has timely filed a Cure Amount/Assignment Objection in accordance with this Order, nothing in this Order and/or any applicable Notice of Assumption and Assignment of Agreements shall (i) operate to waive or impair any rights, claims or defenses of any and all non-debtor counterparties to any Executory Contract or Unexpired Lease, or (ii) shall be deemed to be a determination, finding or adjudication that any Executory Contract or Unexpired Lease, or any rights or benefits thereunder, are or may be assumed, assigned, transferred, delegated or otherwise made available for the benefit of any entity, pursuant to section 365 of the Bankruptcy Code or otherwise, without the consent of the non-debtor counterparty to such Executory Contract or Unexpired Lease.

13. If an objection challenges a Cure Amount, the objection must set forth the prepetition cure amount being claimed by the objecting party (the "Claimed Cure Amount") with appropriate documentation in support thereof. Upon receipt of an objection to a Cure Amount, the Debtors may, in their sole discretion, hold an amount equal to the Claimed Cure Amount in reserve pending further order of the Court or agreement between the Debtors and the objecting party. If the Debtors hold the Claimed Cure Amount in reserve, the Debtors may assume and assign the Assumed Contract that is the subject of an objection relating to that Assumed Contract's Cure Amount without further delay, unless such Cure Amount/Assignment Objection claims that the applicable Executory Contract or Unexpired Lease may not be assumed or assigned for reasons other than or in addition to the adequacy or inadequacy of the Cure Amount.

DB02:9228746.4     068920.1001

14. The Debtors, the Purchasers, or the other Successful Bidder, as the case may be, may determine to exclude any Executory Contract or Unexpired Lease (an "Excluded Contract") from the list of Purchased Assets at any time prior to the consummation of the Sale. The non-debtor party or parties to any such Excluded Contract will be notified of such exclusion by written notice as soon as practicable after such determination, which may be after the Sale Hearing.

15. Within one (1) business day of the Bid Deadline, the Debtors will serve on all non-debtor parties to Executory Contracts or Unexpired Leases a notice of all potential bidders (with the exception of Purchasers) that submitted a bid prior to the Bid Deadline (the "Potential Bidder Notice"). The non-debtor parties to the Executory Contracts and Unexpired Leases will have until 5:00 p.m. (prevailing Eastern Time) on April 12, 2010 (the "Adequate Assurance Objection Deadline") to file a contingent objection to the assumption, assignment and/or transfer of such Executory Contract and Unexpired Lease solely on the issue of whether any of the Potential Bidders can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

16. In the event that the Purchasers are not the Successful Bidder for the Purchased Assets and for those Executory Contracts and Unexpired Leases identified in the Notice of Assumption and Assignment, within two (2) business days after the conclusion of the Auction for the Purchased Assets, the Debtors will serve a notice identifying the Successful Bidder to the non-debtor parties to the Executory Contracts and Unexpired Leases that have been identified in such Successful Bid.

17. Objections to the sale of the Purchased Assets, or the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules;

10

(c) be filed with the clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (prevailing Eastern Time) on: (i) April 14, 2010, solely with respect to the Committee; or (ii) April 7, 2010, with respect to all other parties, as applicable, or such later date and time as the Debtors may agree (the "Sale Objection Deadline"); and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on the Sale Objection Deadline, upon the Notice Parties. All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing.

18. The Notice of Auction and Sale Hearing and the Notice of Assumption and Assignment to be issued in connection with the proposed sale of the Purchased Assets, substantially in the forms annexed hereto as Schedule 2 and Schedule 3, respectively, are approved.

19. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties-in-interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

20. The Break-Up Fee and Expense Reimbursement, as set forth in the Stalking Horse Purchase Agreement, are approved. The obligations of Debtors to pay the Break-Up Fee and Expense Reimbursement: (i) shall be entitled to administrative expense claim status under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code; (ii) shall not be subordinate to any other administrative expense claim against the Debtors (other than any super-priority claim granted under the DIP Order, any carve-out for professional fees and expenses included in the DIP Order, or any adequate protection order in existence as of the date hereof); and (iii) shall survive the termination of the Stalking Horse Purchase Agreement.

21. The definition of "Outside Date" in the Stalking Horse Purchase Agreement is hereby modified to read: "means the date that is 75 days following the Petition Date; provided, however, that if the Closing has not occurred by such date and all conditions to the Closing have been satisfied except for those conditions set forth in Section 6.1(e) and Section 6.2(e), such date shall be extended to the earlier to occur of (A) the tenth (10th) day following the date upon all requisite clearances or approvals under any antitrust or trade regulation laws shall have been obtained and (B) the date that is 135 days after the Petition Date."

22. Except as otherwise provided herein and in the Bidding Procedures, Local Rule 6004-1(c)(ii) is waived.

23. Except as otherwise provided in the Stalking Horse Purchase Agreement or this Bidding Procedures Order, and subject to the right of the Agent to Credit Bid and the classification of any such Credit Bid as a Qualified Bid and the Agent as a Qualified Bidder for all purposes, the Debtors shall have the right as they may reasonably determine (after consultation with the Agent and the Committee) to be in the best interests of their estates, to: (a) determine which bidders are Qualified Bidders; (b) determine which bids are Qualified Bids; (c) determine which Qualified Bid is the highest and best proposal and which is the next highest and best proposal; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtors and their estates; (c) remove some of the Purchased Assets from the Auction; (d) waive terms and conditions set forth herein with respect to all potential bidders; (e) impose additional terms and conditions with respect to all potential bidders; (f) extend the deadlines set forth herein; (g) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (h) modify the Bidding Procedures as the Debtors (after

consultation with the Agent and the Committee) may determine to be in the best interest of their estates or to withdraw the Motion at any time with or without prejudice.

24. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and Bidding Procedures Order shall be effective immediately upon its entry.

25. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: February 23, 2010
Wilmington, Delaware

_Kevin Gross_
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE