# <u>SCHEDULE 1</u>

## BIDDING PROCEDURES

By a motion dated February 3, 2010 (the "Motion"), Spheris Holding II, Inc., Spheris Inc., Spheris Operations LLC, Vianeta Communications, Spheris Leasing LLC, and Spheris Canada Inc., as debtors and debtors in possession (collectively, the "Debtors") sought, among other things, approval of the procedures related to the proposed sale of substantially all of the Purchased Assets and Spheris India Capital Stock (as defined below). On February 23, 2010, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Sale Procedures Order") authorizing the Debtors to market the Purchased Assets and Spheris India Capital Stock through, among other means, the bidding procedures described below (the "Bidding Procedures"). As part of the Bidding Procedures, the Bankruptcy Court has scheduled a hearing to consider approval of the sale of the Purchased Assets and the Spheris India Capital Stock to the Successful Bidder (as defined below), to be conducted on April 15, 2010, at 10:00 a.m. (prevailing Eastern Time), in Courtroom 3 at the Bankruptcy Court, before the Honorable Kevin Gross (the "Sale Hearing").

## I.    Stalking Horse Bid

The Debtors have executed a Stock and Asset Purchase Agreement (collectively with all ancillary documents and agreements, the "Purchase Agreement") with Medquist, Inc. and CBay, Inc. as purchasers ("Purchasers"), dated as of February 2, 2010, which contemplates a set of related transactions (collectively, the "Sale Transaction") for the sale of the Purchased Assets and Spheris India Capital Stock to the Purchasers in consideration for the Purchase Price (as defined in the Purchase Agreement), all subject to the terms and conditions set forth in the Purchase Agreement.

## II.    Important Dates for Potential Competing Bidders

These Bidding Procedures provide for an opportunity for interested parties to qualify and participate in the Auction (as defined below) and submit competing bids for all or substantially all of the Purchased Assets and Spheris India Capital Stock. The Debtors shall, in consultation with the Agent and the Committee (as defined below):

(a)    accept Bids (as defined below) until 12:00 noon (prevailing Eastern Time), on April 8, 2010;

(b)    assist Potential Bidders (as defined below) in conducting their respective due diligence investigations until April 13, 2010 and conduct an auction (the "Auction") among Qualified Bidders (as defined below) on April 13, 2010 to identify the Successful Bid (as defined below); and

(c)    seek authority to sell all or substantially all of the Purchased Assets and Spheris India Capital Stock to the Successful Bidder(s) (as defined below) at the Sale Hearing.

## III. Assets to Be Sold

The Debtors seek to sell substantially all of the Debtors' assets, defined as the "Purchased Assets" in Section 2.1 of the Purchase Agreement, including the Assumed Contracts and Assumed Leases, and, in addition, all right, title and interest in and to the Spheris India Capital Stock (as such terms are defined in the Purchase Agreement).

## IV. The Bidding Process

The Debtors shall (in consultation with the Agent and the Committee): (a) coordinate the efforts of Potential Bidders in conducting their respective due diligence investigations regarding the Purchased Assets and Spheris India Capital Stock; (b) determine whether any person or entity is a Qualified Bidder (as defined below); (c) receive and evaluate bids from Qualified Bidders; and (d) administer the Auction. The foregoing activities are referred to, collectively, as the "Bidding Process."

Any person or entity who wishes to participate in the Bidding Process must meet the participation requirements for Potential Bidders below and must thereafter submit a Qualified Bid to become a Qualified Bidder. Notwithstanding the foregoing, or any requirement set forth in Section V or VII of these Bidding Procedures, the Agent (as defined below), for itself and on behalf of the Lenders (as defined below), shall be deemed to be a Potential Bidder and a Qualified Bidder for all purposes in connection with these Bidding Procedures and, pursuant to 11 U.S.C. §363(k), shall be permitted, but not compelled, to credit bid up to the full amount of the Lenders' prepetition secured claims and claims related to postpetition debtor in possession financing against the Debtors at the Auction.

## V. Participation Requirements

To participate in the Bidding Process, each interested person or entity must deliver the following documents to the parties set forth below (the "Participation Materials"):

(a) An executed confidentiality agreement in form and substance satisfactory to the Debtors;

(b) A statement demonstrating to the Debtors' and Agent's and Committee's satisfaction a *bona fide* interest in purchasing all of the Purchased Assets and Spheris India Capital Stock from the Debtors;

(c) Current audited financial statements of (i) the Potential Bidder, or (B) if the Potential Bidder is an entity formed for the purpose of acquiring the Purchased Assets, current audited financial statements of the equity holder(s) of the Potential Bidder who shall either guarantee the obligations of the Potential Bidder or provide such other form of financial disclosure and credit-quality support information or enhancement reasonably acceptable to the Debtors and the Agent and the Committee; and

(d) Information that can be publicly filed and/or disseminated representing that the Potential Bidder has the financial wherewithal to satisfy adequate assurance requirements with

respect to the Assumed Contracts and Assumed Leases under the Bankruptcy Code, which information may be required to be supplemented at the request of the Debtors or other parties in interest.

The Participation Materials must be transmitted to each of the following parties (collectively, the "Notice Parties"): (i) the Debtors, 9009 Carothers Parkway, Suite C-3, Franklin, Tennessee 37067 (Attn: Robert Butler); (ii) co-counsel to the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019-6099 (Attn: Michael J. Kelly, Esq. and Mark A. Cognetti, Esq.) and (b) Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801 (Attn: Robert S. Brady, Esq. and Matthew B. Lunn, Esq.); (iii) financial advisors to the Debtors, Jefferies & Company, Inc., 1050 Winter Street, Waltham, MA (Attn: Jason Auerbach and Jason S. Cohen) ("Jefferies"); (iv) co-counsel to Ableco Finance LLC as collateral agent (the "Prepetition Agent") for the prepetition lenders (the "Prepetition Lenders") and Ableco L.L.C. as collateral agent (the "DIP Agent," and together with the Prepetition Agent, the "Agent") for the DIP lenders (the "DIP Lenders," and together with the Prepetition Lenders, the "Lenders"), (a) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022 (Attn: Adam C. Harris, Esq. and Lawrence V. Gelber, Esq.), and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, P.O. Box 2087, Wilmington, DE 19899 (Attn: Adam G. Landis, Esq.); and (v) counsel to the official committee of unsecured creditors (the "Committee"), (a) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Andrew N. Rosenberg, Esq. and Elizabeth R. McColm, Esq.), and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Attn: Russell C. Silberglied, Esq.).

Any party that delivers the Participation Materials shall be a "Potential Bidder," and by delivering the Participation Material each Potential Bidder acknowledges that its identity will be made public, including in court filings. If the Debtors determine (in consultation with the Agent and the Committee) that a Potential Bidder has a *bona fide* interest in all or substantially all of the Purchased Assets and Spheris India Capital Stock, then no later than two (2) business days after such determination, the Debtors will deliver to the Potential Bidder: (a) an electronic copy of the Purchase Agreement; and (b) access information for a confidential electronic data room concerning the Purchased Assets and Spheris India Capital Stock which shall contain any and all documents furnished by the Debtors to the Purchasers in connection with its due diligence in connection with the Purchase Agreement (the "Data Room").

## VI. Due Diligence

Until the day of the Auction (as defined below), the Debtors will afford any Potential Bidder such due diligence access or additional information as may be reasonably requested by the Potential Bidder that the Debtors, in their business judgment, determine to be reasonable and appropriate under the circumstances. All due diligence requests shall be directed to Jefferies, as indicated above. The Debtors shall coordinate all reasonable requests for additional information and due diligence access from Potential Bidders. If the Debtors determine that due diligence material requested by a Potential Bidder is reasonable and appropriate under the circumstances, but such material has not previously been provided to any other Potential Bidder, the Debtors shall post such materials in the Data Room and provide email notice of such posting to all

Potential Bidders, as well as to the Notice Parties, and shall provide such materials to the Purchasers.

Unless otherwise determined by the Debtors, in consultation with the Agent and the Committee, the availability of additional due diligence to a Potential Bidder will cease on the Auction date. Except as provided above with respect to the copy of the Purchase Agreement provided by the Debtors to the Potential Bidders, and information in the Data Room, neither the Debtors nor their representatives will be obligated to furnish any information of any kind whatsoever relating to the Purchased Assets and Spheris India Capital Stock to any party.

## VII. Bid Deadline

A Potential Bidder that desires to make a bid shall deliver written and electronic copies of its bid to the Notice Parties so as to be received not later than 12:00 noon (prevailing Eastern Time), on April 8, 2010 (the "Bid Deadline").

## VIII. Bid Requirements

To participate in the Auction, if any, a bidder must deliver to the Notice Parties a written offer, which must provide or otherwise comply with, at a minimum, the items noted below to be deemed a "Qualified Bid:"

(a)     The Potential Bidder offers to purchase all or substantially all of the Purchased Assets and Spheris India Capital Stock from the Debtors at the purchase price and upon substantially the same terms and conditions set forth in an executed purchase agreement in the same form as the Purchase Agreement, and submits to the Notice Parties an executed clean copy of its purchase agreement together with a marked copy showing any proposed changes to the Purchase Agreement (the "Marked Agreement");

(b)     The bid is not subject to any due diligence or financing contingency, is not conditioned on bid protections, other than those contemplated in the Bidding Procedures for subsequent overbids, and is not subject to any future corporate consent or approval; *provided, that,* a bid will not be precluded from being a Qualified Bid solely because the Potential Bidder would be required to make certain filings and be subject to applicable waiting periods under the Hart-Scott-Rodino Antitrust Improvements Act of 1976.

(c)     The purchase price in such bid is a higher and/or better offer for the Purchased Assets and Spheris India Capital Stock (as compared to the offer of the Purchasers), and such offer shall not be considered a higher and/or better offer unless such bid provides for net consideration to the Debtors' estates of at least $3,000,000 more than that provided by the Purchasers, such amount to be deemed to include the amount of the Break-Up Fee and the Expense Reimbursement (the "Minimum Overbid Purchase Price");

(d)     The bid is received by the Debtors by the Bid Deadline;

(e)     The bid does not entitle a bidder to any break-up fee, termination fee or similar type of payment or reimbursement and, by submitting a bid, the bidder waives the right to pursue

a substantial contribution claim under 11 U.S.C. § 503 related in any way to the submission of its bid or the Bidding Procedures;

(f)     A cash deposit in the amount of 10% of the purchase price of the bid; and

(g)     The bid demonstrates the Qualified Bidder's commitment to pay all Cure Costs and ability to provide adequate assurance of future performance under any executory contracts or unexpired leases to be assumed and/or assigned pursuant to such bid.

A Potential Bidder shall accompany its bid with: (a) written evidence of available cash, a commitment for financing or ability to obtain a satisfactory commitment if selected as the Successful Bidder and such other evidence of ability to consummate the Sale Transaction as the Debtors, in consultation with the Agent and the Committee, may reasonably request; (b) a copy of a board resolution or similar document demonstrating the authority of the Potential Bidder to make a binding and irrevocable bid on the terms proposed; and (c) any pertinent factual information regarding the Potential Bidder's operations that would assist the Debtors in their analysis of issues arising with respect to any applicable antitrust laws or other aspects of the bid.

A bid received from a Potential Bidder will be considered a "Qualified Bid" only if it meets the above requirements. Each Potential Bidder that submits a Qualified Bid will be considered a "Qualified Bidder." For purposes hereof, both the Agent for itself and on behalf of the Lenders and the Purchasers constitute Qualified Bidders and the Agent's Credit Bid for itself and on behalf of the Lenders and the Purchase Agreement executed by the Purchasers are Qualified Bids. The Agent shall not be required to furnish a cash deposit in connection with its Credit Bid. A Qualified Bid will be valued based upon factors such as: (a) the purported amount of the Qualified Bid, including any benefit to the Debtors' bankruptcy estates from any assumption of liabilities of the Debtors; (b) the fair value to be provided to the Debtors under the Qualified Bid; (c) the ability to close the proposed Sale Transaction without delay and within the timeframes contemplated by the Purchase Agreement; (d) the ability to obtain all necessary antitrust or other regulatory approvals for the proposed transaction; and (e) any other factors the Debtors may deem relevant. Within one day after the Debtors, in consultation with the Agent and the Committee, determine that a bid is a Qualified Bid, the Debtors shall distribute a copy of such bid to counsel to the Purchasers by e-mail, hand delivery or overnight courier. The Debtors also shall provide copies of all Qualified Bids to each of the other Qualified Bidders promptly following the expiration of the Bid Deadline.

The Debtors, in consultation with the Agent and the Committee, may reject any bid if, among other things, such bid:

(i)     is on terms that are materially more burdensome or conditional than the terms of the Purchase Agreement; or

(ii)    includes a non-cash instrument or similar consideration that is not freely marketable; provided, however, that if a Qualified Bid provides cash consideration in excess of the Debtors' secured indebtedness, such Qualified Bid shall not be rejected due to its inclusion of non-cash consideration.

Any bid rejected pursuant to this paragraph shall not be deemed to be a Qualified Bid.

## IX.   The Auction

In the event that the Debtors receive one or more Qualified Bids (other than the bid of the Purchasers), the Debtors will hold an auction (the "Auction") on April 13, 2010, commencing at 9:00 a.m. (prevailing Eastern Time) at the offices of Willkie Farr & Gallagher LLP, co-counsel to the Debtors, at 787 Seventh Avenue, New York, New York, for consideration of the Qualified Bids, each as may be increased at such Auction. Bidding will start at the highest Qualified Bid and will continue with minimum bid increments of $500,000, subject to the right of the Purchasers to credit the Break-Up Fee (as defined in the Purchase Agreement) to its bid at each round of bidding. The auction may be adjourned as the Debtors (in consultation with the Agent and the Committee) deem appropriate. Reasonable notice of such adjournment and the time and place for resumption of the Auction shall be given to all entities that submitted a Qualified Bid, the Agent and the Committee.

The Auction shall run in accordance with the following procedures:

(a)    Only the Debtors, proper representatives of statutorily appointed committees, the Agent, or other constituents permitted in advance by the Debtors, the Purchasers and any other Qualified Bidder that has timely submitted a Qualified Bid, shall attend the Auction in person, and only the Purchasers and such other Qualified Bidders will be entitled to make any subsequent bids at the Auction.

(b)    Each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale by the Debtors of the Purchased Assets and Spheris India Capital Stock.

(c)    At least one (1) Business Day prior to the Auction, each Qualified Bidder who has timely submitted a Qualified Bid must inform the Debtors whether it intends to attend the Auction; provided that in the event a Qualified Bidder elects not to attend the Auction, such Qualified Bidder's Qualified Bid shall nevertheless remain fully enforceable against such Qualified Bidder until the date of the selection of the Successful Bidder. At least one (1) Business Day prior to the Auction, the Debtors will provide notice of the Qualified Bid which the Debtors believe, in their reasonable business judgment (in consultation with the Agent and the Committee), is the highest or otherwise best offer (the "Starting Bid") to the Purchasers, the Agent, and all other Qualified Bidders which have informed the Debtors of their intent to participate in the Auction.

(d)    All Qualified Bidders who have timely submitted Qualified Bids will be entitled to be present for all Subsequent Bids (as defined below) at the Auction with the understanding that the true identity of each Qualified Bidder at the Auction will be fully disclosed to all other Qualified Bidders at the Auction and that all material terms of each Subsequent Bid will be fully disclosed to all other bidders throughout the entire Auction; provided that all Qualified Bidders wishing to attend the Auction must have at least one individual representative with authority to bind such Qualified Bidder attending the Auction in person. All proceedings at the Auction shall be conducted before and transcribed by a court stenographer.

(e) The Debtors (in consultation with the Agent and the Committee) may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make Subsequent Bids) for conducting the Auction, provided that such rules are (i) not inconsistent with these Bidding Procedures, the Bankruptcy Code, or any order of the Bankruptcy Court or any other applicable court entered in connection herewith, and (ii) disclosed to each Qualified Bidder at the Auction.

(f) Bidding at the Auction will begin with the Starting Bid and continue, in one or more rounds of bidding, so long as during each round at least one subsequent bid is submitted by a Qualified Bidder that (i) improves upon such Qualified Bidder's immediately prior Qualified Bid (a "Subsequent Bid") and (ii) the Debtors determine, in consultation with the Agent and the Committee, that such Subsequent Bid is (A) for the first round, a higher or otherwise better offer than the Starting Bid, and (B) for subsequent rounds, a higher or otherwise better offer than the Leading Bid (as defined below). Each incremental bid at the Auction shall provide net value to the estate of at least U.S. $500,000 over the Starting Bid or the Leading Bid, as the case may be, which net value may be in the form of cash or non-cash consideration. After the first round of bidding and between each subsequent round of bidding, the Debtors (after consultation with the Agent and the Committee) shall announce the bid that it believes to be the highest or otherwise better offer (the "Leading Bid"). A round of bidding will conclude after each participating Qualified Bidder has had the opportunity to submit a Subsequent Bid with full knowledge of the Leading Bid. Except as specifically set forth herein, for the purpose of evaluating the value of the consideration provided by Subsequent Bids (including any Subsequent Bid by the Purchasers), the Debtors will, at each round of bidding, give effect to the Break-Up Fee that may be payable to the Purchasers under the Agreement, as well as any additional liabilities to be assumed by a Qualified Bidder and any additional costs which may be imposed on the Debtors by such Qualified Bid.

## X.    The Successful Bid

Immediately at the conclusion of the Auction, the Debtors shall, in consultation with the Agent and Committee (a) determine, consistent with the Bidding Procedures, which bid constitutes the highest and best bid (such bid, the "Successful Bid") and (b) communicate to the Purchasers and the other Qualified Bidders the identity of the Successful Bidder and the details of the Successful Bid. At such time, the Debtors shall, in consultation with the Agent and the Committee, also determine which bid constitutes the second highest and best bid (such bid, the "Back Up Bid") and communicate to Purchasers and other Qualified Bidders the identity of the Back up Bidder and the details of the Back Up Bid. In no circumstances will Purchasers be required to be the Back Up Bidder. If no Qualified Bids are received other than the Purchase Agreement, the Purchase Agreement shall be designated as the Successful Bid, and there shall be no Auction. The bidder making the Successful Bid is referred to as the "Successful Bidder." The determination of the Successful Bid and the Back Up Bid by the Debtors at the conclusion of the Auction, in consultation with the Agent and Committee, shall be final subject to approval by the Bankruptcy Court. The Debtors shall be deemed to have accepted a Qualified Bid only when (i) such bid is declared the Successful Bid at the Auction; (ii) definitive documentation has been executed in respect thereof; and (iii) the Court has entered an order approving such Successful Bid.

EACH QUALIFIED BID SUBMITTED (OTHER THAN THE PURCHASE AGREEMENT, WHICH MAY BE TERMINATED IN ACCORDANCE WITH ITS TERMS) SHALL CONSTITUTE AN IRREVOCABLE OFFER AND BE BINDING ON THE APPLICABLE QUALIFIED BIDDER FROM THE TIME THE BID IS SUBMITTED UNTIL THE ENTRY OF THE SALE ORDER. THE BACK UP BID SHALL BE IRREVOCABLE AND BINDING ON THE BIDDER UNTIL THE EARLIER OF TWO (2) BUSINESS DAYS AFTER THE CLOSING OF THE SALE OF THE PURCHASED ASSETS AND SPHERIS INDIA CAPITAL STOCK OR TWENTY (20) DAYS AFTER THE SALE ORDER IS ENTERED.

## XI.     The Sale Hearing

The Successful Bid will be presented to the Bankruptcy Court for approval at the Sale Hearing. If no other Qualified Bid is received by the Debtors and the Purchasers' original Purchase Agreement is the Successful Bid, then the Debtors will seek entry of an order at the Sale Hearing authorizing and approving the Sale Transaction, including the sale of the Purchased Assets and Spheris India Capital Stock to the Purchasers, pursuant to the terms and conditions set forth in the Purchase Agreement. If a different bid is the Successful Bid, then the Debtors anticipate that they will seek the entry of an order, modified as necessary to reflect the terms of the Successful Bid, authorizing and approving the sale of the applicable Purchased Assets and Spheris India Capital Stock to the Successful Bidder. The Sale Hearing may be adjourned or rescheduled without notice, other than by an announcement of such adjournment at the Sale Hearing.

Unless the Bankruptcy Court orders otherwise, the Sale Hearing shall be an evidentiary hearing on all matters relating to the proposed sale, and parties shall be prepared to present their evidence in support of or in opposition to the proposed sale at the Sale Hearing; *provided, however,* that issues relating to the assumption and assignment of executory contracts and unexpired leases may be addressed at separate hearings before the Bankruptcy Court.

## XII.     "As Is, Where Is"

The Sale Transaction shall be on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Debtors, their agents or their estates, except to the extent expressly set forth in the Purchase Agreement or the Marked Agreement corresponding to the Successful Bid, as the case may be. Except as otherwise provided in the Successful Bid or such other bid which may ultimately be consummated in the sale of all or substantially all of the Purchased Assets and Spheris India Capital Stock, all of the Debtors' right, title and interest in and to the Purchased Assets and Spheris India Capital Stock shall be sold free and clear all liens, claims (as such term is defined by section 101(5) of the Bankruptcy Code), encumbrances, rights, remedies, restrictions, interests, liabilities, leasehold interests and contractual commitments of any kind or nature whatsoever, whether arising before or after the Petition Date, whether at law or in equity, including all rights or claims based on any successor or transferee liability, all environmental claims, all change in control provisions, all rights to object or consent to the effectiveness of the transfer of the Purchased Assets and Spheris India Capital Stock to the Purchasers, all as more specifically set forth and defined in the Sale Motion

and the proposed order approving the Sale Transaction (the "Claims"), and as set forth in the Purchase Agreement and the Sale Order, with such Claims to attach to the net proceeds of the sale with the same validity and priority as such Claims applied against the Purchased Assets and Spheris India Capital Stock.

Notwithstanding the foregoing, the Debtors reserve the right to contest the validity, nature, extent or priority of and/or seek to set aside or avoid any and all Claims under applicable law.

## XIII. Return of Deposits

A Deposit submitted by the Back Up Bidder will be held by the Debtors until forty eight (48) hours after the Back Up Bid has been terminated in accordance with the Bid Procedures. As to all other bidders (except the Successful Bidder), Deposits will be returned promptly after conclusion of the Sale Hearing. Other than with respect to the Deposit of the Purchasers, which shall be governed by the Purchase Agreement, if the Successful Bidder or the Back Up Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of the Successful Bidder or the Back Up Bidder, the Debtors shall be entitled to retain the Deposit in partial satisfaction of any damages resulting from the breach or failure to perform by the Successful Bidder or the Back Up Bidder, without prejudice to any other rights the Debtors may have. The Debtors may, in consultation with the Agent and the Committee, credit the Deposit of the Successful Bidder or the Back Up Bidder towards the purchase price on the closing of the sale of the Purchased Assets and Spheris India Capital Stock.

## XIV. Reservation of Rights

Except as otherwise provided in the Purchase Agreement or the Bidding Procedures Order, and subject to the right of the Agent to Credit Bid and the classification of any such Credit Bid as a Qualified Bid and the Agent as a Qualified Bidder for all purposes, the Debtors (in consultation with the Agent and the Committee as further set forth herein) reserve the right as they may reasonably determine to be in the best interests of their estates, to: (i) determine which bidders are Qualified Bidders; (ii) determine which bids are Qualified Bids; (iii) determine which Qualified Bid is the highest and best proposal and which is the next highest and best proposal; (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (c) contrary to the best interests of the Debtors and their estates; (v) remove some of the Purchased Assets from the Auction, (vi) waive terms and conditions set forth herein with respect to all Potential Bidders; (vii) impose additional terms and conditions with respect to all Potential Bidders; (viii) extend the deadlines set forth herein; (ix) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (x) modify the Bidding Procedures as it may determine to be in the best interests of their estates or to withdraw the Motion at any time with or without prejudice.

# SCHEDULE 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
                                        :
In re                                   :      Chapter 11
                                        :
Spheris Inc., et al.,                   :      Case No. 10-10352 (KG)
                                        :
                  Debtors.              :      Jointly Administered
                                        :
------------------------------------------------------------ x
```

## NOTICE OF AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE** that, on February 3, 2010, the debtors and debtors in possession in the above-captioned cases (the "Debtors")[1] filed a Motion for Orders: (I) Approving Bid Procedures in Connection with Sale of Substantially All of Debtors' Assets; (II) Scheduling Hearing to Consider Sale of Assets; (III) Approving Form and Manner of Notice Thereof; (IV) Approving Break-Up Fee and Expense Reimbursement; and (V) Granting Related Relief (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors seek to sell their assets free and clear of all liens, claims, encumbrances, and other interests pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code"), except as set forth in the Stalking Horse Purchase Agreement.[2]

**PLEASE TAKE FURTHER NOTICE** that on February 23, 2010, the Bankruptcy Court entered an order (the "Bidding Procedures Order"): (i) approving bid procedures, in the form annexed hereto as Exhibit A (the "Bidding Procedures"), in connection with the Sale of substantially all of the Debtors' assets, including the stock of Spheris India; (ii) scheduling a hearing to consider the sale of such assets; (iii) approving the form and manner of notice thereof; (iv) approving the break-up fee and expense reimbursement provisions of the Stalking Horse Purchase Agreement; and (v) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Bidding Procedures Order, an auction (the "Auction") with respect to the Purchased Assets is scheduled to occur on **April 13, 2010, at 9:00 a.m. (prevailing Eastern Time)** at the offices of Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019.

**PLEASE TAKE FURTHER NOTICE** that only those parties that have submitted Qualified Bids (as defined in the Bidding Procedures) by no later than **April 8, 2010 at 12:00**

---

[1]     The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Spheris Inc. (5254); (ii) Spheris Holding II, Inc. (7969); (iii) Spheris Canada Inc. (9757); (iv) Spheris Leasing LLC (4780); (v) Spheris Operations LLC (1371); and (vi) Vianeta Communications (1121). The Debtors' executive headquarters are located at 9009 Carothers Parkway, Suite C-3, Franklin, Tennessee 37067.

[2]     All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

noon (**prevailing Eastern Time**) (the "Bid Deadline") may participate in the Auction. Any party that wishes to take part in this process and submit a bid for the Purchased Assets must submit its competing bid prior to the Bid Deadline and in accordance with the Bidding Procedures. **The Debtors reserve the right to remove any of the Purchased Assets from the Auction if, in its business judgment, it believes that value may be maximized through an alternative disposition, including the private sale, lease termination, or rejection, of the relevant Purchased Assets. Any such alternative disposition, including the private sale, lease termination, or rejection, of the relevant Purchased Assets, may be presented to the Court for approval at the Sale Hearing.**

    **PLEASE TAKE FURTHER NOTICE** that the Court also scheduled a hearing to consider approval of the sale of the Purchased Assets to the Successful Bidder or, alternatively, to the Back Up Bidder (as such terms are defined in the Bidding Procedures), or to approve the Stalking Horse Purchase Agreement if no Auction is held, before the Honorable Kevin Gross, United States Bankruptcy Judge, 824 N. Market Street, Wilmington, Delaware 19801, on **April 15, 2010 at 10:00 a.m. (prevailing Eastern Time)** (the "Sale Hearing"), or at such other time thereafter as counsel and interested parties may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

    **PLEASE TAKE FURTHER NOTICE** that any objections to the sale of the Purchased Assets shall: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (c) be filed with the Clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, **on or before 4:00 p.m. (prevailing Eastern Time) on April 7, 2010,**[3] or such later date and time as the Debtor may agree; and (d) be served so as to be received **no later than 4:00 p.m. (prevailing Eastern Time)** on the same day, to: (i) the Debtors, 9009 Carothers Parkway, Suite C-3, Franklin, Tennessee 37067 (Attn: Robert Butler); (ii) co-counsel to the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019-6099 (Attn: Michael J. Kelly, Esq. and Shaunna D. Jones, Esq.) and (b) Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Robert S. Brady, Esq. and Matthew B. Lunn, Esq.); (iii) financial advisors to the Debtors, Jefferies & Company, Inc., 1050 Winter Street, Waltham, Massachusetts (Attn: Jason Auerbach and Jasson S. Cohen); (iv) co-counsel to Ableco Finance LLC as collateral agent for the prepetition lenders and Ableco L.L.C. as collateral agent for the DIP lenders, (a) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. and Lawrence V. Gelber, Esq.), and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, P.O. Box 2087, Wilmington, Delaware 19899 (Attn: Adam G. Landis, Esq.); and (v) co-counsel to the official committee of unsecured creditors, (a) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Elizabeth McColm, Esq., Andrew

---

[3]     The Committee shall file objections to the sale of the Purchased Assets, if any, on or before April 14, 2010 at 4:00 p.m. (prevailing Eastern Time).

N. Rosenberg, Esq., and Jacob A. Adlerstein, Esq.), and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Russell C. Silberglied, Esq.). All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that this Notice of Auction and Sale Hearing is subject to the terms and conditions of the Bidding Procedures Order and the Bidding Procedures, which shall control in the event of any conflict. The Debtors encourage parties in interest to review such documents in their entirety. Additionally, copies of the Motion, the Bidding Procedures, and the Bidding Procedures Order may be obtained by written request to the Debtors' claims agent, The Garden City Group, Inc., 105 Maxess Road, Melville, New York 11747, or by accessing http://www.gardencitygroup.com/cases/spheris/. In addition, copies of the aforementioned pleadings may be found on the Bankruptcy Court's website, www.deb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801.

*The remainder of this page is intentionally left blank.*

Dated: February [__], 2010
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

Robert S. Brady (No. 2847)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

WILLKIE FARR & GALLAGHER LLP
Michael J. Kelly
Shaunna D. Jones
Elizabeth K. Horowitz
787 Seventh Avenue
New York, New York 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*[Proposed] Co-Counsel to the Debtors
and Debtors in Possession*

# SCHEDULE 3

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- x
In re                                    :        Chapter 11
                                         :
Spheris Inc., et al.,                    :        Case No. 10-10352 (KG)
                                         :
                  Debtors.               :        Jointly Administered
                                         :
-------------------------------------------------------- x

## NOTICE OF ASSUMPTION AND ASSIGNMENT OF AGREEMENTS

**PLEASE TAKE NOTICE** that, on February 3, 2010, the debtors and debtors in possession in the above-captioned cases (the "<u>Debtors</u>")[1] filed a Motion for Orders: (I) Approving Bid Procedures in Connection with Sale of Substantially All of Debtors' Assets; (II) Scheduling Hearing to Consider Sale of Assets; (III) Approving Form and Manner of Notice Thereof; (IV) Approving Break-Up Fee and Expense Reimbursement; and (V) Granting Related Relief (the "<u>Motion</u>") with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"). The Debtors seek to sell their assets free and clear of all liens, claims, encumbrances, and other interests pursuant to section 363 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), except as set forth in the Stalking Horse Purchase Agreement.[2]

**PLEASE TAKE FURTHER NOTICE** that on February 23, 2010, the Bankruptcy Court entered an order (the "<u>Bidding Procedures Order</u>"): (i) approving bid procedures, in the form annexed hereto as <u>Exhibit A</u> (the "<u>Bidding Procedures</u>"), in connection with the Sale of substantially all of the Debtors' assets, including the stock of Spheris India; (ii) scheduling a hearing to consider the sale of such assets; (iii) approving the form and manner of notice thereof; (iv) approving the break-up fee and expense reimbursement provisions of the Stalking Horse Purchase Agreement; and (v) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that the Court also scheduled a hearing to consider approval of the Sale of the Purchased Assets to the Successful Bidder or, alternatively, to the Back-Up Bidder (as such terms are defined in the Bidding Procedures), or to approve the Stalking Horse Purchase Agreement if no Auction is held, before the Honorable Kevin Gross, United States Bankruptcy Judge, 824 N. Market Street, Wilmington, Delaware 19801 on **April 15, 2010 at 10:00 a.m. (prevailing Eastern Time)** (the "<u>Sale Hearing</u>"), or at such other time thereafter as counsel and interested parties may be heard. The Sale Hearing may be adjourned from time to time without

---

[1]  The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Spheris Inc. (5254); (ii) Spheris Holding II, Inc. (7969); (iii) Spheris Canada Inc. (9757); (iv) Spheris Leasing LLC (4780); (v) Spheris Operations LLC (1371); and (vi) Vianeta Communications (1121). The Debtors' executive headquarters are located at 9009 Carothers Parkway, Suite C-3, Franklin, Tennessee 37067.

[2]  All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bidding Procedures Order, annexed hereto as Exhibit B is the list of Executory Contracts and Unexpired Leases and the Debtors' calculation of the undisputed cure amounts that it believes must be paid in order to cure all defaults under the Executory Contracts and Unexpired Leases (the "Cure Amounts"), as of the date of this notice (the "Notice") which the Debtors currently propose to assume and assign as part of the Sale. If zero or no amount is listed on Exhibit B, the Debtors believe that there is no Cure Amount, as of the date of this Notice (the "Cure Date"). In addition, if the Debtors identify additional Executory Contracts or Unexpired Leases that might be assumed by the Debtors and assigned to Purchasers not set forth in this Notice, the Debtors shall promptly send a supplemental notice (a "Supplemental Notice of Assumption and Assignment") to the applicable counterparties to such additional Executory Contracts and Unexpired Leases.

**PLEASE TAKE FURTHER NOTICE** that any objections by the non-debtor party to an Executory Contract or Unexpired Lease (a "Cure Amount/Assignment Objection") to (a) the Cure Amounts set forth on Exhibit B hereto, and/or (b) the proposed assumption, assignment, and/or transfer of an Executory Contract or Unexpired Lease (including the transfer of any related right or benefit thereunder) to the Purchasers or to any other Potential Bidder, must set forth the prepetition cure amount being claimed by the objecting party (the "Claimed Cure Amount") with appropriate documentation in support thereof, and/or state with specificity the nature of the objection, by the later of (i) 4:00 p.m. (prevailing Eastern Time) on March 22, 2010, or (ii) ten (10) days after service of the Supplemental Notice of Assumption and Assignment (collectively, the "Cure/Assignment Objection Deadline"), and any such copy of the Cure Amount/Assignment Objection is to be served no later than the Cure/Assignment Objection Deadline on the same day to: (i) the Debtors, 9009 Carothers Parkway, Suite C-3, Franklin, Tennessee 37067 (Attn: Robert Butler); (ii) co-counsel to the Debtors, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019 (Attn: Michael J. Kelly, Esq. and Shaunna D. Jones, Esq.) and (b) Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn: Robert S. Brady, Esq. and Matthew B. Lunn, Esq.); (iii) co-counsel to the agent for the prepetition lenders, (a) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq. and Lawrence V. Gelber, Esq.) and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, P.O. Box 2087, Wilmington, Delaware 19899 (Attn: Adam G. Landis, Esq.); (iv) co-counsel to the official committee of unsecured creditors, (a) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Elizabeth McColm, Esq., Andrew N. Rosenberg, Esq., and Jacob A. Adlerstein, Esq.) and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Russell C. Silberglied, Esq.); and (v) the Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801 (Attn: Richard L. Schepacarter, Esq.). Cure Amount/Assignment Objections with respect to any Notice of Assumption and Assignment of Agreements that is served on or before the Initial Cure Notice Deadline, shall be heard on April 12, 2010 at 10:00 a.m. (prevailing Eastern Time), unless the Debtors, the Agent, the Committee and all Qualified Bidders agree otherwise or the Court orders otherwise.

**PLEASE TAKE FURTHER NOTICE** that the Debtors intend to proceed with the Sale Hearing irrespective of whether any Cure Amount/Assignment Objections remain unresolved or undetermined at the time of the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that unless a non-debtor party files a Cure/Amount Assignment Objection, then such non-debtor party will (i) be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Executory Contract and Unexpired Lease as of the Cure Date and the Debtors shall be entitled to rely solely upon the Cure Amount, and (ii) be deemed to have consented to the assumption, assignment and/or transfer of such Executory Contract and Unexpired Lease (including the transfer of any related right or benefit thereunder) either to the Purchasers or a Purchaser Designee or to any other Potential Bidders (other than the issue of adequate assurance of future performance with respect to any Potential Bidder other than the Purchaser or Purchaser Designee), and shall be forever barred and estopped from asserting or claiming against the Debtors, the Purchasers, the Purchaser Designee, or any other Successful Bidder or any other assignee of the relevant Executory Contract or Unexpired Lease that any additional amounts are due or defaults exist, or conditions to assumption, assignment, and/or transfer must be satisfied under such Executory Contract or Unexpired Lease, or that any related benefit under such Executory Contract or Unexpired Lease cannot or will not be available to any Potential Bidder, including the Purchasers or Purchaser Designees. With respect to any party who has timely filed a Cure Amount/Assignment Objection in accordance with the Bidding Procedures Order, nothing in the Bidding Procedures Order and/or this Notice of Assumption and Assignment of Agreements shall (i) operate to waive or impair any rights, claims or defenses of any and all non-debtor counterparties to any Executory Contract or Unexpired Lease, or (ii) shall be deemed to be a determination, finding or adjudication that any Executory Contract or Unexpired Lease, or any rights or benefits thereunder, are or may be assumed, assigned, transferred, delegated or otherwise made available for the benefit of any entity, pursuant to section 365 of the Bankruptcy Code or otherwise, without the consent of the non-debtor counterparty to such Executory Contract or Unexpired Lease.

**PLEASE TAKE FURTHER NOTICE** that upon receipt of a timely Cure Amount/Assignment Objection based on a Claimed Cure Amount, the Debtors may, in their sole discretion, hold an amount equal to the Claimed Cure Amount in reserve pending further order of the Court or agreement between the Debtors and the objecting party. So long as the Debtors hold the Claimed Cure Amount in reserve, the Debtors may assume, assign and/or transfer the Executory Contract or Unexpired Lease that is the subject of the objection without further delay, unless such Cure Amount/Assignment Objection claims that the applicable Executory Contract or Unexpired Lease may not be assumed or assigned for reasons other than or in addition to the adequacy or inadequacy of the Cure Amount.

**PLEASE TAKE FURTHER NOTICE** that the Debtors shall serve a notice of all potential bidders that submitted a bid prior to the Bid Deadline (with the exception of Purchasers) no later than **April 9, 2010** on all non-debtor parties to Executory Contracts or Unexpired Leases (the "Potential Bidder Notice"). The non-debtor parties to the Executory Contracts and Unexpired Leases will have until **5:00 p.m. on April 12, 2010** (the "Adequate Assurance Objection Deadline") to file a contingent objection to the assumption, assignment and/or transfer of such Executory Contract and Unexpired Lease solely on the issue of whether any of the Potential Bidders can

provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that only in the event that the Purchasers are not the Successful Bidder for the Purchased Assets and the Spheris India Capital Stock and those Executory Contracts and Unexpired Leases identified in this Notice, the Debtors shall serve a notice identifying the Successful Bidder to the non-debtor parties to the Executory Contracts and Unexpired Leases that have been identified in such Successful Bid no later than **April 14, 2010.**

**PLEASE TAKE FURTHER NOTICE** that the Debtors, the Purchasers, or the other Successful Bidder, as the case may be, may determine to exclude any Executory Contract or Unexpired Lease (an "Excluded Contract") from the list of Purchased Assets no later than **April 13, 2010.** The non-debtor party or parties to any such Excluded Contract will be notified of such exclusion by written notice mailed within two (2) business days of such determination.

.Dated: February [___], 2010

Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Robert S. Brady (No. 2847)
Matthew B. Lunn (No. 4119)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

WILLKIE FARR & GALLAGHER LLP
Michael J. Kelly
Shaunna D. Jones
Elizabeth K. Horowitz
787 Seventh Avenue
New York, New York 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*[Proposed] Co-Counsel to the Debtors
and Debtors in Possession*