IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re : Chapter 11
:
Spheris Inc., et al., : Case No. 10-10352 (KG)
:
: Jointly Administered
Debtors.[1] :
: Re: Docket No. 22
:
---------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING, EFFECTIVE AS OF THE PETITION DATE, (I) THE AGREEMENT WITH CAPSTONE ADVISORY GROUP, LLC TO PROVIDE ROBERT L. BUTLER TO SERVE AS DEBTORS' CHIEF RESTRUCTURING OFFICER; AND (II) THE EMPLOYMENT OF MR. BUTLER AND ADDITIONAL PERSONNEL**

Upon consideration of the motion (the "Motion") of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for entry of an order pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") authorizing and approving (i) the agreement with Capstone Advisory Group, LLC, a copy of which is annexed as Exhibit A to the Motion (the "Capstone Agreement"), pursuant to which Capstone Advisory Group, LLC ("Capstone") has agreed to provide Mr. Robert L. Butler to serve as the Debtors' Chief Restructuring Officer (the "CRO") and additional personnel (collectively, the "Additional Personnel"); and (ii) the employment of Mr. Butler as CRO and the Additional Personnel; and due and adequate notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of these estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Spheris Inc. (5254); (ii) Spheris Holding II, Inc. (7969); (iii) Spheris Canada Inc. (9757); (iv) Spheris Leasing LLC (4780); (v) Spheris Operations LLC (1371); and (vi) Vianeta Communications (1121). The Debtors' executive headquarters are located at 9009 Carothers Parkway, Suite C-3, Franklin, Tennessee 37067.

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is hereby granted to the extent set forth herein.

2. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3. Pursuant to sections 105 and 363 of the Bankruptcy Code, the Capstone Agreement and the Indemnification Agreement, as modified by this Order, are hereby approved effective as of the Petition Date.

4. Effective as of the Petition Date, the Debtors are authorized to employ (a) Mr. Butler as the Debtors' CRO and (b) the Additional Personnel, including any additional employees as set forth in the Capstone Agreement and the Indemnification Agreement, subject to the following:

   a) Capstone and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

   b) In the event the Debtors seek to have Capstone personnel assume executive officer positions (the "Executive Officers") other than Mr. Butler or to materially change the terms of the Capstone Agreement by either (i) modifying the functions of personnel, (ii) adding Executive Officers, or (iii) altering or expanding the scope of the Capstone Agreement, a motion to modify the retention shall be filed.

   c) No principal, employee, or independent contractor of Capstone and its affiliates shall serve as a director of any of the Debtors during the pendency of the Debtors' chapter 11 cases.

   d) Capstone shall file with the Court, and provide notice to the United States Trustee and counsel for the Official Committee of Unsecured Creditors (the "Committee"), reports of compensation earned and expenses incurred on a monthly basis (collectively, "Fee Statements"). Such Fee Statements shall contain summary charts which describe the services provided, identify the compensation earned by each Executive Officer and Additional Personnel provided, and itemize the expenses incurred. Time records shall (i) be appended to the Fee Statements, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent

completing each task in one-tenth (.1) hour increments and the corresponding charge (time multiplied by hourly rate) for each task. Where personnel are providing services at a flat rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed. Objections, unless extended by agreement of the parties, shall be filed on or before twenty (20) days after the filing and service of a Fee Statement.

e) With the Fee Statement, Capstone shall file a report of staffing on the engagement for the month or months that are the subject of each respective Fee Statement (collectively, the "Staffing Reports"). Staffing Reports shall include the names and functions filled by the Capstone personnel assigned to the engagement with the Debtors. Staffing Reports shall be subject to review by the Court in the event an objection is filed on or before the applicable deadline for the corresponding Fee Statement.

f) The Debtors are permitted to indemnify those persons serving as Executive Officers on the same terms as provided to the Debtors' other officers and directors under the corporate by-laws and applicable state law, along with insurance coverage under the Debtors' D&O insurance policy. Notwithstanding the foregoing, the Debtors are authorized and directed to reimburse Capstone for all costs (as an out-of-pocket expense under the Capstone Agreement) incurred by Capstone in procuring insurance coverage for Mr. Butler and any other Additional Personnel eligible to be indemnified under the Debtors' respective by-laws, certificates of incorporation, and other applicable organizational documents, if first dollar D&O insurance coverage of at least $10 million is not available under the Debtors' current D&O insurance policies.

g) There shall be no indemnification of Capstone, its affiliates, or non-officer employees of Capstone.

h) For a period of three (3) years after the conclusion of the engagement, neither Capstone nor its affiliates shall make any investments in the Debtors or the reorganized debtors.

i) Capstone shall disclose any and all facts that may have a bearing on whether Capstone, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest.

5. Except as otherwise provided in paragraph 4(b) of this Order, the Capstone Agreement and any related agreements, documents, or other instruments may be modified, amended,

3

or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment, or supplement shall have no material adverse effect on the Debtors' estates or their creditors.

6. Notwithstanding Rules 6004 and 7062 of the Federal Rules of Bankruptcy Procedure, this Order shall be effective and enforceable by its terms immediately upon entry.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
MARCH 2, 2010

*[signature]*
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE