IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re: : Chapter 11
:
Spheris Inc., et al., : Case No. 10-10352 (KG)
: Jointly Administered
:
Debtors.[1] : Re: Docket No. 59
------------------------------------------------------------x

## ORDER AUTHORIZING AND APPROVING, EFFECTIVE AS OF THE PETITION DATE, THE (I) EMPLOYMENT AND RETENTION OF JEFFERIES & COMPANY, INC. AS FINANCIAL ADVISOR AND INVESTMENT BANKER AND (II) WAIVER OF CERTAIN INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2

Upon consideration of the Application (the "Application")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for an order, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing and approving, effective as of the petition date, the (i) employment and retention of Jefferies & Company, Inc. ("Jefferies") as financial advisor and investment banker to the Debtors on the terms and conditions set forth in the Engagement Letter,[3] as modified by this

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Spheris Inc. (5254); (ii) Spheris Holding II, Inc. (7969); (iii) Spheris Canada Inc. (9757); (iv) Spheris Leasing LLC (4780); (v) Spheris Operations LLC (1371); and (vi) Vianeta Communications (1121). The Debtors' executive headquarters are located at 9009 Carothers Parkway, Suite C-3, Franklin, Tennessee 37067.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Application.

[3] The Debtors and Jefferies executed an amendment to the Engagement Letter, effective as of February 9, 2010, extending the termination date set forth therein by six months, through and including August 9, 2010.

Order, between the Debtors and Jefferies <u>nunc pro tunc</u> to the commencement of these cases and (ii) waiving certain of the requirements of Local Rule 2016-2, and upon consideration of the Application and all pleadings related thereto, including the Affidavit of Robert L. Butler, Chief Restructuring Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings, and due and sufficient notice of the Application having been given, and no other or further notice is necessary, and the Court being satisfied that Jefferies is a "disinterested person" as such term is defined under section 101(14), as modified by section 1107(b), of the Bankruptcy Code, and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is granted to the extent set forth herein.

2. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain Jefferies as financial advisor and investment banker under the terms of the Engagement Letter, as modified by the Order, and to pay fees to Jefferies on the terms and at the times specified in the Engagement Letter; <u>provided, however</u>, that the relief requested in the Application pertaining solely to the approval of the Restructuring Fee (as defined in the Engagement Letter) payable in the event of consummation of a plan of reorganization for the Debtors (the "<u>Plan Restructuring Fee</u>") shall be considered at a hearing before this Court on March 25, 2010 at 11:00 a.m. (prevailing Eastern Time); <u>provided further</u>, that only the Committee shall be entitled to object to approval of the Plan Restructuring Fee, provided, that any such objection be filed and served on counsel to the Debtors and Jefferies on or prior to March 18, 2010 at 4:00 p.m. (prevailing Eastern Time).

3. Jefferies will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court.

4. Notwithstanding the prior paragraph, the fees payable to Jefferies pursuant to the Engagement Letter shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standards set forth in section 330 of the Bankruptcy Code, except that the U.S. Trustee shall retain the right to object to the fees payable pursuant to subparagraphs 4(b), 4(c) and 4(d), and 4(e) of the Engagement Letter based on the reasonableness standard provided for in section 330 of the Bankruptcy Code. Nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of any fees payable pursuant to subparagraphs 4(b), 4(c) and 4(d), and 4(e) of the Engagement Letter.

5. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court, or any guidelines regarding submission and approval of fee applications, Jefferies and its professionals shall not be required to bill activities in one-tenths (.1) of an hour or to provide or conform to any schedule of hourly rates; provided, however, that Jefferies shall maintain reasonably detailed time records describing their general daily activities, the identity of persons who performed such services, and the estimated amount of time expended on such activities on a daily basis.

6. The Indemnification Provisions of the Engagement Letter are approved, subject to the following modifications:

>   a. Subject to the provisions of subparagraphs (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, Jefferies, in

3

accordance with the Engagement Letter, for any claim arising from, related to, or in connection with their performance of the services described in the Engagement Letter;

b.    Jefferies shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court;

c.    Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from that person's gross negligence or willful misconduct or (ii) for a contractual dispute in which the Debtors allege breach of Jefferies' obligations under the Engagement Letter or (iii) settled prior to a judicial determination as to that person's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order; and

d.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Jefferies believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Jefferies must file an application before this Court, and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Jefferies.

7.    Notwithstanding any provision of the Engagement Letter to the contrary, to the extent this Court has jurisdiction over any matters arising out of or related to the Engagement Letter, such matter shall be heard in this court.

4

8. To the extent this Order is inconsistent with any prior order or pleading with respect to the Application in these cases or the Engagement Letter, the terms of this Order shall govern.

9. Notwithstanding the possible applicability of Rules 6004(h), 7062, and 9014 of the Bankruptcy Rules, or otherwise, the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction over any matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
March **2**, 2010

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

DB02:9266015.3　　　　　　　　　　　　　　　　　　　　　　　　　　068920.1001