UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---

In re:                                           : Case No. 10-10352 (KG)
                                                 :
SPHERIS INC., et al.,[1]                         : Chapter 11
                                                 : Jointly Administered
                    Debtors.                     :
                                                 : **Hearing Date: March 25, 2010 at 11:00 a.m. (EDT)**
                                                 : **Obj. Deadline: March 18, 2010 at 4:00 p.m. (EDT)**

---

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SPHERIS INC., ET AL., PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103, FED. R. BANKR. P. 2014 AND 5002, AND LOCAL R. 2014-1, FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC. AS INVESTMENT BANKER AND FINANCIAL ADVISOR, *NUNC PRO TUNC*, TO FEBRUARY 17, 2010

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Spheris Inc. ("Spheris") and its affiliated debtors (collectively, the "Debtors") hereby files this application (the "Application") seeking entry of an order authorizing the Creditors' Committee to retain and employ Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan Lokey"), nunc pro tunc to, and effective as of, February 17, 2010, as investment banker and financial advisor to the Creditors' Committee in the above-captioned cases, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Application, the Creditors' Committee submits the Declaration of Adam L. Dunayer, attached

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: (i) Spheris Inc. (5254); (ii) Spheris Holding II, Inc. (7969); (iii) Spheris Canada Inc. (9757); (iv) Spheris Leasing, LLC (4780); (v) Spheris Operations LLC (1371); and (vi) Vianeta Communications (1121). The Debtors' executive headquarters are located at 9009 Carothers Parkway, Suite C-3, Franklin, Tennessee 37067.

hereto as "Exhibit B" (the "Dunayer Declaration") and incorporated by reference herein. In further support of the Application, the Creditors' Committee respectfully represents as follows:

## I. BACKGROUND

1. On February 3, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On Febuary 17, 2010, the United States Trustee appointed the Creditors' Committee and designated the following three members: (i) The Bank of New York Mellon, as Indenture Trustee; (ii) ZM Private Equity Fund I, L.P.; and (iii) Bennett Restructuring Fund, L.P.

3. No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1.

## III. RELIEF REQUESTED

5. By this Application, the Creditors' Committee requests that the Court enter an order (i) authorizing the Creditors' Committee to retain Houlihan Lokey as its investment banker and financial advisor, for the purpose of advising the Creditors' Committee during all phases of

the Debtors' chapter 11 cases, pursuant to the terms of the agreement, dated February 17, 2010, attached hereto as "Exhibit A" (the "Engagement Letter"), which is incorporated herein by reference, and (ii) granting a waiver of compliance with the information requirements relating to compensation requests set forth in Local Rule 2016-2(d), to the extent requested herein.

6. The Creditors' Committee brings this Application because of the critical importance of an investment banker and financial advisor to assist in the performance of its duties. The Creditors' Committee believes that Houlihan Lokey is well qualified to provide those advisory services and that the terms of its retention are reasonable.

## IV. BASIS FOR RELIEF

### A. Houlihan Lokey's Qualifications

7. Houlihan Lokey is a nationally recognized investment banking and financial advisory firm with 13 offices worldwide and more than 800 professionals. Houlihan Lokey provides investment banking and financial advisory services and execution capabilities in a variety of areas, including financial restructuring, where Houlihan Lokey is one of the leading investment banks in the country. In addition to financial restructuring, Houlihan Lokey has corporate finance and financial advisory services practices. Houlihan Lokey's financial restructuring group is one of the leading advisors to debtors, bondholder groups, secured and unsecured creditors, acquirors, and other parties-in-interest involved in financially distressed companies, both in and outside of bankruptcy. Houlihan Lokey's financial restructuring group, which has over 130 professionals dedicated to such engagements, will be providing the agreed-upon financial advisory services to the Creditors' Committee.

8. The Creditors' Committee believes that Houlihan Lokey possesses extensive knowledge and expertise in the areas of relevant to these chapter 11 cases, and that Houlihan Lokey is well qualified to represent the Creditors' Committee in these chapter 11 cases. Since December 8, 2009, Houlihan Lokey has advised and represented one member of the Creditors'

Committee and another bondholder as an ad hoc committee (the "Ad Hoc Committee"). Houlihan Lokey's representation of the Ad Hoc Committee ceased upon being retained by the Committee. The Creditors' Committee has selected Houlihan Lokey as its investment banker and financial advisor based on Houlihan Lokey's expertise in bankruptcy matters and business reorganizations, and based upon Houlihan Lokey's significant familiarity with the Debtors, their affairs and debt structure.

9. Houlihan Lokey has served as financial advisor in some of the largest and most complex restructuring matters in the United States, including serving as the financial advisor to the debtors in the chapter 11 proceedings of, among others, Buffets Holdings, Inc., XO Communications, Inc., NII Holdings, Inc. (Nextel International), Covad Communications, Inc. and AmeriServe Food Distribution, Inc., and as the financial advisor to the official creditors' committees in the chapter 11 proceedings of Lehman Brothers Holdings, Inc., Worldcom, Inc., Enron Corp., Williams Communications Group, Inc., Refco Inc., Mirant Corp., and NRG Energy Corp.

10. In light of the size and complexity of the Debtors' chapter 11 cases, the Creditors' Committee requires the services of a seasoned and experienced financial advisor that is familiar with the Debtors' businesses and operations and the chapter 11 process. The Creditors' Committee believes that Houlihan Lokey is well qualified to provide its services in a cost-effective, efficient and timely manner. Houlihan Lokey will coordinate with the other retained professionals in the chapter 11 cases to eliminate unnecessary duplication or overlap of work. The Creditors' Committee submits that the employment and retention of Houlihan Lokey would be in the best interest of the Debtors, their estates and their creditors.

**B.     Services To Be Rendered**

11. As further set forth in the Engagement Letter, the Creditors' Committee has requested that Houlihan Lokey serve as its financial advisor and investment banker during the

Debtors' chapter 11 cases to perform the following services for the Creditors' Committee:[2]

    a) Analyzing business plans and forecasts of the Debtors;

    b) Evaluating the assets and liabilities of the Debtors;

    c) Assessing the financial issues and options concerning (i) the sale of the Debtors, either in whole or in part, and (ii) the Debtors' chapter 11 plan(s) of reorganization or liquidation or any other chapter 11 plan(s);

    d) Analyzing and reviewing the financial and operating statements of the Debtors;

    e) Providing such financial analyses as the Creditors' Committee may require in connection with the Cases;

    f) Assisting in the determination of an appropriate capital structure for the Debtors;

    g) Assisting with a review of the Debtors' employee benefit programs, including key employee retention, incentive, pension and other post-retirement benefit plans;

    h) Analyzing strategic alternatives available to the Debtors;

    i) Evaluating the Debtors' debt capacity in light of its projected cash flows;

    j) Assisting in the review of claims and with the reconciliation, estimation, settlement, and litigation with respect thereto;

    k) Assisting the Creditors' Committee in identifying potential alternative sources of liquidity in connection with any debtor-in-possession financing, any chapter 11 plan(s) or otherwise;

    l) Representing the Creditors' Committee in negotiations with the Debtors and third parties with respect to any of the foregoing;

    m) Providing testimony in court on behalf of the Creditors' Committee with respect to any of the foregoing, if necessary; and

    n) Providing such other financial advisory and investment banking services as may be agreed upon by Houlihan Lokey and the Creditors' Committee.

    12. The Creditors' Committee hereby requests that the Court approve Houlihan Lokey's retention <u>nunc pro tunc</u> to February 17, 2010. This is appropriate because, since that date, Houlihan Lokey has been providing critical services to the Creditors' Committee, including

---

[2] Capitalized terms not defined herein shall have the meanings set forth in the Engagement Letter. The description of Houlihan Lokey's engagement set forth herein is intended solely to provide a summary. In the event of any inconsistency between this summary and the Engagement Letter, then the Engagement Letter shall control.

reviewing extensive operating information, meeting with the Debtors' advisors, analyzing various issues confronting the Debtors and communicating with the Creditors' Committee regarding such matters.

### C. Terms of Houlihan Lokey's Engagement

13. On January 26, 2010, Houlihan Lokey received a prepetition non-refundable cash fee from the Debtors in connection with its representation of the Ad Hoc Committee in the amount of $150,000. In addition, Houlihan Lokey received an expense deposit of $25,000 to cover all reasonable fees.[3]

14. As described more fully in the Engagement Letter, Houlihan Lokey will be entitled to receive, as compensation for its services:

a) *Monthly Fee.* A Monthly Fee of $150,000, 100% of the first two Monthly Fees shall be credited against the Deferred Fee;

b) *Deferred Fee.* Deferred Fee equal to $1,000,000 earned and payable upon the earlier of (i) confirmation of a chapter 11 plan of reorganization or liquidation with respect to the Debtors or (ii) the disposition of substantially all of the assets or operations of the Debtors; and

c) *Expenses.* Reimbursement for reasonable out-of-pocket expenses incurred from time to time in connection with its services hereunder, promptly after invoicing the Debtors therefore including, without limitation, the fees and disbursements of Houlihan Lokey's counsel, travel related expenses and research, database and similar information charges paid to third party vendors.

15. Additionally, as set forth in the Engagement Letter, the Debtors shall indemnify and hold Houlihan Lokey harmless from and against any and all losses, claims, damages or liabilities in connection with the engagement, except to the extent they arise as a result of any gross negligence or willful misconduct on the part of Houlihan Lokey in the performance of its services.

---

[3] Pursuant to its prepetition agreement with the Debtors, Houlihan Lokey will return to the Debtors any portion of the expense deposit not applied to expenses incurred prior to the termination of such agreement.

16. As set forth more fully in the Dunayer Declaration, the terms of the engagement are similar to the terms, both financial and otherwise, agreed to by Houlihan Lokey and other financial advisors and investment bankers in similar engagements, both in and outside of bankruptcy. The terms of the Engagement Letter were negotiated at arm's-length between the Creditors' Committee and Houlihan Lokey, and reflect the extensive work to be performed by Houlihan Lokey and the firm's advisory expertise.

17. Additionally, in the ordinary course of its business, Houlihan Lokey subcontracts with firms and individuals that provide specialized industry operational expertise, including Mr. Gordon "Stonie" Glenn. Houlihan Lokey has requested that Mr. Glenn provide assistance on this engagement with respect to operational due diligence specific to the healthcare technology industry. Mr. Glenn would provide such services for a fixed fee of $25,000 per month. Mr. Glenn will bill Houlihan Lokey and Houlihan Lokey will seek reimbursement for the amounts billed by Mr. Glenn as an expense. Mr. Glenn has reviewed his current and former representations and has determined that he does not hold or represent any interest adverse to the estate.

### D. Disinterestedness Of Professionals

18. As set forth in more detail in the Dunayer Declaration, and subject to the disclosures made therein, Houlihan Lokey is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, such that none of Houlihan Lokey, its officers, directors, managers, members, partners and employees:

a) is a creditor, an equity security holder or an insider of the Debtors;

b) is or was, within 2 years before the Petition Date, a director, officer, or employee of the Debtors; and

c) has an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors or for any other reason.

19. Houlihan Lokey conducted a review of its professional contacts for all entities described in the Dunayer Declaration. The firm's review, completed under the supervision of the firm's compliance department, consisted of queries of an internal computer database containing names of individuals and entities that are present or recent and former clients of Houlihan Lokey in order to identify potential relationships. A summary of such present or recent representations that Houlihan Lokey was able to locate using its reasonable efforts is reflected in Exhibit 2 of the Dunayer Declaration.

20. Further, as part of its diverse practice, Houlihan Lokey appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' cases. Also, Houlihan Lokey has performed in the past, and may perform in the future, financial advisory and investment banking services for various attorneys and law firms in the legal community, and Houlihan Lokey and its employees have been represented by several attorneys and law firms in the legal community, some of whom are or may become involved in these proceedings. In addition, Houlihan Lokey has in the past, may currently and will likely in the future be working with or against other professionals involved in this case in matters unrelated to the Debtors and this case. Based upon the Dunayer Affidavit, none of these business relationships creates interests materially adverse to the Debtors herein in matters upon which Houlihan Lokey is to be employed, and none is in connection with these chapter 11 cases.

21. Furthermore, except as disclosed in the Dunayer Declaration and below, Houlihan Lokey has indicated that based on the results of its computer database research conducted to date, and to the best of its knowledge, neither Houlihan Lokey, nor any employee thereof, has any connection with the Debtors, their creditors, equity holders, or any other parties-in-interest

(as reasonably known to Houlihan Lokey) or their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee.

22. Houlihan Lokey researched its client database to determine its connections (if any) with the following entities:

    a) The Debtors and their affiliates;

    b) The Debtors' shareholders holding 5% or more of the Debtors' equity securities;

    c) The Debtors' officers and directors;

    d) The Debtors' professionals;

    e) The Debtors' financing providers;

    f) The Debtors' bondholders as represented by the Debtors;

    g) Other general unsecured creditors on the Debtors' list of thirty largest creditors;

    h) The Debtors' potential acquirers based on participation in the Company's prepetition M&A process;

    i) The United States Trustee for the District of Delaware; and

    j) Creditors' Committee members.

23. Also, in accordance with section 504 of the Bankruptcy Code, Houlihan Lokey has informed the Creditors' Committee that there is no agreement or understanding between Houlihan Lokey and any other entity, other than an employee of Houlihan Lokey, for the sharing of compensation received or to be received for services rendered in connection with the chapter 11 cases.

24. If Houlihan Lokey discovers any information that is contrary to or pertinent to the statements made in the Dunayer Declaration, Houlihan Lokey will promptly disclose such information to this Court, creditors of the Debtors and the United States Trustee.

### E. Retention Under Section 328(a) Of The Bankruptcy Code Is Appropriate

25. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a creditors' committee "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 328(a) of the Bankruptcy Code reflects a significant departure from prior bankruptcy practice related to the compensation of professionals, as it permits the compensation of professionals, including investment bankers and financial advisors, on more flexible terms that reflect the nature of their services and market conditions. As the United States Court of Appeals for the Fifth Circuit recognized in In re National Gypsum Co., 123 F.3d 861, 862 (5th Cir. 1997) (citations omitted):

> Prior to 1978, the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present Section 330 of the Bankruptcy Code, which provides that the court award to professional consultants the reasonable compensation based on relevant factors of time and comparable costs, etc. Under present Section 328, the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or Creditors' Committee).

26. Section 328(a) of the Bankruptcy Code provides courts with inherent flexibility to approve alternative fee structures to the customary hourly rate. The fee structure for this engagement is similar to the fee arrangement approved by bankruptcy courts throughout the United States under section 328(a) of the Bankruptcy Code.

27. Pursuant to section 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Orders of this Court, Houlihan Lokey will apply to the Court for the interim and final allowance of compensation and reimbursement of expenses.

### F. Waiver of Compliance With Requirements Regarding Time Entry Detail

28. Consistent with its ordinary practice and the practice of investment bankers and financial advisors in other chapter 11 cases whose fee arrangements are typically not hours-based, Houlihan Lokey does not ordinarily maintain contemporaneous time records in one-tenth hour increments or provide or conform to a schedule of hourly rates for its professionals. Houlihan Lokey will maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services in these cases. As Houlihan Lokey's compensation will be calculated and paid based on a fixed, deferred transaction fee (in addition to Monthly Fees), Houlihan Lokey requests that it not be required to file time records in accordance with Local Rule 2016-2 and the United States Trustee Fee Guidelines. Instead, notwithstanding that Houlihan Lokey does not charge for its services on an hourly basis, Houlihan Lokey will nonetheless maintain records (in summary format) of its services rendered for the Creditors' Committee, including descriptions of those services, the time expended in providing those services and the individuals who provided those services, and will present such records together with its fee applications filed with the Court.

## NOTICE

29. Notice of this Application has been provided to: (i) the Office of the United States Trustee; (ii) the Debtors and their counsel; (iii) counsel for the agent for the Debtors' prepetition secured lenders and postpetition secured lenders; and (iv) those parties who have requested service of all papers in these cases pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR RELIEF REQUESTED

30. No application for the relief requested herein has been made by the Creditors' Committee to this or any other court.

## CONCLUSION

31. WHEREFORE, the Creditors' Committee respectfully requests that the Court enter an order under sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1, substantially in the form attached hereto as "Exhibit C", approving the employment and retention of Houlihan Lokey pursuant to the terms of the Engagement Letter and granting the Creditors' Committee such other and further relief as is just.

Dated: March 8, 2010

        **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SPHERIS INC., ET AL.**

        Bennett Restructuring Fund, L.P., solely in its capacity as a Member of the Creditors' Committee and not in its individual capacity.

        */s/ John Koerber*

        Name: John Koerber
        Title: Managing Director