IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| SPHERIS INC., *et al.*,[1] | ) Case No. 10-10352 (KG) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket No. 166 |

ORDER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103, FED. R. BANKR. P. 2014 AND 5002, AND LOCAL RULE 2014-1, AUTHORIZING RETENTION AND EMPLOYMENT OF HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC. AS INVESTMENT BANKER AND FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SPHERIS, INC., ET AL., *NUNC PRO TUNC*, TO FEBRUARY 17, 2010

Upon consideration of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Creditors' Committee") for entry of an order, under sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the employment and retention of Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan Lokey") as its investment banker and financial advisor pursuant to the terms of the engagement letter dated as of February 17, 2010 (the "Engagement Letter"); and the Court having considered the Application and the Declaration of Adam L. Dunayer dated March 5, 2010 in support of the Application; and the Court finding that (A) Houlihan Lokey (i) does not hold or represent an

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parenthesis: (i) Spheris Inc. (5254); (ii) Spheris Holding II, Inc. (7969); (iii) Spheris Canada Inc. (9757); (iv) Spheris Leasing LLC (4780); (v) Spheris Operations LLC (1371) and (vi) Vianeta Communications (1121). The Debtors' executive headquarters are located at 9009 Carothers Parkway, Suite C-3, Franklin, TN 37067

[2] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Application.

interest adverse to the interest of the estates with respect to the matters on which Houlihan Lokey will be employed and (ii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code; (B) the Application and the Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (C) the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and (D) notice of the Application was due and proper under the circumstances; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is granted to the extent set forth herein.

2. The retention and employment of Houlihan Lokey as financial advisor and investment banker to the Creditors' Committee pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1, nunc pro tunc, to February 17, 2010, on the terms and conditions set forth in the Engagement Letter (attached hereto) and the Application, is approved. The Debtors are authorized to compensate and reimburse, Houlihan Lokey pursuant to the terms of the Engagement Letter; provided, however, that if the Debtors consummate a Sale Transaction (as defined in the Engagement Letter) and the Successful Bidder[3] does not provide consideration in excess of the Stalking Horse Bid (as defined in the Bidding Procedures), 100% of the Monthly Fees received by Houlihan Lokey shall be credited against the Deferred Fee.

3. Houlihan Lokey's compensation shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of

---

[3] As defined in the Bidding Procedures attached as Exhibit A to the Court's *Order (I) Approving Bid Procedures In Connection With Sale of Substantially All of Debtors' Assets, (II) Scheduling Hearing to Consider Sale of Debtors' Assets, (III) Approving Form and Manner of Notice Thereof; (IV) Approving Breakup Fee and Expense Reimbursement, and (V) Granting Related Relief* [Docket No. 122] (the "Bidding Procedures").

2

review under section 330 of the Bankruptcy Code, except as specifically provided in the following paragraph.

4. Notwithstanding the approval of Houlihan Lokey's retention pursuant to section 1103 of the Bankruptcy Code and approval of the terms of the engagement under section 328(a) of the Bankruptcy Code, the United States Trustee (the "U.S. Trustee") shall be permitted to review the Deferred Fee (but not the Monthly Fees in the event such fees are credited against the Deferred Fee) pursuant to the reasonableness standards set forth in section 330 of the Bankruptcy Code; provided, however, that in determining the reasonableness of the Deferred Fee under section 330, a factor to be considered is whether the Deferred Fee is comparable to the range of fees paid to investment bankers in comparable transactions both in and outside of court in this and other Districts as provided in section 330(a)(3)(F) of the Bankruptcy Code; and provided, further, that the number of hours spent by Houlihan Lokey's personnel during its engagement or during any given monthly period thereof shall not be the sole factor in and of itself as to the reasonableness of the Deferred Fee or the Monthly Fee. Excepting the provisions of this paragraph, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Houlihan Lokey's compensation. Neither the U.S. Trustee nor Houlihan Lokey shall rely upon this provision as binding precedent in any other chapter 11 proceedings.

5. The indemnification provisions of the Engagement Letter are approved and modified, as necessary, as follows:

    (a)    subject to the provisions of subparagraph (c), infra, the Debtors are authorized to indemnify, and shall indemnify, Houlihan Lokey in accordance with the Engagement Letter for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter, but not for any claim arising from, related to, or in connection with Houlihan Lokey's postpetition performance of any other services unless such postpetition services and indemnification therefore are approved by the Bankruptcy Court;

(b) notwithstanding any provisions of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify Houlihan Lokey or provide contribution or reimbursement to Houlihan Lokey (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Houlihan Lokey's bad faith, self dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Houlihan Lokey's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would not be prohibited by In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which Houlihan Lokey should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order;

(c) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Houlihan Lokey believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter, including without limitation the advancement of defense costs, Houlihan Lokey must file an application therefore in this court, and the Debtors may not pay any such amounts to Houlihan Lokey before the entry of an order by this Court approving such payment. This subparagraph (c) is intended only to specify the period during which the Court shall have jurisdiction over any request for indemnification, contribution or reimbursement by Houlihan Lokey and not a provision limiting the duration of the Debtors' obligation to indemnify Houlihan Lokey; and

(d) any limitation on the amount of liability pursuant to the terms of the Engagement Letter shall be eliminated.

6. The requirements of Local Rule 2016-2(d) are hereby modified as follows: Houlihan Lokey will file interim and final fee applications as required by the Local Rules and Order of this Court, including detailed descriptions of the expenses for which Houlihan Lokey has requested reimbursement. Houlihan Lokey will maintain records (in summary format) of its services rendered for the Creditors' Committee, including descriptions of those services, the time

expended in providing those services and the individuals who provided those services, and will present such records together with its fee applications filed with the Court.

7. Houlihan Lokey shall be compensated in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order and any other applicable orders of this Court.

8. This Court shall retain jurisdiction to construe and enforce the terms of this Order.

Dated: March 24, 2010
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE