IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
In re                                : Chapter 11
                                     :
Spheris Inc., et al.,[1]             : Case No. 10-10352 (KG)
                                     :
            Debtors.                 : Jointly Administered
                                     :
                                     : Re: Docket Nos. 59 & 150
                                     :
------------------------------------------------------x

## SUPPLEMENT TO ORDER AUTHORIZING AND APPROVING, EFFECTIVE AS OF THE PETITION DATE, THE (I) EMPLOYMENT AND RETENTION OF JEFFERIES & COMPANY, INC. AS FINANCIAL ADVISOR AND INVESTMENT BANKER AND (II) WAIVER OF CERTAIN INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2

Upon consideration of the Application (the "Application")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for an order, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing and approving, effective as of the date of commencement of these cases, the employment and retention of Jefferies & Company, Inc. ("Jefferies") as financial advisor and investment banker to the Debtors on the terms and conditions set forth in the Engagement

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Spheris Inc. (5254); (ii) Spheris Holding II, Inc. (7969); (iii) Spheris Canada Inc. (9757); (iv) Spheris Leasing LLC (4780); (v) Spheris Operations LLC (1371); and (vi) Vianeta Communications (1121). The Debtors' executive headquarters are located at 9009 Carothers Parkway, Suite C-3, Franklin, Tennessee 37067.

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Application or the Original Retention Order (as defined below).

Letter;[3] and upon the Order entered by this Court on March 2, 2010 granting the Application (the "Original Retention Order"), to the extent set forth in the Original Retention Order, and adjourning the relief requested in the Application pertaining to the Plan Restructuring Fee; and the Debtors, Jefferies and the Official Committee of Unsecured Creditors appointed in these cases (the "Committee") having resolved the Committee's issues with respect to the Plan Restructuring Fee, and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. Pursuant to section 327(a) and 328(a) of the Bankruptcy code, the Debtors are authorized to employ and retain Jefferies as financial advisor and investment banker under the terms of the Engagement Letter, as modified by this Order and the Original Retention Order, and to pay compensation to Jefferies on the terms and at the time specified in the Engagement Letter; provided, however, that the relief requested in the Application pertaining solely to the approval of the Plan Restructuring Fee shall be modified as follows: the Plan Restructuring Fee shall be capped at $1.8 million. For the avoidance of doubt, the Plan Restructuring Fee shall be subject to the Monthly Fee crediting provision set forth in paragraph 2 of the amendment to the Engagement Letter dated September 30, 2009.

2. This Order shall supplement the Original Retention Order, such that all provisions of the Original Retention Order shall remain in full force and effect.

3. Notwithstanding the possible applicability of Rules 6004(h), 7062, and 9014 of the Bankruptcy Rules, or otherwise, the terms and provision of this Order shall be immediately effective and enforceable upon its entry.

---

[3] The Debtors and Jefferies executed an amendment to the Engagement Letter, effective as of February 9, 2010, extending the termination date set forth therein by six months, through and including August 9, 2010.

4.  This Court shall retain jurisdiction over any matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
       March 25, 2010

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE