IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
                              )
IN RE:                        ) Chapter 11
                              )
SPHERIS INC., et al.,         ) Case No. 10-10352 (KG)
                              )
                              ) Courtroom 3
                              ) 824 Market Street
_____Debtors._____ ) Wilmington, Delaware
```

April 15, 2010
1:00 p.m.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For Debtors:                    Young Conaway Stargatt & Taylor
                                BY:  MARIS FINNEGAN, ESQ.
                                BY:  ROBERT BRADY, ESQ.
                                BY:  RYAN BARTLEY, ESQ.
                                The Brandywine Building
                                1000 West Street, 17th Floor
                                Wilmington, DE 19801
                                (302) 571-6600

                                Willkie Farr & Gallagher LLP
                                BY:  SHAUNNA JONES, ESQ.
                                BY:  TERENCE MCLAUGHLIN, ESQ.
                                BY:  MICHAEL KELLY, ESQ.
                                787 Seventh Avenue
                                New York, NY 10019-6099
                                (212) 728-8000

ECRO:                           JENNIFER PASIERB

Transcription Service:          DIAZ DATA SERVICES
                                331 Schuylkill Street
                                Harrisburg, Pennsylvania 17110
                                (717) 233-6664
                                Usbc-de@diazdata.com

Proceedings recorded by electronic sound recording; transcript
produced by transcription service

APPEARANCES:
(Continued)

For Transcend Services:          Womble Carlyle
                                 BY:  MATTHEW WARD, ESQ.
                                 222 Delaware Avenue
                                 Wilmington, DE 19801
                                 (302) 252-4320

For The Official Committee       Richards Layton & Finger
Of Unsecured Creditors:          BY: RUSSELL C. SILBERGLIED, ESQ.
                                 One Rodney Square
                                 920 North King Street
                                 Wilmington, DE 19801
                                 (302) 651-7700

                                 Paul Weiss Rifkind Wharton &
                                 Garrison, LLP
                                 BY:  ELIZABETH MCCOLM, ESQ.
                                 BY:  ANDREW N. ROSENBERG, ESQ.
                                 1285 Avenue of the Americas
                                 New York, NY 10019-6064
                                 (212) 373-3000

For Multimodal Technologies:     Duane Morris LLP
                                 BY:  RICHARD W. RILEY, ESQ.
                                 Suite 1200
                                 1100 North Market Street
                                 Wilmington, DE 19801-1246
                                 (302) 657-4900

For CBay/Medquist:               Morris Nichols Arsht & Tunnell
                                 BY:  DEREK C. ABBOTT, ESQ.
                                 1201 North Market Street
                                 18th, Floor, P.O. Box 1347
                                 Wilmington, DE 19899-1347
                                 (302) 658-9200

                                 Wachtell, Lipton, Rosen & Katz
                                 BY:  RICHARD G. MASON, ESQ.
                                 51 West 52nd Street
                                 New York, NY  10019
                                 (212)403-1000

For DIP Lenders:                 Schulte Roth & Zabel, LLP
                                 BY:  KATHRYN TURNER, ESQ.
                                 BY: LAWRENCE GELBER, ESQ.
                                 919 Third Avenue
                                 New York, NY  10022
                                 (212)756-2049

APPEARANCES:
(Continued)

For DIP Lenders:                    Landis, Rath & Cobb
                                    BY:   KERRI MUMFORD, ESQ.
                                    919 Market Street, Suite 1800
                                    P.O. Box 2087
                                    Wilmington, DE 19899
                                    (302) 467-4400

For Nuance Communications:          Dorsey & Whitney LLP
                                    BY:   ROBERT MALLARD, ESQ.
                                    300 Delaware Avenue Suite 1010
                                    Wilmington, DE 19801
                                    (302) 425-7171

TELEPHONIC APPEARANCES:

For Multimodal Technologies:        Duane Morris LLP
                                    BY:   RICHARD W. RILEY, ESQ.
                                    BY:   JEFFREY STERNKLAR, ESQ.
                                    Suite 1200
                                    1100 North Market Street
                                    Wilmington, DE 19801-1246
                                    (302) 657-4900

                                    Paul Weiss Rifkind Wharton &
                                    Garrison, LLP
                                    BY:   ANDREW N. ROSENBERG, ESQ.
                                    1285 Avenue of the Americas
                                    New York, NY 10019-6064
                                    (212) 373-3000

For Nuance Communications:          Weil Gotshal & Manges, LLP
                                    BY:   RONIT BERKOVICH, ESQ.
                                    767 5th Avenue
                                    New York, NY  10153-0119
                                    (212)310-8000

For Oracle America:                 Day Pitney LLP
                                    BY:   AMISH DOSHI, ESQ.
                                    7 Times Square
                                    New York, NY 10036
                                    (212) 297-5828

For Healthways, Inc.                Morris James, LLP
                                    BY:   CARL N. KUNZ, III, ESQ.
                                    500 Delaware Avenue, Suite 1500
                                    Wilmington, DE  19801
                                    (302)888-6800

WILMINGTON, DELAWARE, THURSDAY, APRIL 15, 2010, 1:07 P.M.

THE CLERK:  Please rise.

THE COURT:  Good afternoon, everyone. Thank you and please be seated.  It's good to see you all again.

MS. JONES:  Good afternoon, Your Honor.

THE COURT:  Good afternoon.

MS. JONES:  For the record, Shaunna of Willkie, Farr & Gallagher, co-counsel to the debtors.  I'm joined at the table by Bob Brady from Young Conaway, co-counsel to the debtors.

THE COURT:  Yes, ma'am.

MS. JONES:  And my colleague Terrence McLaughlin from Willkie, Farr & Gallagher.

THE COURT:  Yes, yes.

MS. JONES:  Also in the courtroom we have Bob Butler who is the Chief Restructuring Officer of the debtors.

First of all, I would like to start this afternoon's hearing by saying how much we all appreciate the Court's patience and guidance over the last week.  The debtors and their advisors are certainly proud of the process that was run, although at times it was grueling and time intensive.  And I will tell you that many people in this courtroom did not, probably did not go to sleep last

1  night because the auction finished at around 5:45, 6:00 a.m.

2  today.

3          THE COURT:  Oh, my goodness.

4          MS. JONES:  But ultimately, it was a robust

5  auction after which it was determined that a bid by CBay

6  Medquist offered the most value to the estates in the amount

7  of total consideration of $116,334,900.  And I will speak

8  more about the CBay Medquist APA later on, but I did want to

9  let Your Honor know that we certainly thought that it was a

10 homerun so to speak.

11         THE COURT:  Wonderful.

12         MS. JONES:  I propose today for the hearing that

13 first I just walk through a few key dates in the process to

14 give us some grounding on where we've been and how far we've

15 come, provide a little background on the sale process and,

16 particularly, the auction.  I'd then like to address the

17 cure objections that were filed.  There were no objections

18 to the sale itself filed, only cure objections.  I'm also

19 pleased to report that those are resolved through language

20 in the proposed sale order or I believe they will shortly be

21 resolved.  There may be a few open points that I believe we

22 can deal with with guidance from Your Honor.

23         THE COURT:  Excellent.

24

25

1          MS. JONES:  I will then hand over the podium to

2   my colleague, Mr. McLaughlin and he will present evidence in

3   support of the requested relief through proffers of Mr. Bob

4   Butler who is CRO and also Mr. Leon Szelzinger from

5   Jeffries, the debtors' financial advisors.  We will also be

6   relying on the un-rebutted proffers of Mr. Butler and Mr.

7   Jason Hroblak [ph] from Jeffries from the hearing on

8   February 23 in support of the bidding procedures.

9          THE COURT:  All right, Ms. Jones, thank you.

10         MS. JONES:  With that, one moment.  I apologize,

11  there was just one thing I forgot to bring to the podium.

12         So as Your Honor may recall, on February 23, the

13  bidding procedures order was entered and the debtors

14  substantially complied with the notice and service

15  requirements of the bidding procedures order in connection

16  with the notice of auction, sale hearing, and cure

17  assignment notice.

18

19         I say substantially in compliance, Your Honor,

20  because as we were doing diligence throughout the process,

21  there were I will call it maybe a dozen or two contracts

22  that we found that hadn't been noticed in the first waive.

23  So we made sure that those parties got supplemental cure

24  notices.  For a handful of those parties, I believe that

25  their opportunity to object may technically run like a day

1    or two after the sale hearing.  Of course, if we get any

2    objections, we'll come before Your Honor and we'll deal with

3    them at that time.

4          On February 26, the notice of the auction was

5    published in the Wall Street Journal.  And the affidavits of

6    service for this publication and also for this service have

7    been filed with the Court.

8          The cure assignment and the cure amount and

9    assignment objection deadline for the first wave of cure

10   notices was on March 22. As Your Honor, of course, recalls,

11   there were two formal objections timely received M-Modal.

12   And there was a lengthy hearing on that and Your Honor was

13   kind enough to issue a ruling.  And Oracle, the Oracle

14   objection has been resolved and we'll deal with it later.

15   There was formal objection received subsequent to that date

16   and that's Healthways.  That has also been resolved and I'll

17   get to that later on.

18

19         On April 8 at 12:00 noon, the debtors had

20   received two bids by this deadline; one from Transcend

21   Services and one from Nuance Communications.  Subsequent to

22   the bid deadline, the debtors and their advisors along with

23   other constituencies engaged in substantial negotiations

24   with Nuance in an attempt to get their bid to where it

25   needed to be so it would be qualified.

1    Early yesterday, we determined that the Nuance

2  bid submitted would be determined to be a qualified bid

3  subject to Your Honor's ruling in the M-Modal issue.  And

4  this was both a condition of the debtors and also a

5  condition of Nuance that it be subject to Your Honor's

6  ruling.  After Your Honor's ruling and M-Modal viewed it as

7  unfavorable to them, so they withdrew themselves from the

8  auction and the debtors of course believe that this was the

9  right decision.  So yesterday afternoon, we commenced the

10 auction and we had CBay Medquist and Transcend as our

11 participants.

12    The auction as I noted before was time consuming.

13 It involved substantial participation by all parties.  I'm

14 pleased that the counsel and advisors to the committee and

15 committee members and counsel advisors to the lenders were

16 there on the scene.  They took as much time as was needed to

17 work through some very, very difficult issues.  But at the

18 end of the day, the bid that was ultimately determined by

19 the debtors in consultation with the agent and committee to

20 be the highest and best bid was the bid submitted by CBay

21 Medquist.

22    If Your Honor approves the sale today and I'm

23 certainly hopeful that it will do so, we anticipate closing

24 the sale by April 22.  We are in discussions with our DIP

25

1    lenders to make sure that any milestones or conditions in

2    the DIP that may be triggered off an earlier outside date

3    which was originally April 19 --

4            THE COURT:  Yes.

5            MS. JONES:  -- will be dealt with accordingly.

6    And I don't foresee us having any issues with that.  Both

7    the committee and the lenders are on board with this sale.

8            Before we move on to the cure objections, I do

9    just want to reiterate for the record and Your Honor how

10   successful this auction was.  The $116 million in

11   consideration is comprised of $98 million worth of cash, a

12   face value of notes of around $17.5 million, and assumed

13   liabilities.  Given that the opening competing bid by

14   Transcend was approximately $78 million in total

15   consideration, that's an increase in $48 million.  And I

16   know that parties in the room will probably think that it

17   seemed like it was going by inches, but when you really look

18   back and take a step back, you'll see how far and how

19   successful the auction really was.  So I think that's

20   important and I wanted to put that on the record.

21           Even more importantly, while the auction

22   succeeded in driving the price up, we are now at the point

23   where we have an APA in front of us that has significantly

24   less conditions than the stalking horse purchase agreement

25

1  and even the competing bids that were provided.  So we have

2  more money.  We have less conditionality and this is the

3  best result for the debtors and the constituents.

4          With that, I will because we'll talk more after I

5  believe that Mr. McLaughlin leads the evidentiary record, I

6  would just like to run through the cure objections.

7          THE COURT:  Yes.

8          MS. JONES:  I apologize.  I keep forgetting

9  things over here.  Okay.  The first response that I'd like

10 to address is that there was a single notice of tax lien

11 filed by the County of Loudoun, Virginia.  And Loudoun

12 County asserts that it holds a tax lien with respect to the

13 debtors' personal property.  The debtors are happy to

14 acknowledge on the record that those liens will attach to

15 the sale proceeds.

16

17         THE COURT:  Okay.

18         MS. JONES:  A formal objection was filed by

19 Oracle.  And we have language that is included in a revised

20 sale order.  And we can hand up, I believe a black -- do we

21 have a black line for the order?  And if -- Your Honor, if I

22 may approach, I can hand up a black line --

23         THE COURT:  Please.  Yes, Ms. Jones, of course.

24 Thank you.

25

1          MS. JONES:  So, Your Honor, in Paragraph 30 of

2    the black line and that's on Page 21.

3          THE COURT:  Yes.

4          MS. JONES:  You will note that there is language

5    now resolving Oracle's objection.  It more specifically

6    identifies the contracts and service agreements that are at

7    issue and also notes that the debtors are anticipated to pay

8    renewal amounts shortly.  It may be before the close, it may

9    be after, but Oracle, of course, wanted to preserve its

10   rights.  I believe that Oracle's counsel, Mr. Doshi may be

11   on the phone.

12          MR. DOSHI:  Yes, thank you, Your Honor.

13          THE COURT:  Good afternoon, Mr. Doshi.

14          MR. DOSHI:  Good afternoon.  For the record,

15   Amish Doshi with Day Pitney on behalf of Oracle America,

16   Inc.

17

18          That representation is correct that we've agreed

19   to language and I know it was literally this morning that we

20   had finalized the language.  I'm confident that all the

21   changes that went back and forth are included in there, but

22   I just wanted to note that it is going to be the language

23   that literally this morning that we agreed to between all

24   parties.  And I appreciate debtors' counsel's time and

25   patience despite their lack of sleep last night it sounds

1   like.  And with that, understanding that it's the language

2   from this morning, our objection is resolved.

3           THE COURT:  All right, thank you, Mr. Doshi.

4           MS. JONES:  Thank you.  And I can confirm for Mr.

5   Doshi that is the language that we agreed upon this morning.

6           THE COURT:  Excellent.

7           MS. JONES:  Next, I'd like to address an informal

8   cure objection that was received by Sprint.  It was not

9   filed, but it was received by debtors' counsel.  And we have

10  clarified and corrected the cure amount owing to Sprint and

11  you'll find that in Paragraph 32.

12          We received an informal -- well I won't call it

13  informal, we received an objection from Management Company

14  to Willowbrook Holdings which is a landlord and ultimately,

15  I believe that objection found its way to the courthouse and

16  was subsequently filed on the docket.  We have resolved that

17  objection and the resolution is at Paragraph 31 of the

18  markup.

19

20          THE COURT:  Yes.

21          MS. JONES:  And then on Paragraph 33, we have the

22  resolution of a cure objection filed by Healthways, Inc.

23  And at the request of Healthways' counsel, I would also like

24  to make the representation on the record that there was a

25  certain invoice dated April 9.  And to the extent that

1  anything under that invoice may be deemed to be pre-

2  petition, the intention will be that it is part of the cure

3  and that it will be paid post-petition the ordinary course

4  or satisfied as a cure.

5            THE COURT:  All right.

6            MS. JONES:  So --

7            THE COURT:  Mr. Kunz is here to speak on behalf

8  of Healthways.  Good afternoon, Mr. Kunz.

9            MS. JONES:  Yes.

10            MR. KUNZ:  Thank you.  I'm sorry, thank you, Your

11  Honor.  Good afternoon.

12            The objection came about because the February

13  invoice had services that were rendered theoretically pre-

14  petition versus post-petition and so the invoice ultimately

15  got split which is why half of it got paid, but wasn't in

16  cure -- wasn't included in the cure amount, that's what

17  prompted the late objection.  With the resolution of

18  Paragraph 33 and the debtors' representation that it is the

19  intention that to the extent that there are outstanding

20  amounts, whether they relate to pre or post-petition and

21  that they will part of the cure, I think were resolved.

22            THE COURT:  All right.  Thank you.

23            MR. KUNZ:  Thank you, Your Honor.

24            THE COURT:  Thank you.

25

1          MS. JONES:  Thank you.

2          MR. KUNZ:  Thank you.

3          MS. JONES:  And the last cure objection of which

4    Your Honor is aware is the M-Modal objection.

5          THE COURT:  Right.

6          MS. JONES:  And I believe that that objection is

7    resolved based on the representation that was made on the

8    record by M-Modal's counsel that it consents to the Medquist

9    transaction and that's only transaction that we have in

10   front of us.  I will be candid, Your Honor, we have been

11   going back and forth this morning on language.  The debtors

12   are perfectly willing to incorporate by reference Your

13   Honor's findings and also make a statement as to agreeing to

14   the cure amount and also noting that as the representations

15   were made on the record, that M-Modal consents to the

16   Medquist transaction.  I believe that M-Modal's counsel --

17   he may wish to come up, but from our purposes that's

18   sufficient, but I believe they may view other language is

19   necessary which we don't few as necessary.

20          MR. STERNKLAR:  Good afternoon, Your Honor.

21   Jeffrey Sternklar for Multimodal on the phone.  I believe my

22   partner, Richard Riley is in the courtroom.

23          THE COURT:  He is, yes.

24          MR. STERNKLAR:  Okay.

25

1      THE COURT:  Did -- is he going to speak to this

2  or are you?

3      MR. STERNKLAR:  May I, Your Honor?

4      THE COURT:  Certainly.

5      MR. STERNKLAR:  We probably just need a few

6  moments at some point before you sign the order to work out

7  the language.  With respect to the cure amount, Ms. Jones is

8  correct, we have reached agreement on the number.  With

9  respect to the other language, there are two sort of issues.

10  One is we want for clarity to make it clear that our

11  objection is withdrawn subject to performance of our

12  separate Medquist agreement.  We have no reason to believe

13  there won't be performance of that agreement.  And we

14  consent to an assignment of our contract to Medquist, Inc.,

15  in accordance with the terms and conditions of that

16  agreement.

17

18      With respect to how we actually put down in words

19  Your Honor's ruling on our objection, the question really is

20  for Your Honor, if your preference is that we have a

21  separate order or something separate from the sale order to

22  address your rulings and findings that you read into the

23  record yesterday or whether you want us to address that with

24  some specificity on the sale order?

25

1          THE COURT:  Mr. Kelly is at the podium.  Let's

2     hear from Mr. Kelly.

3          MR. KELLY:  Good afternoon, Your Honor.

4          THE COURT:  Good afternoon.

5          MR. KELLY:  Mike Kelly from Willkie Farr.  Your

6     Honor, I'm going to do some speaking for Mr. Mason who's

7     here for the stalking horse as well.

8          THE COURT:  Okay.

9          Mr. KELLY:  Just to frame the issue for you.  I'm

10    desperately just trying to stay out of the middle.

11         THE COURT:  And to stay awake.

12         MR. KELLY:  That, too.

13                    (Laughter)

14         THE COURT:  Yes.

15         MR. KELLY:  But from our perspective, we heard

16    that M-Modal consents to the transaction we were proposing

17    with the stalking horse.  And we were told that Your Honor

18    really shouldn't be even looking at the agreement between M-

19    Modal and CBay because the debtors not a party to it.

20    That's their business.  So all I care about is at the end of

21    the day I've got a consent to Mr. Mason's transaction.

22         THE COURT:  Yes.

23

24

25

1        MR. KELLY:  I don't want it interpreted.  It's

2  not subject to anything.  As long as I'm in compliance with

3  my APA, they've consented full stop.

4        Second, Your Honor gave a very detailed ruling

5  and nobody has objected to that ruling, sought

6  reconsideration or anything and we're not here for that.

7  But having been up for the last 48 hours, I have no interest

8  in trying to figure out whether the words they're proposing

9  are the words Your Honor chose.  And we are more than happy

10  to say in their words that this order incorporates

11  everything you said that day on the record as if set forth

12  in length.  That works.  But I don't want to be Lewis and

13  Clark looking for differences and then having that come

14  back.

15        THE COURT:  Right.

16        MR. KELLY:  So that's the only thing I'm looking

17        MR. KELLY:  So that's the only thing I'm looking

18  for.  They consented to the transaction.  I'm done.  And the

19  findings are what they were and we move on.

20        THE COURT:  And if subsequently there are issues

21  between Multimodal and Medquist, that's their issues.

22        MR. KELLY:  Godspeed.  They can --

23        THE COURT:  Yeah.

24

25

1    MR. KELLY:  -- take that to Your Honor, Judge

2  Wapner, it doesn't matter.  Just give me my money and we go

3  home.

4                    (Laughter)

5           THE COURT:  Right.

6           MR. STERNKLAR:  Your Honor, this --

7           MR. KELLY:  Thank you, Your Honor.

8           MR. STERNKLAR:  -- is Jeffrey Sternklar.  I don't

9  think that there's an issue between us and Medquist so I

10  don't fully understand why Mr. Kelly is creating an issue.

11  Medquist has advised us its ready, willing, and able to

12  perform its agreement.  We are ready, willing, and able to

13  perform our agreement with Medquist.  We made it clear our

14  consent is subject to Medquist being ready, willing, and

15  able to perform its agreement.  And I don't understand what

16  other issue there is.  We're prepared to agree that the

17  order can say we consent in accordance with our agreement

18  with Medquist.  Unless Medquist has an issue with that that

19  I haven't heard, I don't understand why that's not

20  sufficient to Mr. Kelly.

21

22           With respect to how we incorporate the ruling

23  that you made, I'm not looking to create differences between

24  what you said and what's in this order.  Nor do I believe

25  anyone thinks I proposed language that would create a

1    difference between what you said and this order.  And I'm

2    sure we can work that out if we have a few moments to talk

3    which due to the lateness of the auction and traveling from

4    New York to Delaware, we really haven't had a chance to talk

5    about it.  Again, I don't anticipate that there is a

6    substantive issue there.

7            So I think we can work all of this out if we have

8    time to talk.  Thank you, Your Honor.

9            MS. BERKOVICH:  Your Honor, if I can speak for a

10   moment --

11           MR. KELLY:  Your Honor, Mike Kelly again.

12           MS. BERKOVICH:  This is Ronit Berkovich from Weil

13   Gotshall for Nuance.  I agree with Mr. Kelly that your

14   ruling stands for itself and we would have no problems with

15   it being incorporated into the order as Mr. Kelly suggested

16   except that there's language that's being put into the order

17   that affects my client or that makes statements about my

18   client.  I think we would need the opportunity and we've

19   never have had the opportunity to review that language.  And

20   I don't think that anyone wants to slow up the sale hearing

21   to have that happen and I don't think it's necessary.

22

23           THE COURT:  Well that's my inclination as well.

24   I certainly don't mind if the parties want a brief recess

25   just to talk, but I think that what the debtor is looking

1  for here, as well as, Medquist is some finality.  And the

2  Court has not been involved in any of the discussions or the

3  understandings reached between Medquist and Multimodal and I

4  don't know that this is necessarily the appropriate time to

5  be raising any issues relating to that agreement.  And I'm

6  anxious to give the debtor finality with this sale.  But

7  that doesn't mean that I am necessarily just going to for

8  closure having some brief discussion and make sure that

9  everyone is comfortable to the extent you can be.  And if

10 you can't be, then I'll make people comfortable.

11                         (Laughter)

12                MR. RILEY:  Your Honor, Richard Riley for

13 Multimodal.  Can I just ask, I think a couple minutes after

14 the evidentiary presentation just so we can talk about the

15 final language.  And to help that along, if I could just ask

16 that this version of the sale order that you have could be

17 emailed up Mr. Sternklar because I don't think he has seen

18 this version of it so we know what language we're talking

19 about.

20

21                THE COURT:  We could have it faxed.

22                MR. RILEY:  We'll email it, Your Honor.

23                MS. JONES:  No, we're taking care of it right

24 now.

25                THE COURT:  Oh, okay.

1    MS. JONES:  Thank you, Your Honor.

2    THE COURT:  All right, very well.

3    MS. JONES:  Okay.  With that, I am going to turn

4  over the podium to Mr. McLaughlin because we have gone

5  through all of the cure objections and we'll come back to

6  you hopefully later this hearing to discuss Multimodal.

7    THE COURT:  Thank you, Ms. Jones.  Mr.

8  McLaughlin, good to see you again, sir.

9    MR. MCLAUGHLIN:  Likewise, Your Honor.  Your

10  Honor, I have -- there are -- the debtors will be proffering

11  two witnesses today in support of the relief sought in the

12  sale motion.  Those witnesses are both present in the

13  courtroom available for cross examination and the debtors

14  will make them available for cross examination.

15    I guess I should just apologize at the outset.

16  This will be a little tedious, but in light of the repedity

17  [ph]of the events over the last several days, I want to be

18  sure that I get the evidence in in the words of the

19  witnesses as they would have testified.  So I'm going to

20  read some portions of this verbatim.

21    THE COURT:  That's fine.

22    MR. MCLAUGHLIN:  To be extra safe that my

23  paraphrasing doesn't introduce any ambiguity or uncertainty

24  into the record.

1    THE COURT:  I understand.

2    MR. MCLAUGHLIN:  The first witness would be the

3 debtors' Chief Restructuring Officer, Robert Butler.  And

4 Mr. Butler as I said is present in the courtroom.  Mr.

5 Butler's testimony in response to my questioning would be as

6 follows, Your Honor.

7    With regard to his background and his employment,

8 he would testify as he has before that he is the Managing

9 Director of Capstone Advisory Group which does specialize in

10 providing diverse financial consulting and crisis management

11 services for troubled companies.

12    He would testify that on November 9 -- November

13 4, 2009, Capstone began to provide the debtors with

14 restructuring advisory services, including assisting with

15 the implementation of potential performance and operating

16 improvements.

17

18    Mr. Butler would further testify that prior to

19 the petition date on December 9, 2009, he was the -- he was

20 appointed the Chief Restructuring Officer of each of the

21 debtors and by their relevant board of directors, boards of

22 directors or managers.

23    Mr. Butler would testify as to his experience.  I

24 think here, Your Honor, I would rely on prior proffers.  His

25 experience has been --

1        THE COURT:  Yes.

2        MR. MCLAUGHLIN:  -- I think submitted to the

3   Court and is well known from various prior proffers and

4   affidavits.

5        THE COURT:  And we will incorporate those

6   proffers into this proffer as well.

7        MR. MCLAUGHLIN:  Thank you, Your Honor.  He would

8   then testify as to his familiarity with the day to day

9   operations of the debtors, their financial conditions which

10  have also been the subject of prior discussions, including

11  in the first day papers, but just to hit the main points

12  that would come out in his direct testimony.  The

13  operational difficulties with respect to changes that had

14  occurred including technological developments and

15  accelerated price pressures in the clinical documentation

16  industry.  And the contribution that those made to a

17  negative decline in the company's net revenues during the

18  second half of 2008 and 2009 and the resulting severe

19  liquidity constraints.

20  He would testify that those events led to the

21  retention and employment of Jeffries and Company, Inc., as

22  financial advisors and investment bankers in early 2009 to

23  assist the debtors in exploring their restructuring

24  alternatives, including the possible sale.

25

And he would testify that in consultation with Jeffries, the debtors ultimately determined that the best way to maximize value, maximize and preserve value would be a sale of all or substantially all of the debtors' assets.

He would testify as to the commencement of these cases and the sale process that preceded and postdated the petition date.

Mr. Butler would then turn to offer some testimony in response to my questions aimed at the elements for obtaining the relief that's sought today and those elements just by way of refresher for the Court would include demonstrating that the sale is a sound business purpose.  That adequate notice has been provided.  That the debtors have provided a fair and -- the debtors have received a fair and reasonable price for their assets and have negotiated in good faith.  And so I'll try to describe the testimony that would address each of those elements as follows.

With regard to the sound business purpose, Your Honor, Mr. Butler would testify about the debtors' liquidity constraints and other operational challenges.  As I said before, the retention of Jeffries to assist in the evaluation of options, the retention of Capstone, the need to reduce debt loads, increasing concerns about potential

deterioration of the business, degradation of value, the
debtors' determination of a sale as the best way to maximize
and preserve value.

And he would testify as to the debtors' judgment
and determination that unless the sale were consummated and
consummated promptly, that there would be a significant
deterioration in estate value and the business was not one
that could endure a prolonged stay in Chapter 11 without
risk to survival.

With regard to notice, Your Honor, there has been
prior testimony in the record, so I'll move through this
quickly, but this was a lengthy sale process.  It was
initiated in October of 2009.  Mr. Butler would describe
that.

He would testify predominately based on his
participation in the sale process and his communications
with the financial advisors and others about the numerous
parties that were contacted to tick these off.  These were
the subject of testimony proffered at the bid procedures
hearing, but you may recall focusing on the pre-petition
period over 60 potential purchasers were contacted by either
the debtors or their advisors.  Twenty of those
counterparties signed non-disclosure agreements, 18 engaged
in due diligence through an online electronic data room

established by the debtors for the sale process.  The debtors and their professionals responded to numerous information requests and, in fact, 14 of the counterparties went so far as to meet either telephonically or in person with the debtors' management.

He would testify that those pre-petition activities culminated ultimately in the stalking horse asset purchase agreement with the stalking horse purchasers, CBay and Medquist for a price of approximately $75.25 million. And the determination that it was an appropriate exercise of business judgment to subject that to a market test through the auction which was concluded last night.

To provide the Court with a couple of additional statistics with regard to the post-petition marketing efforts, he would testify that they were similarly robust. On the post-petition period, the debtors and their financial advisors either initiated or continued in some cases contact with 32 counterparties, excluding the stalking horse purchasers.  Eighteen of those became bound or continued to be bound as the case may be to their non-disclosure agreements and 16 participated in due diligence.

Mr. Butler would testify that the bid deadline for a qualified bids as set forth in the bidding procedures approved by the Court was 12:00 noon on April 8.

1    He would testify that prior to the bid deadline,

2    the debtors received additional bids from Nuance

3    Communications, Inc., later revising that bid to be on

4    behalf of an acquisition vehicle and Transition Services,

5    Inc.

6    Mr. Butler would testify that those bids included

7    initial deposits in the amounts of $8.5 million and $7.825

8    million, respectively.  And offers to purchase all or

9    substantially all of the debtors' assets for amounts that

10   were over the stalking horse bid by $9.75 million and $3

11   million respectively.

12   And he would testify based on events that are now

13   well known to the Court that ultimately both of those

14   bidders were deemed qualified bidders.  And that no other

15   qualified bidders, qualified bids were received prior to or

16   subsequent to the deadline.

17

18   Now as the Court well knows, Mr. Butler would

19   briefly describe the events related to recent litigation

20   with Multimodal and the Court's ruling and determination as

21   to that litigation provided to the parties orally yesterday

22   on April 14 pursuant to which the Nuance bidder was

23   ultimately unable to qualify and then, therefore, did not

24   participate in the auction.

25

1    Mr. Butler would describe the auction which took

2  place yesterday evening and into the night.  It for the

3  record was conducted on April 14 at the offices of Willkie,

4  Farr & Gallagher.

5    Mr. Butler would testify he was physically

6  present during that auction, lengthy as it was and that he

7  participated throughout it.

8    He would also describe those who were present who

9  included representatives and financial advisors of CBay

10  Medquist and Transcend, the two qualified bidders, counsel

11  and financial advisors to the debtors, the agents, and the

12  committee.

13    Mr. Butler would describe that the starting bid

14  for purposes of the auction was the Transcend qualified

15  overbid which was valued in the amount of $78.25 million,

16  plus assumed liabilities and was deemed to be slightly above

17  the $3 million overage over the stalking horse bid.

18

19    Mr. Butler would then describe the back and forth

20  which ultimately culminated in a CBay Medquist final bid in

21  the amount of $116,334,000, consisting of among other

22  things, a cash component of $98,334,000 and $17.5 million in

23  notes at their face value, plus certain other assumed

24  liabilities.  And that was deemed the highest and best bid.

25

1          Mr. Butler would testify that the winning bid

2   that I just described was approximately over $48 million in

3   excess of the stalking horse bid, if one treats the notes at

4   their face value and represents a substantial improvement in

5   his view over the -- in the sale price over the stalking

6   horse bid.

7          Your Honor, he would testify that at the auction,

8   the debtors and the successful bidder agreed to binding

9   terms with regard to an asset purchase agreement which are

10  in the process of being memorialized now or may, in fact,

11  have been memorialized.  I think that was happening

12  literally in real time.

13         Subject to the terms and conditions of the asset

14  purchase agreement in full, I'll just hit for the Court some

15  of the salient terms that Mr. Butler would testify to.  As I

16  mentioned already, he would confirm the purchase price of

17  $116,334,000 subject to certain closing and post-closing

18  purchase price adjustments.

19

20         He would describe the assets that are the subject

21  of the purchase which include without limitation all of the

22  debtors' accounts receivable, inventory, equipment, and

23  intellectual property, and the excluded assets which include

24  without limitation, avoidance actions.

25

1          Mr. Butler would testify that the sale of the

2    purchased assets is free and clear of all liens, claims, and

3    encumbrances and interests pursuant to Section 363 of the

4    Bankruptcy Code.

5          He would testify that the sale shall close no

6    later than April 22, 2010 and he will describe for the Court

7    the execution and delivery of a transition services

8    agreement by and between the debtors and CBay Medquist

9    substantially in the form attached to the asset -- the final

10    asset purchase agreement.

11          And, of course, he would testify that the sale

12    transaction is subject to the approval of this Court.

13          Turning to the element of good faith, Your Honor,

14    and that would be the final topic of Mr. Butler's direct

15    testimony.  He would testify that CBay Medquist to his

16    knowledge is not affiliated with any of the debtors.  That

17    it is separately represented by counsel and that he is not

18    aware of any collusion among the bidders.  And he would

19    describe for the Court that he was present in the courtroom

20    when the bidders, including the successful bidders confirmed

21    on the record that they had not engaged in any collusion

22    which is reflected in the transcript of the auction.

23

24

25

1    He would testify that he's not aware of any fraud

2   or attempt by CBay Medquist to assert any unfair advantage

3   over any other bidder.

4    He would testify that he believes that this was a

5   very open and fair auction process.  That the CBay Medquist

6   bid was indeed the highest and best and, therefore, his

7   belief is that CBay Medquist is a good faith purchaser as he

8   understands the term as defined in the Bankruptcy Code.

9    Finally, Your Honor, Mr. Butler would testify

10  that based on his experience and knowledge and his

11  participation in the marketing and sale process provided

12  under the bidding procedures the -- in his view, the debtors

13  execution of the APA with CBay Medquist represents an arm's

14  length agreement that was entered into in good faith.  He

15  would testify that the proposed purchase price for the

16  assets to be acquired represent a fair and reasonable price

17  under the circumstances.

18  

19    He would testify that in his view, the entry into

20  the asset purchase agreement by the debtors is an exercise

21  of their sound business judgment that the sale is in the

22  best interest of the debtors and their -- the debtors'

23  estates and their creditors.  And that CBay Medquist is not

24  affiliated with nor to his knowledge owns any interest in

25  and is not related in any way to the debtors.  Is not an

1  insider.  And is not an insider as that term is defined in

2  the Bankruptcy Code.

3         Your Honor, that would be the sum and substance

4  of Mr. Butler's direct testimony.  We now make Mr. Butler

5  available for cross examination here in the courtroom should

6  any party wish to do so.

7         THE COURT:  Does anyone wish to cross examine,

8  Mr. Butler?

9                (No audible response heard.)

10        THE COURT:  All right.  Hearing no one, I am

11  pleased to accept and admit the proffer into evidence.

12        MR. MCLAUGHLIN:  Thank you, Your Honor.  Mr. --

13  the second witness that the debtors would proffer is that of

14  Leon Szelzinger.  This would be a somewhat shorter more to

15  the point proffer, Your Honor.  Because Mr. Szelzinger's

16  background is not yet in the record, I will just describe

17  for you that the first topic would be him describing his

18  background.

19

20        He would testify that he's Managing Director of

21  Jeffries & Company.  They're investment banking division.

22        He would testify that prior to joining Jeffries,

23  he was a Senior Managing Director at Mesirow Financial

24  Consulting.  That prior to that, he was a principal in the

25

corporate recovery group at KPMG.  And Price Waterhouse
Cooper is where he was employed for 14 years.

He would testify that he has provided financial
advisory services to troubled companies and their
stakeholders in many significant bankruptcy and
restructurings in the United States, Europe, and Latin
America, including Delphi Automotive, Kevacore [ph], and on
Oxford Automatic, Federal Mogul, Delta Woodside, and
Parmalat [ph].

He would testify that he has a Bachelors Degree
in Economics and has his Series 7 and 63 licenses.

He would testify that he together with his
colleagues at Jeffries have extensive experience and
knowledge in analyzing structuring and negotiating and
effecting mergers and the acquisitions evaluating business
operations and providing other financial support related to
the sale of assets.

He would testify briefly as to his engagement by
the debtors in February of 2009 and the role that they were
to play to assist in marketing the debtors' assets.

Your Honor, Mr. Szelzinger would then effectively
pick up the story of the marketing process where it was left
off with Mr. Hroblak's proffer on February 23, some of which
was echoed in Mr. Butler's testimony which I just read.

1      So picking up on the events post February 23,

2   following ongoing diligence and marketing efforts, he would

3   testify that the process culminated with the bid deadline on

4   April 8.  He would describe the Transcend bid, the provision

5   of the deposit by Transcend, the Nuance bid and the revision

6   to the Nuance bid, and the details as to those which I've

7   already described from Mr. Butler's testimony would be

8   substantially consistent.

9      Like Mr. Butler, Mr. Szelzinger would testify

10  that he, too was present during the auction for its

11  entirety.  That he was physically present and participated

12  in it.  That it took place at our offices last night at

13  Willkie, Farr & Gallagher.

14

15     He would describe as Mr. Butler did the -- that

16  the opening bid was deemed to be the Transcend qualified

17  overbid in the amount of $78.25 million, plus accrued

18  liabilities and that that represented slightly above $3

19  million in excess of the stalking horse bid.

20     And like Mr. Butler, he would also describe the

21  back and forth ultimately culminating in the successful

22  winning bid of $116,334,000 consisting of $98,834,000 in

23  cash and $17.5 million in notes at face value, plus assumed

24  liabilities.

25

1    And again, like Mr. Butler, he would testify that

2    when one makes the comparison, that represents approximately

3    $48 million above the stalking horse bid, if one assumes the

4    face value of the notes which he views a -- he would testify

5    as a substantial improvement in the sale price from the

6    stalking horse bid.

7    Mr. Szelzinger would testify that the auction was

8    conducted in an open and reasonable manner.  The parties

9    were afforded a full opportunity to submit higher and better

10   bids.  That the negotiations were robust and in good faith

11   at arm's length and that he is not aware of any collusion

12   and that he, too, was present in the courtroom when the

13   bidders confirmed that there was no collusion.

14   And so just to sum up, Your Honor, Mr. -- I would

15   submit that Mr. Szelzinger would testify that the execution

16   of the asset purchase agreement represents an arm's length

17   agreement and it was entered into in good faith.  That the

18   price is fair and reasonable.  And that it is a sound

19   exercise of the debtors' business judgment and in the best

20   interest of the estates to proceed with that transaction.

21   And with that, Your Honor, the debtors would make

22   Mr. Szelzinger available for cross examination should any

23   part wish to do so.

24

25

1          THE COURT:  Thank you.  Does anyone wish to cross

2     examine Mr. Szelzinger?

3                    (No audible response heard.)

4          THE COURT:  Hearing no one again, I accept the

5     proffer and admit it into evidence, Mr. McLaughlin.

6          MR. MCLAUGHLIN:  Your Honor, that concludes the

7     evidentiary offerings that the debtor would make in support

8     of the argument at this -- in support of the motion.  At

9     this point, I would turn the podium back to my colleague.

10          THE COURT:  Thank you.  Ms. Jones?

11          MS. JONES:  Thank you.  Once again for the

12     record, Shaunna Jones of Willkie, Farr & Gallagher.  Thank

13     you to my colleague, Mr. McLaughlin for laying the

14     evidentiary record.  And he certainly, I believe set forth

15     all of the evidence that the debtors believe is necessary to

16     state to Your Honor that we believe the burden has been met

17     for the Court to approve the purchase agreement today.

18

19          I do just want to take one more minute, maybe

20     about two more minutes to inform the Court of why I believe

21     the parties will all agree this is a very good result.

22          First of all, as Mr. McLaughlin stated and as Mr.

23     Butler's proffer indicated, the process was fair, it was

24     open.  Lenders and the committee were heavily involved.  And

25     also all bidders in the auction confirmed on the record that

they were not aware of any collusion, they were not aware of
any breaches of reps and warranties by the debtors.  And
furthermore, that they had no objection to the conduct of
the sale process or the sale themselves.  So we knew we were
walking in here today arm in arm with the committee and the
lenders on these points.

       As I mentioned before, the APA that we are in
front of the Court with this morning or I'm sorry, this
afternoon, this morning, it's all bleeding together is
significantly approved both as to economics and contractual
terms.  It's my understanding that the APA was signed at
around 12:55 so we do intend to file the executed APA later
on today, but it does have the economics that Mr. McLaughlin
stated prior in Mr. Butler's proffer.

       There are a few other points that I'd like to put
on the record because I believe they are important.  While
the outside date has been moved to April 22, CBay Medquist
has agreed that if the sale has not closed by the payroll
funding date of April 21, they are going to fund that
payroll which is obviously of great benefit to the estates.

       CBay Medquist has agreed to assume all paid off
time obligations for employees which is obviously once again
of great benefit to the estates and the employees.  They are

taking substantially all of the debtors' employees so we are keeping people in work.

And CBay Medquist has agreed to assume the Key Employee Incentive Plan obligations of the debtors which is approximately $850,000.

Just so Your Honor is grounded as to where we are economically, as Mr. McLaughlin stated, we have a cash purchase price along with other consideration of $98 million.  The secured debt at this point I am informed is at $67 million and there are no amounts outstanding under the DIP.  So the sale order does provide that the secured lenders will be paid off subject to disgorgement and that language has been reviewed and confirmed by the committee and the lenders and it is in Paragraph 26 and 27 of the black line that Your Honor has.

And with that, I would request that the Court consider and approve the APA, but before I make a formal request to do so, there is one other housekeeping matter that I wanted to alert the Court to.  And that is at Paragraph 38.  We are in the happy position of being able to talk about potential tax fund gain on sale so we have agreed with Spheris Holding III which is the non-debtor parent of the debtors to comply with a tax sharing arrangement that

1   was entered into pre-petition and the language is set forth

2   there.

3           There are a few tweaks that I can hand up to Your

4   Honor.  I can interlineate and we can drop off at chambers,

5   whatever you would prefer.  Both the committee and the

6   lenders have seen this language with the few changes that I

7   have and they, I believe, that they've confirmed that that

8   is acceptable to them.

9           MS. TURNER:  Your Honor?

10          THE COURT:  Yes.

11          MS. TURNER:  Kathryn Turner for the agent of

12  Schulte, Roth & Zabel.

13          Just one clarification.  The actual amount of the

14  secure is $67.9 million and that also does not include

15  certain unpaid fees and expenses.  I just -- Ms. Jones had

16  said $67.  I didn't want the Court to be misled on that

17  number.

18          THE COURT:  Thank you, I appreciate that

19  clarification.

20          MS. JONES:  I apologize.  And I defer to

21  financial advisors on the exact numbers, but we got the jest

22  and the round numbers.

23          THE COURT:  You bet.

24

25

1    MS. JONES:  So with that, Your Honor, I don't

2 believe that the debtors have any further presentation to

3 make.  I'm happy to cede the podium if anyone else would

4 like to be heard, but I would request that the Court enter

5 an order approving the sale of substantially all of the

6 debtors' assets to CBay Medquist.

7    THE COURT:  Thank you, Ms. Jones.  Yes, Ms.

8 McColm.  Good to see you again.

9    MS. MCCOLM:  Good afternoon, Your Honor.  For the

10 record, Elizabeth McColm from Paul, Weiss, Rifkin, Morton &

11 Garrison on behalf of the Unsecured Creditors' Committee.

12    Your Honor, the Creditors' Committee stand up

13 today to support entry of the sale order.  We believe that

14 entry is -- an approval is in the best interests of the

15 debtors' estates and its creditors.  As you've heard from

16 Ms. Jones, it was a very long, but spirited auction.  And,

17 you know, the committee is pleased with the ultimate

18 results.  We're also very appreciative of the efforts of

19 those professionals who contributed and worked so hard to

20 achieve the result that we're asking you to approve today.

21 Thank you, Your Honor.

22

23    THE COURT:  Thank you.  Thank you, Ms. McColm.

24 Anyone else?  Mr. Silberglied?

25

1    MR. SILBERGLIED:  And I apologize, Your Honor,

2    for a second person standing up for the committee, but it's

3    to address two different issues.

4    THE COURT:  Yes.

5    MR. SILBERGLIED:  For the record, Russ

6    Silberglied, Richards, Layton & Finger also on behalf of the

7    committee.

8    You heard reference to the new provision in

9    Paragraphs 26 and 27 of the order where the agreement is

10   that the cash from the sale can be used first to pay down

11   the lenders subject to disgorgement.

12   THE COURT:  Yes.

13   MR. SILBERGLIED:  In connection with the

14   disgorgement concept, I rise to state that the lenders and

15   the committee have agreed that the challenge deadline which

16   was set to run on Sunday and, therefore, by operation of law

17   on Monday because the period would have been a Sunday, will

18   be extended through and including Thursday, so that's April

19   22, a week from today.  We don't think we need any

20   additional orders on the subject.  The DIP order itself

21   contemplated that the Court could so order or the parties

22   could agree to extend that deadline.  So this is the sum of

23   the agreement and we're just simply making the Court aware

24   of it.

25

1    THE COURT:  All right.

2    MR. SILBERGLIED:  Thank you, Your Honor.

3    THE COURT:  Thank you, Mr. Silberglied.  For the

4 record, that's obviously helpful.

5    Well I am not going to take further time and

6 prevent parties from getting some rest that is well earned.

7 Clearly, the sale process, the bidding procedures were

8 complied with.  The auction was from the testimony,

9 conducted fairly.  The price arrived at is fair and

10 reasonable and in the best interest of the debtors' estate.

11 The price has certainly been tested by the auction process,

12 and I will be pleased to grant the motion and to enter an

13 order approving the sale.

14    MULTIPLE SPEAKERS:  Thank you, Your Honor.

15    THE COURT:  I congratulate CBay Medquist as well

16 and all of you involved and I commend you upon your efforts.

17

18    MR. STERNKLAR:  Your Honor, Jeffrey Sternklar

19 from Multimodal.

20    THE COURT:  I had a feeling you were still there.

21          (Laughter)

22    MR. STERNKLAR:  Yeah, sorry to say.  If we could

23 just have a few moments to discuss the form of the sale

24 order before you sign anything, I think we can resolve

25 whatever issues there are quickly and hopefully, we won't

1    have to have any further discussion with Your Honor about

2    the terms of it, just propose it to you.

3            THE COURT:  Would it be helpful to have any

4    discussion in the conference room?  Not with me present, but

5    just among yourselves rather than open court.

6            MS. JONES:  That would be helpful, thank you.

7            MR. MCLAUGHLIN:  Yes, Your Honor.

8            MR. STERNKLAR:  Yes, Your Honor.

9            THE COURT:  All right, let's do that.  Do we --

10   do they have your number, Mr. Sternklar?

11           MR. STERNKLAR:  I'm at my office, it's 857 --

12           MR. RILEY:  I do.

13           THE COURT:  You do?  Mr. Riley has it so we'll be

14   able to get a hold of you and I think that might make some

15   sense.

16           MR. KELLY:  That makes sense, Your Honor.  Should

17

18   we put the Court call on hold --

19           THE COURT:  Yes.

20           MR. KELLY:  -- so that people don't have to

21   redial?

22           THE COURT:  Let's do that.  And then when --

23   after you've had your discussion, if there's anything for me

24   to decide, obviously, I'll be pleased to do so.  If you've

25

1  reached agreement, then we can just put that on the record
2  as well.
3              MR. KELLY:  Very well, thank you, Your Honor.
4              MR. STERNKLAR:  Thank you, Your Honor.
5              THE COURT:  Thank you.
6                (Recess from 1:55 p.m. to 2:02 p.m.)
7              THE CLERK:  Please rise.
8              THE COURT:  Thank you, everyone, please be
9  seated.  Mr. Kelly?
10             MR. KELLY:  Thank you.  Thank you, Your Honor.
11 Here's where I think we are.
12             THE COURT:  Yes.
13             MR. KELLY:  We're going to go with the language
14 that's been proposed by M-Modal which will be worked into
15 the order that is handed to Your Honor subject to just a
16 statement on the record.  And I'll try and hopefully get
17 these three points correct.
18             The first is that the language is intended to
19 mean that the consent via-a-vis the debtors is unqualified.
20 We have their consent to close this APA.
21             The second is that, of course, they have their
22 rights against Medquist under their side agreement that they
23 can enforce against Medquist and Medquist can enforce
24 against them.
25

1          THE COURT:  Exactly.

2          MR. KELLY:  If for whatever reason Medquist has

3    restricted itself under the asset purchase agreement in that

4    side letter so that M-Modal got them to agree not to do

5    something, CBay cannot come -- CBay Medquist cannot come to

6    me and say but Mr. Kelly, I'm allowed to do these things in

7    the APA and you didn't get me an order that allows me to do

8    that.

9          And then the final piece of this, Your Honor is

10   that of course these machinations are not intended to

11   override any of the provisions in their side agreement.  So

12   at the end of the day, the side agreement is what it is and

13   that's their problem and I have my consent and we get to go

14   home.

15         THE COURT:  Because that make sense.  Does anyone

16   else wish to be heard on this?  Mr. Mason?

17

18         MR. MASON:  Your Honor, Victor Mason of Wachtell,

19   Lipton, Rosen & Katz for --

20         THE COURT:  Yes, sir.

21         MR. MASON:  -- CBay Medquist.  Let me first say

22   thank you for all of your patience and tolerance through the

23   very difficult last couple of months.  And I confirm that

24   what Mr. Kelly said on the record is acceptable to my

25   client.

1        THE COURT:  Thank you, Mr. Mason.

2        MR. MASON:  Thank you.

3        THE COURT:  How about you, Mr. Sternklar?

4   Everything all right there?

5        MR. STERNKLAR:  Yes, Your Honor.  Jeffery

6   Sternklar for Multimodal.

7        I believe Mr. Kelly has accurately reflected our

8   agreement.  The critical point of course to Multimodal is

9   that nothing in the sale order will alter or tear our side

10  agreement with Medquist.

11       THE COURT:  All right.  Well I understand your

12  position.  I am available if you run into any last minute

13  problems of course, but otherwise, I will look for an order

14  in due course.

15       MR. KELLY:  Thank you, Your Honor.

16       MR. MCLAUGHLIN:  Thank you very much, Your Honor.

17       THE COURT:  You think it might be this afternoon

18

19  or --

20       MR. KELLY:  I think it's going to be momentarily.

21       MS. JONES:  Within the hour.

22       THE COURT:  Oh, excellent, all right.  People are

23  working on it already.  Thank you, all.  I can -- again, I

24  commend you all and respect the effort and the hard work

25  that you've put into this matter and we'll stand in recess.

1          MULTIPLE SPEAKERS:  Thank you, Your Honor.

2          THE COURT:  Good afternoon.

3      (Whereupon, at 2:06 p.m., the hearing was adjourned.)

4                       CERTIFICATION

5          I certify that the foregoing is a correct

6    transcript from the electronic sound recording of the

7    proceedings in the above-entitled matter.

8

9

10   _____         16 April 2010
     Traci L. Calaman                             Date
11   Transcriber

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| Word | Page:Line |
|---|---|
| _____debtors.__( | 1:13 |
| a.m(1) | 5:1 |
| abbott(1) | 2:33 |
| able(5) | 18:11 18:12 18:15 38:20 43:14 |
| about(14) | 5:8 13:12 16:20 19:5 19:17 20:14 20:19 24:20 24:24 25:17 36:19 38:21 43:1 46:3 |
| above(3) | 28:16 34:17 35:3 |
| aboveentitled(1) | 47:7 |
| accelerated(1) | 23:15 |
| accept(2) | 32:11 36:4 |
| acceptable(2) | 39:8 45:23 |
| accordance(1) | 15:15 18:17 |
| accordingly(1) | 9:5 |
| accounts(1) | 29:21 |
| accrued(1) | 34:16 |
| accurately(1) | 46:7 |
| achieve(1) | 40:20 |
| acknowledge(1) | 10:14 |
| acquired(1) | 31:16 |
| acquisition(1) | 27:4 |
| acquisitions(1) | 33:15 |
| actions(1) | 29:23 |
| activities(1) | 26:7 |
| actual(1) | 39:13 |
| actually(1) | 15:17 |
| additional(3) | 26:13 27:2 41:20 |
| address(5) | 5:16 10:10 12:7 15:21 15:22 24:17 41:3 |
| adequate(1) | 24:13 |
| adjourned(1) | 47:3 |
| adjustments(1) | 29:18 |
| admit(2) | 32:11 36:5 |
| advantage(1) | 31:2 |
| advised(1) | 18:11 |
| advisors(12) | 4:21 6:1 7:21 8:14 8:15 23:22 25:17 25:22 26:17 28:9 28:11 39:21 |
| advisory(2) | 22:9 22:14 33:4 |
| affects(1) | 19:17 |
| affidavits(2) | 7:5 23:4 |
| affiliated(2) | 30:16 31:23 |
| afforded(1) | 35:9 |
| after(7) | 5:5 7:1 8:6 10:4 11:9 20:13 43:22 |
| afternoon(15) | 4:3 4:5 4:6 8:9 11:13 11:14 13:8 13:11 14:20 16:3 16:4 37:9 40:9 46:17 47:2 |
| afternoon's(1) | 4:19 |
| again(3) | 10:22 16:9 19:11 21:8 35:1 36:4 36:11 37:22 40:8 46:22 |
| against(3) | 44:22 44:23 44:24 |
| agent(2) | 8:19 39:11 |
| agents(1) | 28:11 |
| agree(5) | 18:16 19:13 36:20 41:22 45:4 |
| agreed(9) | 11:17 11:22 12:5 29:8 37:18 37:21 38:3 38:21 41:15 |
| agreeing(1) | 14:13 |
| agreement(30) | 9:24 15:8 15:12 15:13 15:16 16:18 18:12 18:13 18:15 18:17 20:5 26:8 29:9 29:14 30:8 30:10 31:14 31:19 35:16 35:17 36:14 39:2 39:5 41:23 44:1 44:22 45:3 45:11 45:12 46:8 46:10 |
| agreements(3) | 11:6 25:23 26:21 |
| aimed(1) | 24:9 |
| alert(1) | 38:19 |
| all(30) | 4:4 4:18 4:19 6:9 8:13 11:19 11:22 12:3 13:5 13:22 16:20 19:7 21:2 21:5 24:4 24:4 27:8 27:9 29:20 30:2 32:6 30:15 36:20 36:21 36:24 37:9 37:21 38:1 40:5 42:16 43:9 45:21 46:4 46:11 46:21 46:22 46:23 |
| allowed(1) | 45:6 |
| allows(1) | 45:7 |
| along(2) | 7:21 20:15 38:8 |
| already(3) | 29:16 34:7 46:22 |
| also(8) | 4:15 5:18 6:4 6:5 7:6 7:16 8:4 11:7 12:22 14:13 14:14 23:10 28:8 34:19 36:24 39:14 40:18 41:6 |
| alter(1) | 46:9 |
| alternatives(1) | 23:24 |
| although(1) | 4:22 |
| ambiguity(1) | 21:23 |
| america(3) | 3:40 11:15 33:7 |
| americas(2) | 2:21 3:30 |
| amish(2) | 3:41 11:15 |
| among(3) | 28:20 30:18 43:5 |
| amount(10) | 5:6 7:8 12:10 13:16 14:14 15:7 28:15 28:20 34:16 39:13 |
| amounts(5) | 11:8 13:20 27:7 27:9 38:10 |
| analyzing(1) | 33:14 |
| and(301) | 4:4 4:12 4:20 4:21 4:22 4:23 5:7 5:14 5:15 6:2 6:4 6:6 6:13 6:14 6:16 7:2 7:5 7:6 7:8 7:8 7:12 7:12 7:13 7:14 7:16 7:16 7:20 7:21 8:3 8:4 8:6 8:8 8:10 8:10 8:14 8:14 8:15 8:19 8:20 8:22 9:6 9:7 9:9 9:12 9:15 9:18 9:18 9:20 10:1 10:2 10:3 10:11 10:18 10:19 10:20 11:2 11:6 11:7 11:18 11:20 11:23 11:23 12:1 12:4 12:9 12:10 12:10 12:14 12:15 12:17 12:20 12:22 12:24 13:3 13:14 13:18 13:20 14:3 14:6 14:9 14:11 14:13 14:14 15:13 15:15 15:21 16:16 16:17 16:19 17:5 17:6 17:9 17:12 17:13 17:17 17:18 17:19 17:20 18:2 18:9 18:11 18:12 18:14 18:15 18:23 19:1 19:1 19:3 19:14 19:18 19:19 19:21 20:1 20:3 20:5 20:8 20:9 20:15 21:5 21:13 22:3 22:7 22:10 22:15 22:20 23:3 23:3 23:14 23:16 23:18 23:18 23:21 23:22 24:1 24:3 24:6 24:6 24:10 24:14 24:15 24:16 24:21 25:3 25:4 25:5 25:5 25:7 25:16 25:17 26:2 26:9 26:10 26:16 26:21 27:4 27:7 27:8 27:10 27:12 27:14 27:19 27:19 27:20 28:2 28:6 28:8 28:10 28:11 28:11 28:16 28:18 29:1 29:22 30:2 30:2 30:3 30:6 30:7 30:8 30:8 30:11 30:14 30:17 31:5 31:6 31:16 31:16 31:16 31:16 31:22 31:22 31:24 32:1 32:3 33:1 33:4 33:5 33:6 33:6 33:7 33:8 33:11 33:11 33:13 33:14 34:2 34:5 34:6 34:11 34:17 34:20 34:22 35:1 35:8 35:9 35:10 35:11 35:12 35:14 35:15 35:17 35:18 35:18 35:19 35:21 36:5 36:14 36:21 36:23 37:2 37:2 37:5 37:5 37:8 38:13 38:14 38:14 38:16 38:17 38:18 38:17 38:19 39:1 39:4 39:15 39:20 39:22 40:15 40:16 40:19 41:1 41:9 41:9 41:14 41:14 41:16 41:18 42:5 42:9 42:9 42:12 42:16 42:16 42:24 43:5 43:9 45:12 45:13 45:13 45:21 |
| and(1) | 45:22 46:23 46:23 46:24 |
| andrew(2) | 2:20 3:29 |
| anticipate(2) | 8:23 19:5 |
| anticipated(1) | 11:7 |
| anxious(1) | 20:6 |
| any(25) | 7:1 9:1 9:6 20:2 20:5 21:23 30:16 30:18 30:21 31:1 31:2 31:3 31:23 31:24 32:6 32:6 35:11 35:22 37:1 37:2 40:2 41:19 43:1 43:3 45:11 46:12 |
| anyone(7) | 18:24 19:20 32:7 36:1 40:3 40:23 45:15 |
| anything(4) | 13:1 17:2 17:6 42:23 43:22 |
| apa(10) | 5:8 9:23 17:3 17:13 37:7 37:11 37:12 38:17 44:20 45:7 |
| apologize(5) | 6:10 10:8 21:15 39:20 41:1 |
| appearances(1) | 3:17 |
| appointed(1) | 22:19 |
| appreciate(3) | 11:23 39:18 |
| appreciative(1) | 40:18 |
| approach(1) | 10:21 |
| appropriate(2) | 20:4 26:10 |
| approval(2) | 30:12 40:14 |
| approve(3) | 36:17 38:17 40:20 |
| approved(2) | 26:24 37:10 |
| approves(1) | 8:22 |
| approving(2) | 40:5 42:13 |
| approximately(5) | 9:14 26:9 29:2 35:2 38:5 |
| april(15) | 1:15 4:1 7:18 8:24 9:3 12:24 26:24 27:21 28:3 30:6 34:4 37:17 37:19 41:18 47:10 |
| are(37) | 4:21 5:19 8:24 9:7 9:22 10:13 11:6 11:7 11:20 13:19 14:12 15:2 15:9 17:9 17:9 17:18 17:19 18:12 19:1 21:12 27:12 29:9 29:19 37:7 37:15 37:16 37:19 37:23 38:1 38:6 38:10 38:20 39:23 42:24 44:11 45:10 46:21 |
| argument(1) | 36:8 |
| arm(2) | 37:5 37:5 |
| arm's(3) | 31:13 35:11 35:16 |
| around(3) | 5:1 9:12 37:12 |
| arrangement(1) | 38:23 |
| arrived(1) | 42:9 |
| arsht(1) | 2:32 |
| ask(2) | 20:13 20:15 |
| asking(1) | 40:20 |
| assert(1) | 31:2 |
| asserts(1) | 10:12 |
| asset(8) | 26:7 29:9 29:13 30:9 30:10 31:19 35:16 45:3 |
| assets(10) | 24:4 24:15 27:9 29:19 29:22 30:2 31:16 33:17 33:20 40:6 |
| assignment(4) | 6:17 7:8 7:9 15:14 |
| assist(3) | 23:23 24:22 33:20 |
| assisting(1) | 22:14 |
| assume(2) | 37:21 38:3 |
| assumed(4) | 9:12 28:12 28:22 34:22 |
| assumes(1) | 35:3 |
| attach(1) | 10:14 |
| attached(1) | 30:9 |
| attempt(2) | 7:23 31:2 |
| auction(26) | 5:1 5:5 5:16 6:16 7:4 8:8 8:10 8:12 9:10 9:19 19:2 19:3 26:12 27:23 28:1 28:6 28:14 29:7 30:22 31:5 34:10 35:7 36:24 40:16 42:8 42:11 |
| audible(2) | 32:9 36:3 |
| automatic(1) | 33:8 |
| automotive(1) | 33:7 |
| available(5) | 21:13 21:14 32:5 35:22 46:12 |
| avenue(8) | 1:39 2:6 2:21 2:48 3:13 3:30 3:36 3:48 |
| avoidance(1) | 29:23 |
| awake(1) | 16:11 |
| aware(7) | 14:4 30:18 31:1 35:11 37:1 37:1 41:23 |
| bachelors(1) | 33:10 |
| back(9) | 9:18 9:18 11:20 14:11 17:14 21:5 28:18 34:20 36:9 |
| background(4) | 5:15 22:7 32:16 32:18 |
| bankers(1) | 23:22 |
| banking(1) | 32:20 |
| bankruptcy(6) | 1:1 1:21 30:4 31:8 32:2 |
| bartley(1) | 1:29 |
| based(4) | 14:7 25:15 27:12 31:10 |
| became(1) | 26:19 |
| because(11) | 5:1 6:19 10:4 13:12 16:19 20:17 21:4 32:15 37:16 41:17 45:15 |
| been(19) | 5:14 6:21 7:7 7:14 14:10 17:7 20:2 22:24 23:10 24:13 25:10 29:11 36:16 37:17 38:13 41:17 42:11 44:14 |
| before(11) | 1:20 7:2 8:12 9:8 11:8 15:6 22:8 24:22 37:7 38:17 42:23 |
| began(1) | 22:13 |
| behalf(5) | 11:15 13:7 27:4 40:11 41:6 |
| being(5) | 18:14 19:15 19:16 29:10 38:20 |
| belief(1) | 31:7 |
| believe(3) | 5:20 5:21 6:23 8:8 10:5 10:19 11:10 12:15 14:6 14:16 14:18 14:21 15:12 18:23 36:14 36:15 36:16 36:19 37:16 39:7 40:2 40:13 46:7 |
| believes(1) | 31:4 |
| benefit(2) | 37:20 37:23 |
| berkovich(4) | 3:35 19:9 19:12 19:12 |
| best(10) | 8:20 10:3 24:2 25:2 28:23 31:6 32:21 35:19 40:14 42:16 |
| bet(1) | 39:23 |
| better(1) | 35:9 |
| between(8) | 11:22 16:18 17:20 18:9 18:22 19:1 20:3 30:8 |
| bid(31) | 5:5 7:21 7:23 8:2 8:2 8:18 8:20 8:20 9:13 25:19 26:22 27:1 27:3 27:10 28:13 28:17 28:19 28:23 29:1 29:3 29:6 31:6 34:3 34:4 34:5 34:6 34:15 34:18 34:21 35:3 35:6 |
| bidder(3) | 27:21 29:8 31:3 |
| bidders(9) | 27:14 27:14 27:15 28:10 30:18 30:20 30:20 35:13 36:24 |
| bidding(6) | 6:8 6:13 6:15 26:23 31:12 42:7 |
| bids(7) | 7:19 10:1 26:23 27:2 27:6 27:15 35:10 |
| binding(1) | 29:8 |
| black(5) | 10:19 10:20 10:21 11:2 38:15 |
| bleeding(1) | 37:9 |
| board(2) | 9:7 22:20 |
| boards(1) | 22:20 |
| bob(3) | 4:9 4:15 6:3 |
| both(6) | 8:4 9:6 21:12 27:13 37:10 39:5 |
| bound(2) | 26:19 26:20 |
| box(2) | 2:35 3:7 |
| brady(1) | 1:28 4:9 |
| brandywine(1) | 1:30 |
| breaches(1) | 37:2 |
| brief(2) | 19:23 20:8 |
| briefly(2) | 27:18 33:18 |
| bring(1) | 6:11 |
| building(1) | 1:30 |
| burden(1) | 36:16 |
| business(9) | 16:20 24:12 24:19 25:1 25:7 26:11 33:10 35:19 |
| but(28) | 5:4 5:8 8:17 9:17 11:9 11:20 12:9 13:15 14:17 14:18 16:15 17:7 17:12 19:20 20:6 21:16 23:11 25:12 25:20 37:13 38:17 39:21 40:4 40:16 41:2 43:4 45:6 46:13 |
| butler(27) | 4:16 6:4 6:6 22:3 22:4 22:17 22:22 24:8 24:20 25:13 26:22 27:6 27:17 28:1 28:5 28:13 28:18 29:1 29:5 30:1 31:9 32:4 32:8 34:9 34:14 34:19 35:1 |
| butler's(7) | 22:5 30:14 32:4 33:24 34:7 36:22 37:14 |
| calaman(1) | 47:11 |
| call(3) | 6:20 12:12 43:17 |
| came(1) | 13:12 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|

**can(21)** 5:22 10:19 10:21 12:4 17:21 18:17 19:2 19:7 19:9 20:9 20:13 20:14 39:3 39:4 39:4 41:10 42:23 44:1 44:23 44:23 46:22

**can't(1)** 20:10

**candid(1)** 14:10

**cannot(2)** 45:5 45:5

**capstone(3)** 22:9 22:13 24:23

**care(2)** 16:20 20:22

**carl(1)** 3:47

**carlyle(1)** 2:4

**case(2)** 1:9 26:20

**cases(2)** 24:6 26:17

**cash(5)** 9:11 28:21 34:22 38:7 41:10

**cbay(23)** 5:5 5:8 8:10 8:20 16:19 26:8 28:9 28:19 30:8 30:15 31:2 31:5 31:7 31:13 31:22 37:17 37:21 38:3 40:6 42:15 45:5 45:5 45:20

**cbay/medquist(1)** 2:32

**cede(1)** 40:3

**certain(4)** 12:24 28:22 29:17 39:15

**certainly(4)** 7:21 5:9 8:23 15:4 19:23 36:14 42:11

**certification(1)** 47:4

**certify(1)** 47:5

**challenge(1)** 41:15

**challenges(1)** 24:21

**chambers(1)** 39:4

**chance(1)** 19:4

**changes(3)** 11:20 23:13 39:6

**chapter(2)** 1:7 25:8

**chief(3)** 4:16 22:3 22:19

**chose(1)** 17:9

**circumstances(1)** 31:17

**claims(1)** 30:2

**clarification(2)** 39:13 39:19

**clarified(1)** 12:10

**clarity(1)** 15:10

**clark(1)** 17:13

**clear(3)** 15:10 18:13 30:2

**clearly(1)** 42:7

**clerk(2)** 4:2 44:7

**client(3)** 19:17 19:18 45:24

**clinical(1)** 23:15

**close(3)** 11:8 30:5 44:20

**closed(1)** 37:18

**closing(2)** 8:23 29:17

**closure(1)** 20:8

**co-counsel(2)** 4:8 4:9

**cobb(1)** 3:4

**code(3)** 30:4 31:8 32:2

**colleague(1)** 6:2 36:9 36:13

**colleagues(1)** 33:13

**collusion(5)** 30:18 30:21 35:11 35:13 37:1

**come(8)** 5:15 7:2 14:17 17:13 21:5 23:12 45:5 45:5

**comfortable(2)** 20:9 20:10

**commenced(1)** 8:9

**commencement(1)** 24:5

**commend(2)** 42:16 46:23

**committee(16)** 2:10 8:14 8:15 8:19 9:7 28:12 36:23 37:5 38:13 39:5 40:11 40:12 40:17 41:2 41:7 41:15

**communications(5)** 3:11 3:34 7:20 25:16 27:3

**companies(2)** 22:11 33:4

**company(3)** 12:13 23:21 32:20

**company's(1)** 23:17

**comparison(1)** 35:2

**competing(1)** 9:13 10:1

**compliance(2)** 6:18 17:2

**complied(2)** 6:14 42:8

**comply(1)** 38:23

**component(1)** 28:21

**comprised(1)** 9:11

**conaway(2)** 1:26 4:9

**concept(1)** 41:14

**concerns(1)** 24:24

**concluded(1)** 26:12

**concludes(1)** 36:6

**condition(2)** 8:4 8:5

**conditionality(1)** 10:2

**conditions(5)** 9:1 9:24 15:15 23:9 29:13

**conduct(1)** 37:3

**conducted(3)** 28:3 35:8 42:9

**conference(1)** 43:4

**confident(1)** 11:19

**confirm(3)** 12:4 29:16 45:22

**confirmed(5)** 30:20 35:13 36:24 38:13 39:7

**congratulate(1)** 42:15

**connection(2)** 6:15 41:13

**consent(5)** 15:14 16:21 18:14 18:17 44:19 44:20 45:13

**consented(2)** 17:3 17:17

**consents(3)** 14:8 14:15 16:16

**consider(1)** 38:17

**consideration(4)** 5:7 9:11 9:15 38:8

**consistent(1)** 34:8

**consisting(3)** 28:20 34:21

**constituencies(1)** 7:22

**constituents(1)** 10:3

**constraints(2)** 23:19 24:21

**consultation(2)** 8:19 24:1

**consulting(2)** 22:10 32:23

**consuming(1)** 8:12

**consummated(2)** 25:5 25:6

**contact(1)** 26:17

**contacted(2)** 25:18 25:21

**contemplated(1)** 41:21

**continued(4)** 2:2 3:2 26:17 26:19

**contract(1)** 15:14

**contracts(2)** 6:20 11:6

**contractual(1)** 37:10

**contributed(1)** 40:19

**contribution(1)** 23:16

**cooper(1)** 33:2

**corporate(1)** 33:1

**correct(4)** 11:17 15:8 44:17 47:5

**corrected(1)** 12:10

**could(7)** 20:15 20:16 20:20 25:8 41:21 41:22 42:23

**counsel(9)** 8:14 8:15 11:10 12:9 12:22 14:8 14:16 28:10 30:17

**counsel's(1)** 11:23

**counterparties(3)** 25:23 26:3 26:18

**county(2)** 10:11 10:12

**couple(2)** 20:13 26:13 45:22

**course(12)** 7:1 7:10 8:8 10:22 11:9 13:3 30:11 44:21 45:10 46:8 46:13 46:14

**court(101)** 1:1 4:3 4:6 4:11 4:14 5:3 5:11 5:23 6:9 7:7 9:4 10:7 10:16 10:22 11:3 11:13 12:3 12:16 12:19 13:5 13:7 13:22 13:24 14:5 14:23 15:1 15:4 16:1 16:4 16:8 16:11 16:14 16:22 17:15 17:19 17:22 18:5 19:22 20:2 20:20 20:24 21:2 21:7 21:21 22:1 23:1 23:3 23:5 24:11 26:13 26:24 27:13 27:17 27:19 29:14 30:6 30:12 30:19 32:7 32:10 36:1 36:4 36:10 36:17 36:19 37:8 38:16 38:19 39:10 39:16 39:18 39:23 40:4 40:7 40:22 41:4 41:12 41:21 41:23 42:1 42:3 42:15 42:19 43:3 43:5 43:9 43:13 43:17 43:18 43:21 44:5 44:8 44:12 45:1 45:15 45:19 46:1 46:3 46:11 46:17 46:21 47:2

**court's(2)** 4:20 27:19

**courthouse(1)** 12:15

**courtroom(9)** 1:11 4:15 4:24 14:22 21:13 22:4 30:19 32:5 35:12

**create(2)** 18:22 18:24

**creating(1)** 18:10

**creditors(5)** 2:11 31:22 40:11 40:12 40:15

**crisis(1)** 22:10

**critical(1)** 46:8

**cro(1)** 6:4

**cross(6)** 21:13 21:14 32:5 32:7 35:22 36:1

**culminated(3)** 26:7 28:19 34:3

**culminating(1)** 34:20

**cure(5)** 5:17 5:18 6:16 6:22 7:8 7:8 7:9 9:8 10:6 12:8 12:10 12:21 12:21 13:2 13:4 13:16 13:16 13:21 14:3 14:14 15:7 21:5

**data(1)** 1:46 25:24

**date(7)** 7:15 9:2 22:18 24:7 37:17 37:19 47:11

**dated(1)** 12:24

**dates(1)** 5:13

**day(10)** 3:40 6:24 8:18 11:15 16:21 17:11 23:8 23:8 23:11 45:12

**days(1)** 21:17

**deadline(9)** 7:9 7:19 7:21 26:22 27:1 27:16 34:3 41:15 41:22

**deal(3)** 5:22 7:2 7:14

**dealt(1)** 9:5

**debt(2)** 24:24 38:9

**debtor(3)** 19:24 20:6 36:7

**debtors(67)** 1:26 4:8 4:10 4:17 4:21 6:5 6:13 7:18 7:21 8:4 8:8 8:19 10:3 10:13 10:13 11:7 11:23 12:9 13:18 14:11 16:19 21:10 21:13 22:3 22:13 23:9 23:23 24:2 24:4 24:14 24:14 24:20 25:2 25:4 25:22 26:1 26:2 26:5 26:12 27:7 28:11 29:8 29:21 30:8 30:16 31:12 31:19 31:21 31:21 31:24 32:13 33:19 33:20 35:19 35:21 36:15 37:2 38:1 38:4 38:23 40:2 40:6 40:15 42:10 44:19

**december(1)** 22:18

**decide(1)** 43:23

**decision(1)** 8:9

**decline(1)** 23:17

**deemed(5)** 13:1 27:14 28:16 28:23 34:15

**defer(1)** 39:20

**defined(2)** 31:8 32:1

**degradation(1)** 25:1

**degree(1)** 33:10

**delaware(7)** 1:2 1:13 2:6 3:13 3:48 4:1 19:4

**delivery(1)** 30:7

**delphi(1)** 33:7

**delta(1)** 33:8

**demonstrating(1)** 24:12

**deposit(1)** 34:5

**deposits(1)** 27:7

**derek(1)** 2:33

**describe(4)** 24:16 25:13 27:18 28:1 28:8 28:13 28:18 29:19 30:6 30:19 32:16 34:4 34:14 34:19

**described(1)** 29:2 34:7

**describing(1)** 32:17

**desperately(1)** 16:10

**despite(1)** 11:24

**detailed(1)** 17:4

**details(1)** 34:6

**deterioration(2)** 25:1 25:7

**determination(4)** 25:2 25:5 26:10 27:19

**determined(5)** 5:5 8:1 8:2 8:18 24:2

**developments(1)** 23:14

**diaz(1)** 1:46

**did(6)** 4:24 4:24 5:8 15:1 27:22 34:14

**didn't(2)** 39:16 45:7

**difference(1)** 19:1

**differences(2)** 17:13 18:22

**different(1)** 41:3

**difficult(3)** 8:17 45:22

**difficulties(1)** 23:13

**diligence(4)** 6:19 25:24 26:21 34:2

**dip(6)** 2:45 3:4 8:24 9:2 38:11 41:20

**direct(3)** 23:12 30:14 32:4

**director(3)** 22:9 32:19 32:22

**directors(2)** 22:20 22:21

**discuss(2)** 21:6 42:22

**discussion(4)** 20:8 43:1 43:4 43:22

**discussions(3)** 8:24 20:2 23:10

**disgorgement(3)** 38:12 41:11 41:14

**district(1)** 1:2

**diverse(1)** 22:10

**division(1)** 32:20

**docket(1)** 12:16

**documentation(1)** 23:15

**does(2)** 22:9 32:7 36:1 37:13 38:11 39:14 45:15

**doesn't(3)** 18:2 20:7 21:23

**doing(1)** 6:19

**don't(17)** 9:6 14:19 17:1 17:12 18:8 18:10 18:15 18:19 19:5 19:20 19:21 19:23 20:4 20:17 40:1 41:19 43:19

**done(1)** 17:17

**dorsey(1)** 3:11

**doshi(8)** 3:41 11:10 11:12 11:13 11:14 11:15 12:3 12:5

**down(2)** 15:17 41:10

**dozen(1)** 6:20

**driving(1)** 9:22

**drop(1)** 39:4

**duane(2)** 2:25 3:19

**due(4)** 19:3 25:24 26:21 46:14

**during(3)** 23:17 28:6 34:10

**each(2)** 22:19 24:17

**earlier(1)** 9:2

**early(2)** 8:1 23:22

**earned(1)** 42:6

**echoed(1)** 33:24

**economically(1)** 38:7

**economics(3)** 33:11 37:10 37:13

**ecro(1)** 1:44

**effecting(1)** 33:15

**effectively(1)** 33:21

**effort(1)** 46:23

**efforts(4)** 26:15 34:2 40:18 42:16

**eighteen(1)** 26:19

**either(3)** 25:21 26:4 26:17

**electronic(3)** 1:52 25:24 47:6

**element(1)** 30:13

**elements(3)** 24:9 24:11 24:17

**elizabeth(2)** 2:19 40:10

**else(3)** 40:3 40:23 45:16

**email(1)** 20:21

**emailed(1)** 20:17

**employed(1)** 33:2

**employee(1)** 38:4

**employees(3)** 37:22 37:23 38:1

**employment(2)** 22:7 23:21

**encumbrances(1)** 30:3

**end(3)** 8:18 16:20 45:12

**endure(1)** 25:8

**enforce(4)** 44:23 44:23

**engaged(3)** 7:22 25:23 30:21

**engagement(1)** 33:18

**enough(1)** 7:13

**enter(2)** 40:4 42:12

**entered(3)** 6:13 31:14 35:17 39:1

**entirety(1)** 34:11

**entry(3)** 31:18 40:13 40:14

**equipment(1)** 29:21

| Word | Page:Line |
|---|---|
| esq(23) | 1:27 1:28 1:29 1:36 1:37 1:38 2:5 2:11 2:19 2:20 2:26 2:33 2:40 2:46 2:47 3:5 3:12 3:20 3:21 3:29 3:35 3:41 3:47 |
| established(1) | 26:1 |
| estate(2) | 25:7 42:10 |
| estates(5) | 5:6 31:22 35:20 37:20 37:23 40:15 |
| europe(1) | 33:6 |
| evaluating(1) | 33:15 |
| evaluation(1) | 24:23 |
| even(3) | 9:21 10:1 16:18 |
| evening(1) | 28:2 |
| events(5) | 21:17 23:20 27:12 27:18 34:1 |
| everyone(3) | 4:3 20:9 44:8 |
| everything(2) | 17:11 46:4 |
| evidence(5) | 6:2 21:18 32:11 36:5 36:15 |
| evidentiary(4) | 10:5 20:14 36:7 36:14 |
| exact(1) | 39:21 |
| exactly(1) | 45:1 |
| examination(4) | 21:13 21:14 32:5 35:22 |
| examine(2) | 32:7 36:2 |
| excellent(3) | 5:23 12:6 46:21 |
| except(1) | 19:16 |
| excess(2) | 29:3 34:18 |
| excluded(1) | 29:22 |
| excluding(1) | 26:18 |
| executed(1) | 37:12 |
| execution(3) | 30:7 31:13 35:15 |
| exercise(3) | 26:10 31:19 35:19 |
| expenses(1) | 39:15 |
| experience(4) | 22:22 22:24 31:10 33:13 |
| exploring(1) | 23:23 |
| extend(1) | 41:22 |
| extended(1) | 41:18 |
| extensive(1) | 33:13 |
| extent(3) | 12:24 13:19 20:9 |
| extra(1) | 21:22 |
| face(5) | 9:12 28:22 29:4 34:22 35:4 |
| fact(2) | 26:3 29:10 |
| fair(7) | 24:14 24:15 31:5 31:16 35:18 36:22 42:9 |
| fairly(1) | 42:9 |
| faith(6) | 24:16 30:13 31:7 31:14 35:10 |
| familiarity(1) | 33:8 |
| far(3) | 5:14 9:18 26:4 |
| farr(7) | 1:35 4:8 4:13 16:5 28:4 34:13 |
| faxed(1) | 20:20 |
| february(7) | 6:8 6:12 7:4 13:12 33:19 33:23 34:1 |
| federal(1) | 33:8 |
| feeling(1) | 42:19 |
| fees(1) | 39:15 |
| few(9) | 5:13 5:21 14:19 15:5 19:2 37:15 39:3 39:6 42:22 |
| figure(1) | 17:8 |
| file(1) | 37:12 |
| filed(8) | 5:17 5:18 7:7 10:11 10:17 12:9 12:16 12:21 |
| final(5) | 20:15 28:19 30:9 30:14 45:9 |
| finality(2) | 20:1 20:6 |
| finalized(1) | 11:19 |
| finally(1) | 33:3 |
| financial(12) | 6:5 22:10 23:9 23:22 25:17 26:16 28:9 28:11 32:22 33:3 33:16 39:21 |
| find(1) | 12:11 |
| findings(3) | 14:13 15:21 17:18 |
| fine(1) | 21:21 |
| finger(2) | 2:10 41:6 |
| finished(1) | 5:1 |
| finnegan(1) | 1:27 |
| first(12) | 4:18 5:13 6:21 7:9 10:9 22:2 23:11 32:17 36:21 41:10 44:18 45:20 |
| floor(2) | 1:31 2:35 |
| focusing(1) | 25:20 |
| following(1) | 34:2 |
| follows(2) | 22:6 24:18 |
| for(77) | 1:2 1:26 2:4 2:10 2:25 2:32 2:45 3:4 3:11 3:19 3:34 3:40 3:46 4:7 5:12 6:23 7:6 7:6 7:9 9:9 9:13 10:20 11:14 12:4 14:21 15:10 15:19 16:6 16:7 16:9 17:6 17:7 17:13 17:17 19:9 19:13 19:14 20:1 20:7 20:12 21:13 21:14 22:11 24:10 24:11 24:15 26:1 26:9 26:23 27:9 28:2 28:14 29:14 30:6 30:19 31:15 32:5 32:17 33:2 34:10 35:22 36:11 36:13 36:17 37:22 39:11 40:9 41:2 41:2 41:5 42:3 43:22 45:2 45:18 45:21 46:6 46:13 |
| foregoing(1) | 47:5 |
| foresee(1) | 9:6 |
| forgetting(1) | 10:8 |
| forgot(1) | 6:11 |
| form(2) | 30:9 42:22 |
| formal(4) | 7:11 7:15 10:17 38:17 |
| forth(8) | 11:20 14:11 17:11 26:23 28:18 34:20 36:14 39:1 |
| found(2) | 6:21 12:15 |
| frame(1) | 16:9 |
| fraud(1) | 31:1 |
| free(1) | 30:2 |
| from(31) | 4:9 4:13 5:22 6:4 6:7 6:7 7:19 7:20 8:7 12:2 12:13 14:17 15:20 16:2 16:5 16:15 19:3 19:12 23:3 27:2 34:7 35:5 40:10 40:15 41:10 41:19 42:6 42:8 42:18 44:6 47:6 |
| front(3) | 9:23 14:10 37:8 |
| full(3) | 17:3 29:14 35:9 |
| fully(1) | 18:10 |
| fund(2) | 37:19 38:21 |
| funding(1) | 37:19 |
| further(4) | 22:17 40:2 42:5 43:1 |
| furthermore(1) | 37:3 |
| gain(1) | 38:21 |
| gallagher(1) | 1:35 4:8 4:13 28:4 34:13 |
| garrison(3) | 2:18 3:28 40:11 |
| gave(1) | 17:4 |
| gelber(1) | 2:47 |
| get(8) | 7:1 7:17 7:23 21:18 43:14 44:16 45:7 45:13 |
| getting(1) | 42:6 |
| give(3) | 5:14 18:2 20:6 |
| given(1) | 9:13 |
| godspeed(1) | 17:21 |
| going(12) | 9:17 11:21 14:11 15:1 16:6 20:7 21:3 21:19 37:19 42:5 44:13 46:19 |
| gone(1) | 21:4 |
| good(22) | 4:3 4:4 4:5 4:6 11:13 11:14 13:8 13:11 14:20 16:3 16:4 21:8 24:16 30:13 31:7 31:14 35:10 35:17 36:20 40:8 40:9 47:2 |
| goodness(1) | 5:3 |
| got(6) | 6:22 13:15 13:15 16:21 39:21 45:4 |
| gotshal(1) | 3:34 |
| gotshall(1) | 19:13 |
| grant(1) | 42:12 |
| great(2) | 37:20 37:23 |
| gross(1) | 1:20 |
| grounded(1) | 38:6 |
| grounding(1) | 5:14 |
| group(2) | 22:9 33:1 |
| grueling(1) | 4:22 |
| guess(1) | 21:15 |
| guidance(2) | 4:20 5:22 |
| had(12) | 7:18 8:10 11:19 13:13 19:4 19:19 23:13 30:21 37:3 39:15 42:19 43:22 |
| hadn't(1) | 6:21 |
| half(2) | 13:15 23:18 |
| hand(4) | 6:1 10:19 10:21 39:3 |
| handed(1) | 44:15 |
| handful(1) | 6:23 |
| happen(1) | 19:21 |
| happening(1) | 29:11 |
| happy(4) | 10:13 17:8 38:20 40:3 |
| hard(2) | 40:19 46:23 |
| harrisburg(1) | 1:48 |
| has(27) | 7:14 7:16 9:23 17:5 18:11 18:18 20:2 20:17 22:8 22:24 24:13 25:10 33:3 33:10 33:11 36:16 37:17 37:18 37:18 37:21 38:3 38:13 38:15 42:11 43:13 45:2 46:7 |
| have(49) | 4:15 7:6 9:20 10:1 10:2 10:18 10:20 12:9 12:16 12:20 14:9 14:10 15:8 15:12 15:19 17:7 19:2 19:7 19:14 19:19 19:21 20:16 20:20 21:4 21:10 21:19 23:10 24:14 24:14 24:16 29:11 33:13 37:13 38:7 38:21 39:6 40:2 41:15 41:17 43:22 43:1 43:1 43:3 43:10 43:19 44:20 44:21 45:13 |
| haven't(2) | 18:19 19:4 |
| having(4) | 9:6 17:7 17:13 20:8 |
| he's(2) | 31:1 32:19 |
| healthways(5) | 3:46 7:16 12:21 12:22 13:8 |
| hear(1) | 16:2 |
| heard(8) | 16:15 18:19 32:9 36:3 40:4 40:15 41:8 45:16 |
| hearing(12) | 4:19 5:12 6:7 6:16 7:1 7:12 19:20 21:16 25:20 32:10 36:4 47:3 |
| heavily(1) | 36:23 |
| help(1) | 20:15 |
| helpful(3) | 42:4 43:3 43:6 |
| here(8) | 10:9 13:7 16:7 17:6 20:1 22:23 32:5 37:5 |
| here's(1) | 44:11 |
| higher(1) | 35:9 |
| highest(3) | 8:20 28:23 31:6 |
| him(1) | 32:17 |
| his(20) | 22:7 22:7 22:22 22:23 23:8 23:12 25:15 25:16 29:5 30:15 31:6 31:10 31:10 31:12 31:18 31:23 32:17 33:11 33:18 |
| hit(2) | 23:11 29:14 |
| hold(2) | 43:14 43:17 |
| holding(1) | 38:22 |
| holdings(1) | 12:14 |
| holds(1) | 10:12 |
| home(2) | 18:3 45:14 |
| homerun(1) | 5:10 |
| honor(78) | 4:5 5:9 5:22 6:12 6:18 7:2 7:10 7:12 8:22 9:9 10:20 11:1 11:12 13:11 13:23 14:4 14:10 14:20 15:3 16:3 16:6 16:17 17:4 17:9 18:1 18:6 18:7 19:8 19:9 19:11 20:12 20:21 21:9 21:10 22:6 22:23 23:7 24:20 25:10 29:7 30:13 31:9 32:3 32:12 32:15 33:21 35:14 35:21 36:6 36:16 38:6 38:15 39:4 39:9 40:1 40:9 40:12 40:21 41:1 41:22 42:2 42:17 43:1 43:7 43:8 43:16 44:3 44:4 44:10 44:15 45:9 45:17 46:5 46:15 46:16 46:17 47:1 |
| honor's(5) | 8:3 8:5 8:6 14:13 15:18 |
| honorable(1) | 1:20 |
| hopeful(1) | 8:23 |
| hopefully(3) | 21:6 42:24 44:16 |
| horse(13) | 9:24 16:7 16:17 26:7 26:8 26:18 27:10 28:17 29:3 29:6 34:18 35:3 35:6 |
| hour(1) | 46:20 |
| hours(1) | 17:7 |
| housekeeping(1) | 38:18 |
| how(19) | 4:9 5:14 9:9 9:18 9:18 15:17 18:21 46:3 |
| hroblak(1) | 6:7 |
| hroblak's(1) | 33:23 |
| i'd(4) | 5:16 10:9 12:7 37:15 |
| i'll(7) | 7:16 20:10 24:16 25:11 29:14 43:23 44:16 |
| i'm(19) | 4:8 5:18 8:13 8:22 11:19 13:10 16:6 16:9 17:2 17:16 17:17 18:22 19:1 20:5 21:19 37:8 40:3 43:11 45:6 |
| i've(2) | 16:21 34:6 |
| identifies(1) | 11:6 |
| iii(2) | 3:47 38:22 |
| implementation(1) | 22:15 |
| important(2) | 9:20 37:16 |
| importantly(1) | 9:21 |
| improvement(2) | 29:4 35:5 |
| improvements(1) | 22:16 |
| inc(8) | 1:9 3:46 11:16 12:21 15:14 23:21 27:3 27:5 |
| incentive(1) | 38:4 |
| inches(1) | 9:17 |
| inclination(1) | 19:22 |
| include(4) | 24:12 29:20 29:22 39:14 |
| included(5) | 10:18 11:20 13:16 27:6 28:9 |
| including(7) | 22:14 23:10 23:14 23:24 30:20 33:7 41:18 |
| incorporate(3) | 14:12 18:21 23:5 |
| incorporated(1) | 19:15 |
| incorporates(1) | 17:10 |
| increase(1) | 9:15 |
| increasing(1) | 24:24 |
| indeed(1) | 31:6 |
| indicated(1) | 36:22 |
| industry(1) | 23:16 |
| inform(1) | 36:19 |
| informal(3) | 12:7 12:12 12:13 |
| information(1) | 26:3 |
| informed(1) | 38:9 |
| initial(1) | 27:7 |
| initiated(2) | 25:13 26:17 |
| insider(2) | 32:1 32:1 |
| intellectual(1) | 29:22 |
| intend(1) | 37:12 |
| intended(2) | 44:18 45:10 |
| intensive(1) | 4:23 |
| intention(1) | 13:2 13:19 |
| interest(5) | 17:7 31:21 31:23 35:20 42:10 |
| interests(2) | 30:3 40:14 |
| interlineate(1) | 39:4 |
| interpreted(1) | 17:1 |
| into(15) | 15:21 19:15 19:16 21:24 23:6 28:2 31:14 31:18 32:11 35:17 36:5 39:1 44:14 46:12 46:24 |
| introduce(1) | 21:23 |
| inventory(1) | 29:21 |
| investment(2) | 23:22 32:20 |
| invoice(4) | 12:24 13:1 13:13 13:14 |
| involved(4) | 8:13 20:2 36:23 42:16 |
| issue(9) | 7:13 8:3 11:7 16:9 18:9 18:10 18:16 18:18 19:6 |
| issues(8) | 8:17 9:6 15:9 17:19 17:20 20:5 41:3 42:24 |
| it's(9) | 4:4 12:1 17:1 19:21 37:9 37:11 41:2 43:11 46:19 |
| its(7) | 11:9 12:15 18:11 18:12 18:15 34:10 40:15 |
| itself(4) | 5:18 19:14 41:20 45:3 |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| james(1) 3:46 | | less(2) 9:24 10:2 | | members(1) 8:15 | | notice(7) 6:14 6:16 6:17 7:4 10:10 24:13 25:10 | |
| jason(1) 6:7 | | let(2) 5:9 45:20 | | memorialized(2) 29:10 29:11 | | | |
| jeffery(1) 46:5 | | let's(3) 16:1 43:9 43:21 | | mentioned(2) 29:16 37:7 | | noticed(1) 6:21 | |
| jeffrey(3) 3:21 14:21 18:8 42:17 | | letter(1) 45:4 | | mergers(1) 33:15 | | notices(2) 6:23 7:10 | |
| jeffries(8) 6:5 6:7 23:21 24:2 24:22 32:20 32:21 33:13 | | lewis(1) 17:12 | | mesirow(1) 32:22 | | noting(1) 14:14 | |
| | | liabilities(5) 9:13 28:16 28:23 34:17 34:23 | | met(1) 36:16 | | november(2) 22:12 22:12 | |
| jennifer(1) 1:44 | | licenses(1) 33:11 | | michael(1) 1:38 | | now(9) 9:22 11:5 20:23 27:12 27:17 29:10 32:4 | |
| jest(1) 39:21 | | lien(2) 10:10 10:12 | | middle(1) 16:10 | | | |
| joined(1) 4:8 | | liens(2) 10:14 30:2 | | might(2) 43:14 46:17 | | nuance(11) 3:11 3:34 7:20 7:23 8:1 8:5 19:13 27:2 27:21 34:5 34:6 | |
| joining(1) 32:21 | | light(1) 21:16 | | mike(2) 16:5 19:11 | | | |
| jones(39) 1:36 4:5 4:7 4:12 4:15 5:4 5:12 6:1 6:9 6:10 9:5 10:8 10:17 10:22 11:1 11:4 12:4 12:7 12:20 13:6 13:9 14:1 14:3 14:6 15:7 20:22 21:7 23:21 24:3 34:10 36:11 36:12 39:15 39:20 40:1 40:7 40:16 43:6 46:20 | | like(14) 4:18 5:16 6:24 9:17 10:6 10:9 12:1 12:7 12:22 34:9 34:19 35:1 37:15 40:4 | | milestones(1) 9:1 | | number(3) 15:8 39:17 43:10 | |
| | | | | million(21) 9:10 9:11 9:12 9:14 9:15 26:9 27:7 27:8 27:10 27:11 28:15 28:17 28:21 29:2 34:16 34:18 34:22 35:3 38:9 38:10 39:14 | | numbers(3) 39:21 39:22 | |
| | | likewise(1) 21:9 | | | | numerous(2) 25:17 26:2 | |
| | | limitation(3) 29:20 29:23 | | | | object(1) 6:24 | |
| | | line(4) 10:20 10:21 11:2 38:15 | | mind(1) 19:23 | | objected(1) 17:5 | |
| journal(1) 7:5 | | lipton(2) 2:39 45:18 | | minute(1) 46:12 | | objection(19) 7:9 7:14 7:15 10:17 11:5 12:2 12:8 12:13 12:15 12:17 12:21 13:12 13:17 14:3 14:4 14:6 15:11 15:18 37:3 | |
| judge(2) 1:21 18:1 | | liquidity(2) 23:19 24:20 | | minutes(2) 20:13 36:19 | | | |
| judgment(4) 25:4 26:11 31:20 35:19 | | literally(3) 11:18 11:22 29:12 | | misled(1) 39:16 | | | |
| just(32) 5:13 6:11 9:9 10:6 11:21 15:5 16:9 16:10 18:2 19:24 20:7 20:13 20:14 20:15 21:15 23:11 24:11 29:2 29:14 32:16 33:24 35:14 36:18 38:6 39:13 39:15 41:23 42:22 43:2 43:5 44:1 44:15 | | litigation(2) 27:18 27:20 | | modal(1) 16:19 | | objections(8) 5:17 5:17 5:18 7:2 7:11 9:8 10:6 21:5 | |
| | | little(2) 5:15 21:16 | | mogul(1) 33:8 | | | |
| | | llp(10) 1:35 2:18 2:25 2:45 3:11 3:19 3:28 3:34 3:40 3:46 | | moment(2) 6:10 19:10 | | obligations(2) 37:22 38:4 | |
| | | | | momentarily(1) 46:19 | | obtaining(1) 24:10 | |
| | | loads(1) 24:24 | | moments(3) 15:6 19:2 42:22 | | obviously(4) 37:20 37:22 42:4 43:23 | |
| kathryn(2) 2:46 39:11 | | long(2) 17:2 40:16 | | monday(1) 41:17 | | occurred(1) 23:14 | |
| katz(2) 2:39 45:18 | | look(2) 9:17 46:13 | | money(2) 10:2 18:2 | | october(1) 25:13 | |
| keep(1) 10:8 | | looking(5) 16:18 17:13 17:16 18:22 19:24 | | months(1) 45:23 | | off(6) 9:2 25:18 33:23 37:21 38:12 39:4 | |
| keeping(1) 38:2 | | | | more(9) 5:8 9:21 10:2 10:4 11:5 17:9 32:14 36:18 36:19 | | offer(1) 24:8 | |
| kelly(32) 1:38 16:1 16:2 16:3 16:5 16:5 16:9 16:12 16:20 17:1 17:16 17:21 18:1 18:7 18:10 18:20 19:11 19:11 19:13 19:15 43:16 43:19 44:3 44:9 44:10 44:13 45:2 45:6 45:23 46:7 46:15 46:19 | | loudoun(2) 10:11 10:11 | | | | offered(1) 5:6 | |
| | | m-modal(8) 7:11 8:3 8:6 14:4 14:15 16:16 44:14 45:4 | | | | offerings(1) 36:7 | |
| | | | | morning(7) 11:18 11:22 12:2 12:5 14:11 37:8 37:9 | | offers(1) 27:8 | |
| | | m-modal's(2) 14:8 14:16 | | | | office(1) 43:11 | |
| | | ma'am(1) 4:11 | | morris(4) 2:25 2:32 3:19 3:46 | | officer(3) 4:16 22:3 22:19 | |
| kerri(1) 3:5 | | machinations(1) 45:10 | | morton(1) 40:10 | | offices(2) 28:3 34:12 | |
| kevacore(1) 33:7 | | made(6) 6:22 14:7 14:15 18:13 18:22 | | most(1) 5:6 | | official(1) 2:10 | |
| kevin(1) 1:20 | | main(1) 23:11 | | motion(3) 21:12 36:8 42:12 | | okay(6) 10:9 10:16 14:24 16:8 20:24 21:3 | |
| key(2) 5:13 38:3 | | make(14) 9:1 12:23 14:13 15:10 20:8 20:10 21:14 32:4 35:21 36:7 38:17 40:3 43:14 45:15 | | move(3) 9:8 17:18 25:11 | | once(2) 36:11 37:22 | |
| kind(1) 7:13 | | | | moved(1) 37:17 | | one(15) 2:12 6:10 6:11 7:19 7:20 15:10 25:7 29:3 32:10 35:2 35:3 36:4 36:18 38:18 39:13 | |
| king(1) 2:13 | | | | much(3) 4:19 8:16 46:16 | | | |
| knew(1) 37:4 | | makes(3) 19:17 35:2 43:16 | | multimodal(11) 2:25 3:19 14:21 17:20 20:3 20:13 27:19 42:12 42:18 46:6 46:8 | | | |
| know(5) 5:9 9:16 11:18 20:4 20:18 40:17 | | making(1) 41:23 | | | | ongoing(1) 34:2 | |
| knowledge(4) 30:16 31:10 31:23 33:14 | | mallard(1) 3:12 | | | | online(1) 25:24 | |
| known(2) 23:3 27:13 | | management(2) 12:13 22:10 26:5 | | multiple(2) 42:14 47:1 | | only(3) 5:18 14:9 17:16 | |
| knows(1) 27:17 | | managers(1) 22:21 | | mumford(1) 3:5 | | open(5) 5:21 31:5 35:8 36:23 43:5 | |
| kpmg(1) 33:1 | | managing(3) 22:8 32:19 32:22 | | | | opening(2) 9:13 34:15 | |
| kunz(6) 3:47 13:7 13:8 13:10 13:23 14:2 | | manges(1) 3:34 | | necessarily(2) 20:4 20:7 | | operating(1) 22:15 | |
| lack(1) 11:24 | | manner(1) 35:8 | | necessary(4) 14:19 14:19 19:21 36:15 | | operation(1) 41:16 | |
| landis(1) 3:4 | | many(4) 4:23 33:5 | | need(4) 15:5 19:18 24:23 41:19 | | operational(2) 23:13 24:21 | |
| landlord(1) 12:14 | | march(1) 7:10 | | needed(2) 7:24 8:16 | | operations(2) 23:9 33:16 | |
| language(22) 5:19 10:18 11:4 11:18 11:19 11:21 12:1 12:5 14:11 14:18 15:7 15:9 18:24 19:16 19:19 20:15 20:18 38:13 39:1 39:6 44:13 44:18 | | maris(1) 1:27 | | negative(1) 23:17 | | opportunity(4) 6:24 19:18 19:19 35:9 | |
| | | market(6) 1:12 2:28 2:34 3:6 3:23 26:11 | | negotiated(1) 24:16 | | options(1) 24:23 | |
| | | marketing(5) 26:14 31:11 33:20 33:22 | | negotiating(1) 33:14 | | oracle(6) 3:40 7:13 7:13 10:18 11:9 11:15 | |
| | | markup(1) 12:18 | | negotiations(2) 7:22 35:10 | | oracle's(2) 11:5 11:10 | |
| | | mason(8) 2:40 16:6 45:16 45:17 45:17 45:20 46:1 46:2 | | net(1) 23:17 | | orally(1) 27:20 | |
| last(10) 4:20 4:24 11:24 14:3 17:7 21:17 26:12 34:12 45:22 46:12 | | | | never(1) 19:19 | | order(28) 5:20 6:13 6:15 10:19 10:20 15:6 15:20 15:20 15:23 17:10 18:17 18:23 19:1 19:15 19:16 20:16 38:11 40:5 40:13 41:9 41:20 41:21 42:13 42:23 44:15 45:7 46:9 46:13 | |
| | | mason's(1) 16:21 | | new(9) 1:40 2:22 2:42 2:49 3:31 3:37 3:43 19:4 41:8 | | | |
| | | matter(4) 18:2 38:18 46:24 47:7 | | | | | |
| late(1) 13:17 | | matthew(1) 2:5 | | next(1) 12:7 | | | |
| lateness(1) 19:3 | | maximize(3) 24:3 24:3 25:2 | | nichols(1) 2:32 | | | |
| later(7) 5:8 7:14 7:17 21:6 27:3 30:6 | | may(15) 5:21 6:12 6:24 9:2 10:21 11:8 11:8 11:10 13:1 14:17 14:18 15:3 25:20 26:20 29:10 | | night(5) 5:1 11:24 26:12 28:2 34:12 | | orders(1) 41:20 | |
| latin(1) 33:6 | | | | nobody(1) 17:5 | | ordinary(1) 13:3 | |
| laughter(4) 16:13 18:4 20:11 42:20 | | | | non-debtor(1) 38:22 | | originally(1) 9:3 | |
| law(1) 41:16 | | maybe(2) 6:20 36:18 | | non-disclosure(2) 25:23 26:20 | | other(13) 7:22 14:18 15:9 18:16 24:21 27:14 28:20 28:22 31:3 33:16 37:15 38:8 38:18 | |
| lawrence(1) 2:47 | | mccolm(5) 2:19 40:8 40:9 40:10 40:22 | | noon(2) 7:18 26:24 | | | |
| laying(1) 36:13 | | mclaughlin(20) 1:37 4:12 6:2 10:5 21:4 21:8 21:9 21:22 22:2 23:2 23:7 32:12 36:5 36:6 36:13 36:21 37:13 38:7 43:7 46:16 | | nor(2) 18:23 31:23 | | others(1) 25:17 | |
| layton(2) 2:10 41:6 | | | | north(4) 2:13 2:28 2:34 3:23 | | otherwise(1) 46:13 | |
| leads(1) 10:5 | | | | not(29) 4:24 4:24 12:8 16:19 17:2 17:6 18:19 18:22 20:2 25:7 27:22 30:16 30:17 30:21 31:1 31:22 31:24 31:24 32:1 32:16 35:11 37:1 37:1 37:18 39:14 42:5 43:4 45:4 45:10 | | our(15) 8:10 8:24 12:2 14:17 15:10 15:11 16:15 16:15 18:13 18:13 18:17 34:12 46:7 46:9 | |
| led(1) 23:20 | | | | | | | |
| left(1) 33:22 | | mean(2) 20:7 44:19 | | | | | |
| lenders(12) 2:45 3:4 8:15 9:1 9:7 36:23 37:6 38:12 38:14 39:6 41:11 41:14 | | mcdquist(39) 5:6 5:8 8:10 8:21 14:8 14:16 15:12 15:14 17:20 18:9 18:11 18:13 18:14 18:18 18:18 20:1 20:3 26:9 28:10 28:19 30:8 30:15 31:2 31:5 31:7 31:13 31:22 37:17 37:21 38:3 40:6 42:15 44:22 44:23 44:23 45:2 45:5 45:20 46:10 | | note(2) 11:4 11:21 | | out(16) 15:6 16:10 17:8 19:2 19:7 23:12 23:17 | |
| | | | | noted(1) 8:12 | | outset(1) 21:15 | |
| | | | | notes(6) 9:12 11:7 28:22 29:3 34:22 35:4 | | outside(2) 9:2 37:17 | |
| length(4) 17:12 31:14 35:11 35:16 | | | | nothing(1) 46:9 | | outstanding(2) 13:19 38:10 | |
| lengthy(3) 7:12 25:12 28:6 | | | | | | | |
| leon(2) 6:4 33:14 | | meet(1) 26:4 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| over(12) 4:20  6:1  10:9  21:4  21:17  25:21 27:10  28:17  29:2  29:5  29:5  31:3 | | predominately(1) 25:15 | | rath(1) 3:4 | | reviewed(1) 38:13 | |
| | | prefer(1) 39:5 | | rather(1) 43:5 | | revised(1) 10:18 | |
| overage(1) 24:14 | | preference(1) 15:19 | | reached(3) 15:8  20:3  44:1 | | revising(1) 27:3 | |
| overbid(2) 28:15  34:16 | | prepared(1) 18:16 | | read(3) 15:21  21:20  33:24 | | revision(1) 34:5 | |
| override(1) 45:11 | | present(10) 6:2  21:12  22:4  28:6  28:8 | | ready(3) 18:11  18:12  18:14 | | richard(5) 2:26  2:40  3:20  14:22  20:12 | |
| owing(1) 12:10 | | 30:19  34:10  34:11  35:12  43:4 | | real(1) 29:12 | | richards(2) 2:10  41:6 | |
| owns(1) 31:23 | | | | really(5) 9:17  9:19  15:18  16:18  19:4 | | rifkin(1) 40:10 | |
| oxford(1) 33:8 | | presentation(2) 20:14  40:2 | | reason(2) 15:12  45:2 | | rifkind(2) 2:17  3:27 | |
| | | preserve(3) 11:9  24:3  25:3 | | reasonable(4) 24:15  31:16  35:8  35:18 | | right(16) 6:9  8:9  12:3  13:5  13:22  14:5 | |
| p.m(5) 1:9  4:1  44:6  44:6  47:3 | | pressures(1) 23:15 | | recall(2) 6:12  25:20 | | 17:15  18:5  20:22  21:2  32:10  42:1  43:9 | |
| p.o(2) 2:35  3:7 | | prevent(1) 42:6 | | recalls(1) 7:10 | | 46:4  46:11  46:21 | |
| page(1) 11:2 | | price(15) 9:22  23:15  24:15  26:9  29:5 | | receivable(1) 29:21 | | | |
| paid(4) 13:3  13:15  37:21  38:12 | | 29:16  29:18  31:15  31:16  33:1  35:5  35:18 | | received(10) 7:1  7:15  7:19  12:8  12:9 | | rights(1) 11:10  44:22 | |
| papers(1) 23:11 | | 38:8  42:9  42:11 | | 12:12  12:13  24:15  27:2  27:15 | | riley(8) 2:26  3:20  14:22  20:12  20:12 | |
| paragraph(7) 11:1  12:11  12:17  12:20 | | | | | | 20:21  43:12  43:13 | |
| 13:18  38:14  38:20 | | principal(1) 32:23 | | recent(1) 27:18 | | rise(3) 4:2  41:14  44:7 | |
| | | prior(10) 22:17  22:23  23:3  23:10  25:11 | | recess(3) 19:23  44:6  46:24 | | risk(1) 25:9 | |
| paragraphs(1) 41:9 | | 27:1  27:15  32:21  32:23  37:14 | | reconsideration(1) 17:6 | | robert(3) 1:28  3:12  22:3 | |
| paraphrasing(1) 21:23 | | | | record(26) 4:7  9:9  9:20  10:5  10:14  11:14 | | robust(3) 5:4  26:15  35:10 | |
| parent(1) 38:22 | | probably(3) 4:24  9:16  15:5 | | 12:23  14:8  14:15  15:22  17:11  21:24  25:11 | | rodney(1) 2:12 | |
| parmalat(1) 33:9 | | problem(1) 45:13 | | 28:3  30:21  32:16  36:12  36:14  36:24  37:16 | | role(1) 33:19 | |
| part(3) 13:2  13:21  35:23 | | problems(2) 19:14  46:13 | | 40:10  41:5  42:4  44:1  44:16  45:23 | | ronit(2) 3:35  19:12 | |
| participants(1) 8:11 | | procedures(7) 6:8  6:13  6:15  25:19  26:23 | | | | rosen(2) 2:39  45:18 | |
| participate(1) 27:23 | | 31:12  42:7 | | recorded(1) 1:52 | | rosenberg(2) 2:20  3:29 | |
| participated(3) 26:21  28:7  34:11 | | | | recording(2) 1:52  47:6 | | roth(2) 2:45  39:12 | |
| participation(3) 8:13  25:16  31:11 | | proceed(1) 35:20 | | recovery(1) 33:1 | | round(1) 39:22 | |
| particularly(1) 5:16 | | proceedings(3) 1:19  1:52  47:7 | | redial(1) 43:20 | | ruling(10) 7:13  8:3  8:6  8:6  15:18  17:4 | |
| parties(12) 6:22  6:23  8:13  9:16  11:23 | | proceeds(1) 10:15 | | reduce(1) 24:24 | | 17:5  18:21  19:14  27:19 | |
| 19:23  25:18  27:20  35:8  36:20  41:21  42:6 | | process(17) 4:22  5:13  5:15  6:19  24:6 | | reference(2) 14:12  41:8 | | | |
| | | 25:12  25:16  26:1  29:10  31:5  31:11  33:22 | | reflected(2) 30:22  46:7 | | rulings(1) 15:21 | |
| partner(1) 14:22 | | 34:3  36:22  37:4  42:7  42:11 | | refresher(1) 21:17 | | run(5) 4:22  6:24  10:6  41:16  46:12 | |
| party(2) 16:19  32:6 | | | | regard(5) 22:7  24:19  25:10  26:14  29:9 | | russ(1) 41:5 | |
| pasierb(1) 1:46 | | produced(1) 1:53 | | reiterate(1) 9:9 | | russell(1) 2:11 | |
| patience(3) 4:20  11:24  45:21 | | professionals(2) 26:2  40:19 | | relate(1) 13:20 | | ryan(1) 1:29 | |
| paul(3) 2:17  3:27  40:10 | | proffer(8) 23:6  32:11  32:13  32:15  33:23 | | related(3) 27:18  31:24  33:16 | | safe(1) 21:22 | |
| pay(1) 11:7  41:10 | | 36:5  36:22  37:14 | | relating(1) 20:5 | | said(7) 17:11  18:23  19:1  22:4  24:21  39:16 | |
| payroll(2) 37:18  37:20 | | | | relevant(1) 22:20 | | 45:23 | |
| pennsylvania(1) 1:48 | | proffered(1) 25:19 | | relief(3) 6:3  21:11  24:10 | | | |
| people(5) 4:23  20:10  38:2  43:19  46:21 | | proffering(1) 21:10 | | rely(1) 22:23 | | sale(45) 5:15  5:18  5:20  6:16  7:1  8:22  8:24 | |
| perfectly(1) 14:12 | | proffers(5) 6:3  6:6  22:23  23:3  23:6 | | relying(1) 6:6 | | 9:7  10:15  10:19  15:20  15:23  19:20  20:6 | |
| perform(3) 18:12  18:13  18:15 | | prolonged(1) 25:8 | | rendered(1) 13:13 | | 20:16  21:12  23:24  24:4  24:6  24:12  25:2 | |
| performance(3) 15:11  15:13  22:15 | | prompted(1) 13:17 | | renewal(1) 11:8 | | 25:5  25:12  25:16  26:1  29:5  30:1  30:5 | |
| period(3) 25:21  26:16  41:17 | | promptly(1) 25:6 | | repedity(1) 21:16 | | 30:11  31:11  31:20  33:17  35:5  37:4  37:4 | |
| person(2) 26:4  41:2 | | property(3) 10:13  29:22 | | report(1) 5:19 | | 37:18  38:11  38:21  40:5  40:13  41:10  42:7 | |
| personal(1) 10:13 | | propose(2) 5:12  43:2 | | represent(1) 31:16 | | 42:13  42:22  46:9 | |
| perspective(1) 16:15 | | proposed(4) 5:20  18:24  31:15  44:14 | | representation(4) 11:17  12:23  13:18  14:7 | | | |
| petition(4) 13:2  13:14  22:18  24:7 | | proposing(2) 16:16  17:8 | | representations(1) 14:14 | | salient(1) 29:15 | |
| ph]of(1) 21:17 | | proud(1) 4:21 | | representatives(1) 28:9 | | satisfied(1) 13:4 | |
| phone(2) 11:11  14:21 | | provide(4) 5:15  22:13  26:13  38:11 | | represented(2) 30:17  34:17 | | say(6) 6:18  17:10  18:17  42:21  45:6  45:20 | |
| physically(2) 28:5  34:11 | | provided(6) 10:1  24:13  24:14  27:20  31:11 | | represents(4) 29:4  31:13  35:2  35:16 | | saying(1) 4:19 | |
| pick(1) 33:22 | | 33:3 | | reps(1) 37:2 | | scene(1) 8:16 | |
| picking(1) 34:1 | | | | request(4) 12:22  38:16  38:18  40:4 | | schulte(2) 2:45  39:12 | |
| piece(1) 45:9 | | providing(2) 22:10  33:16 | | requested(1) 6:3 | | schuylkill(1) 1:47 | |
| pitney(2) 3:40  11:15 | | provision(2) 34:4  41:8 | | requests(1) 26:3 | | seated(2) 4:4  44:9 | |
| place(2) 28:2  34:12 | | provisions(1) 45:11 | | requirements(1) 6:15 | | second(5) 17:4  23:18  32:13  41:2  44:21 | |
| plan(1) 38:4 | | publication(1) 7:6 | | resolution(3) 12:17  12:21  13:17 | | section(1) 30:3 | |
| play(1) 33:20 | | published(1) 7:5 | | resolve(1) 42:23 | | secure(1) 39:14 | |
| please(5) 4:2  4:4  10:22  44:7  44:8 | | purchase(15) 9:24  26:8  27:8  29:9  29:14 | | resolved(8) 5:9  5:21  7:14  7:16  12:2 | | secured(2) 38:9  38:11 | |
| pleased(6) 5:19  8:14  32:11  40:17  42:12 | | 29:16  29:18  30:20  30:10  31:15  31:19 | | 12:16  13:21  14:7 | | see(4) 4:4  9:18  21:8  40:8 | |
| 43:23 | | 35:16  36:17  38:8  45:3 | | resolving(1) 11:5 | | seemed(1) 9:17 | |
| | | | | respect(7) 10:12  15:7  15:9  15:17  18:21 | | seen(2) 20:17  39:6 | |
| plus(4) 28:16  28:22  34:16  34:22 | | purchased(1) 30:2 | | 23:13  46:23 | | senior(1) 32:22 | |
| podium(6) 6:1  6:11  16:1  21:4  36:9  40:3 | | purchaser(1) 31:7 | | | | sense(3) 43:15  43:16  45:15 | |
| point(6) 9:22  15:6  32:15  36:9  38:9  46:8 | | purchasers(3) 25:21  26:8  26:19 | | respectively(2) 27:8  27:11 | | separate(3) 15:12  15:20  15:20 | |
| points(5) 5:21  23:11  37:6  37:15  44:17 | | purpose(2) 24:13  24:19 | | responded(1) 7:2 | | separately(1) 30:17 | |
| portions(1) 21:20 | | purposes(2) 14:17  28:14 | | response(5) 10:9  22:5  24:9  32:9  36:3 | | series(1) 33:11 | |
| position(2) 38:20  46:12 | | pursuant(2) 27:21  30:3 | | rest(1) 42:6 | | service(6) 1:46  1:53  6:14  7:6  7:6  11:6 | |
| possible(1) 23:24 | | put(7) 9:20  15:17  19:16  37:15  43:17  44:1 | | restricted(1) 45:3 | | services(9) 1:46  2:4  7:20  13:13  22:11 | |
| post(1) 34:1 | | 46:24 | | restructuring(5) 4:16  22:3  22:14  22:19 | | 22:14  27:4  30:7  33:4 | |
| post-closing(1) 29:17 | | | | 23:23 | | set(5) 17:11  26:23  36:14  39:1  41:16 | |
| post-petition(5) 13:3  13:14  13:20  26:14 | | qualified(9) 7:24  8:2  26:23  27:14  27:15 | | | | seventh(1) 1:39 | |
| 26:16 | | 27:15  28:10  28:14  34:15 | | restructurings(1) 33:6 | | several(2) 21:17 | |
| | | | | result(3) 10:3  36:20  40:20 | | severe(1) 23:18 | |
| postdated(1) 24:6 | | qualify(1) 27:22 | | resulting(1) 23:18 | | shall(1) 30:5 | |
| potential(4) 22:15  24:24  25:21  38:21 | | question(1) 15:18 | | results(1) 40:18 | | sharing(1) 38:23 | |
| ppearances(3) 1:23  2:1  3:1 | | questioning(1) 22:5 | | retention(3) 23:21  24:22  24:23 | | shaunna(3) 1:36  4:7  36:12 | |
| pre(3) 13:1  13:13  13:20 | | questions(1) 24:9 | | revenues(1) 23:17 | | | |
| pre-petition(5) 25:20  26:6  39:1 | | quickly(2) 25:12  42:24 | | review(1) 19:19 | | | |
| preceded(1) 24:6 | | raising(1) 20:5 | | | | | |

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| **shorter**(1) 32:14 | | **substantially**(8) 6:14 6:18 24:4 27:9 30:9 34:8 38:1 40:5 | | **that**(278) 4:22 4:23 5:5 5:9 5:9 5:12 5:17 5:19 5:21 6:10 6:21 6:21 6:22 6:23 7:3 7:12 7:15 7:16 7:17 8:1 8:5 8:8 8:14 8:18 8:23 9:1 9:2 9:6 9:13 9:16 9:16 9:20 9:23 10:1 10:4 10:5 10:9 10:10 10:12 10:14 10:18 11:4 11:6 11:7 11:10 11:17 11:17 11:18 11:19 11:20 11:21 11:22 11:22 12:1 12:1 12:5 12:8 12:11 12:15 12:16 12:23 12:24 13:1 13:2 13:3 13:13 13:18 13:19 13:19 13:21 14:6 14:6 14:7 14:8 14:9 14:14 14:15 14:16 15:10 15:13 15:15 15:19 15:21 15:22 16:12 16:16 16:17 17:5 17:6 17:10 17:11 17:12 17:13 18:1 18:9 18:16 18:18 18:18 18:22 18:24 19:2 19:5 19:13 19:16 19:17 19:17 19:19 19:20 19:21 19:24 20:4 20:5 20:7 20:7 20:8 20:15 20:16 20:16 21:3 21:18 21:22 22:2 22:12 22:17 23:12 23:13 23:16 23:20 24:1 24:2 24:6 24:12 24:13 24:13 24:17 25:5 25:6 25:8 25:14 25:18 26:6 26:10 26:11 26:15 26:22 27:1 27:3 27:6 27:9 27:12 27:13 27:14 27:20 28:6 28:6 28:13 28:23 29:1 29:2 29:7 29:11 29:15 29:19 30:1 30:5 30:14 30:15 30:16 30:17 30:19 30:21 31:1 31:4 31:4 31:5 31:7 31:10 31:14 31:15 31:18 31:20 31:22 32:1 32:3 32:13 32:13 32:17 32:19 32:21 32:23 32:23 33:3 33:10 33:12 33:19 34:3 34:10 34:11 34:12 34:14 34:17 34:17 35:1 35:2 35:7 35:10 35:11 35:12 35:13 35:15 35:15 35:17 35:18 35:20 35:21 36:6 36:7 36:15 36:16 36:24 37:3 37:7 37:11 37:13 37:15 37:18 37:19 38:11 38:12 38:15 38:16 38:16 38:19 38:19 38:23 39:3 39:6 39:7 39:7 39:7 39:14 39:16 39:18 40:1 40:2 40:4 40:13 40:20 41:10 41:14 41:15 41:21 41:22 42:6 43:6 43:9 43:14 43:16 43:19 43:21 44:1 44:15 44:18 44:19 44:22 45:3 45:4 45:7 45:8 45:10 45:15 45:22 46:9 46:24 47:5 | | **the**(301) 1:1 1:2 1:20 1:30 2:10 2:21 3:30 4:2 4:3 4:6 4:7 4:8 4:9 4:9 4:11 4:14 4:15 4:16 4:16 4:19 4:20 4:20 4:21 5:1 5:3 5:6 5:6 5:6 5:8 5:11 5:12 5:13 5:15 5:16 5:16 5:18 5:20 5:23 6:1 6:3 6:5 6:6 6:7 6:8 6:9 6:11 6:12 6:13 6:14 6:15 6:16 6:19 6:21 7:1 7:4 7:4 7:5 7:5 7:7 7:8 7:8 7:9 7:13 7:18 7:21 7:21 8:1 8:3 8:4 8:7 8:8 8:8 8:9 8:12 8:14 8:14 8:15 8:16 8:17 8:18 8:18 8:19 8:19 8:20 8:20 8:22 8:24 9:2 9:4 9:7 9:7 9:8 9:9 9:10 9:13 9:16 9:19 9:20 9:21 9:22 9:22 9:24 10:1 10:2 10:3 10:3 10:5 10:6 10:7 10:9 10:11 10:12 10:13 10:14 10:15 10:16 10:20 10:22 11:2 11:3 11:6 11:7 11:8 11:11 11:13 11:14 11:19 11:19 11:21 12:1 12:3 12:5 12:6 12:10 12:15 12:16 12:17 12:17 12:19 12:20 12:22 12:23 12:23 13:2 13:2 13:3 13:5 13:7 13:12 13:12 13:14 13:16 13:17 13:17 13:18 13:18 13:19 13:21 13:22 13:24 14:3 14:4 14:5 14:7 14:7 14:8 14:11 14:14 14:15 14:15 14:21 14:22 14:23 15:1 15:4 15:6 15:7 15:7 15:8 15:9 15:15 15:18 15:20 15:21 15:23 16:1 16:1 16:4 16:7 16:8 16:9 16:10 16:11 16:16 16:16 16:17 16:18 16:19 16:20 16:21 16:22 17:7 17:8 17:9 17:11 17:15 17:16 17:17 17:17 17:19 17:22 17:23 18:16 18:21 19:3 19:3 19:15 19:16 19:18 19:19 19:20 19:22 19:23 19:24 20:1 20:2 20:2 20:4 20:6 20:9 20:14 20:14 20:16 20:20 20:24 21:2 21:4 21:5 21:7 21:10 21:11 21:11 21:12 21:13 21:15 21:16 21:17 21:17 21:18 21:18 21:21 21:24 22:1 22:2 22:2 22:4 22:8 22:13 22:15 22:18 22:18 22:19 23:1 23:2 23:5 23:8 23:9 23:10 23:11 23:11 23:12 23:15 23:16 23:17 23:17 23:18 23:20 23:23 23:24 24:2 24:4 24:5 24:6 24:6 24:9 24:10 24:11 24:12 24:13 24:14 24:17 24:19 24:20 24:22 24:22 24:23 |
| **shortly**(2) 5:20 11:8 | | | | | | | |
| **should**(4) 21:15 32:5 35:22 43:16 | | **substantive**(1) 19:6 | | | | | |
| **shouldn't**(1) 16:18 | | **succeeded**(1) 9:22 | | | | | |
| **side**(5) 44:22 45:4 45:11 45:12 46:9 | | **successful**(5) 9:10 9:19 29:8 30:20 34:20 | | | | | |
| **sign**(2) 15:6 42:23 | | **sufficient**(2) 14:18 18:20 | | | | | |
| **signed**(2) 25:23 37:11 | | **suggested**(1) 19:15 | | | | | |
| **significant**(2) 25:6 33:5 | | **suite**(5) 2:27 3:6 3:13 3:22 3:48 | | | | | |
| **significantly**(2) 9:23 37:10 | | **sum**(3) 32:3 35:14 41:22 | | | | | |
| **silberglied**(8) 2:11 40:23 41:1 41:5 41:6 41:13 42:2 42:3 | | **sunday**(2) 41:16 41:17 | | | | | |
| | | **supplemental**(1) 6:22 | | | | | |
| **similarly**(1) 26:15 | | **support**(7) 6:3 6:8 21:11 33:16 36:7 36:8 40:13 | | | | | |
| **simply**(1) 41:23 | | | | | | | |
| **single**(1) 10:10 | | **sure**(5) 6:22 9:1 19:2 20:8 21:18 | | | | | |
| **sir**(2) 21:8 45:19 | | **survival**(1) 25:9 | | | | | |
| **sleep**(2) 4:24 11:24 | | **szelzinger**(8) 6:4 32:14 33:21 34:9 35:7 35:15 35:22 36:2 | | | | | |
| **slightly**(2) 28:16 34:17 | | | | | | | |
| **slow**(1) 19:20 | | **szelzinger's**(1) 32:15 | | | | | |
| **some**(14) 5:14 8:17 15:6 15:23 16:6 20:1 20:8 21:20 24:8 27:9 29:14 33:23 42:6 43:14 | | **table**(1) 4:9 | | | | | |
| | | **take**(4) 9:18 18:1 36:18 42:5 | | | | | |
| **something**(2) 15:20 45:5 | | **taking**(2) 20:22 38:1 | | | | | |
| **somewhat**(1) 32:14 | | **talk**(7) 10:4 19:2 19:4 19:8 19:24 20:14 38:21 | | | | | |
| **sorry**(3) 13:10 37:8 42:21 | | | | | | | |
| **sort**(1) 15:9 | | **talking**(1) 20:18 | | | | | |
| **sought**(3) 17:5 21:11 24:10 | | **tax**(4) 10:10 10:12 38:21 38:23 | | | | | |
| **sound**(6) 1:52 24:12 24:19 31:20 35:18 | | **taylor**(1) 1:26 | | | | | |
| **sounds**(1) 11:24 | | **tear**(1) 46:9 | | | | | |
| **speak**(5) 5:7 5:10 13:7 15:1 19:9 | | **technically**(1) 6:24 | | | | | |
| **speakers**(2) 42:14 47:1 | | **technological**(1) 23:14 | | | | | |
| **speaking**(1) 16:6 | | **technologies**(2) 2:25 3:19 | | | | | |
| **specialize**(1) 22:9 | | **tedious**(1) 21:16 | | | | | |
| **specifically**(1) 11:5 | | **telephonic**(1) 3:17 | | | | | |
| **specificity**(1) 15:23 | | **telephonically**(1) 26:4 | | | | | |
| **spheris**(2) 1:9 38:22 | | **tell**(1) 4:23 | | | | | |
| **spirited**(1) 40:16 | | **terence**(1) 1:37 | | | | | |
| **split**(1) 13:15 | | **term**(2) 31:8 32:1 | | | | | |
| **sprint**(2) 12:8 12:10 | | **terms**(6) 15:15 29:9 29:13 29:15 37:11 | | | | | |
| **square**(2) 2:12 3:42 | | **terrence**(1) 4:12 | | | | | |
| **stakeholders**(1) 33:5 | | **test**(1) 26:11 | | | | | |
| **stalking**(13) 9:24 16:7 16:17 26:7 26:8 26:18 27:10 28:17 29:3 29:5 34:18 35:3 35:6 | | **tested**(1) 42:11 | | | | | |
| | | **testified**(1) 21:19 | | | | | |
| **stand**(2) 40:12 46:24 | | **testify**(42) 22:8 22:12 22:17 22:22 23:8 23:20 24:1 24:5 24:20 25:4 25:15 26:6 26:15 26:22 27:1 27:6 27:12 28:5 29:1 29:7 29:15 30:1 30:5 30:11 30:15 31:1 31:4 31:9 31:15 31:18 32:19 32:21 33:3 33:10 33:12 33:18 34:3 34:9 35:1 35:4 35:7 35:15 | | | | | |
| **standing**(1) 41:2 | | | | | | | |
| **stands**(1) 19:14 | | | | | | | |
| **stargatt**(1) 1:26 | | | | | | | |
| **start**(1) 4:18 | | | | | | | |
| **starting**(1) 28:13 | | | | | | | |
| **state**(2) 36:16 41:14 | | | | | | | |
| **stated**(3) 36:21 37:14 38:7 | | **testimony**(11) 22:5 23:12 24:9 24:17 25:11 25:19 30:15 32:4 33:24 34:7 42:8 | | | | | |
| **statement**(2) 14:13 44:16 | | | | | | | |
| **statements**(1) 19:17 | | | | | | | |
| **states**(3) 1:1 1:21 33:6 | | **than**(4) 9:24 17:9 30:6 43:5 | | | | | |
| **statistics**(1) 26:14 | | **thank**(45) 4:3 6:9 10:23 11:12 12:3 12:4 13:10 13:10 13:22 13:23 13:24 14:1 14:2 18:7 19:8 21:1 21:7 23:7 32:12 36:1 36:10 36:11 36:12 39:18 40:7 40:21 40:22 40:22 42:2 42:3 42:14 43:6 44:3 44:4 44:5 44:8 44:10 44:10 45:21 46:1 46:2 46:15 46:16 46:22 47:1 | | | | | |
| **stay**(3) 16:10 16:11 25:8 | | | | | | | |
| **step**(1) 9:18 | | | | | | | |
| **sternklar**(20) 3:21 14:20 14:21 14:24 15:3 15:5 18:6 18:8 18:8 20:17 42:17 42:17 42:21 43:8 43:10 43:11 44:4 46:3 46:5 46:6 | | | | | | | |
| | | | | | | | |
| **still**(1) 42:19 | | | | | | | |
| **stop**(1) 17:3 | | | | | | | |
| **story**(1) 33:22 | | | | | | | |
| **street**(10) 1:12 1:31 1:47 2:13 2:28 2:34 2:41 3:6 3:23 7:5 | | | | | | | |
| | | | | | | | |
| **structuring**(1) 33:14 | | | | | | | |
| **subject**(16) 8:3 8:5 15:11 17:2 18:14 23:10 25:19 26:11 29:13 29:17 29:19 30:12 38:12 41:11 41:20 44:15 | | | | | | | |
| | | | | | | | |
| **submit**(2) 35:9 35:15 | | | | | | | |
| **submitted**(3) 8:2 8:20 23:2 | | | | | | | |
| **subsequent**(3) 7:15 7:20 27:16 | | | | | | | |
| **subsequently**(2) 12:16 17:19 | | | | | | | |
| **substance**(1) 32:3 | | | | | | | |
| **substantial**(4) 7:22 8:13 29:4 35:5 | | | | | | | |

**that's**(19) 7:16 9:15 9:19 11:2 13:16 14:9 14:17 16:20 17:16 17:20 18:19 19:16 19:22 21:21 24:10 41:18 42:4 44:14 45:13

| Word | Page:Line | Word | Page:Line | Word | Page:Line | Word | Page:Line |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**the**(301) 24:23 25:1 25:1 25:2 25:4 25:5 25:7 25:11 25:16 25:17 25:17 25:19 25:19 25:20 25:22 26:1 26:1 26:1 26:3 26:5 26:7 26:8 26:10 26:12 26:13 26:14 26:16 26:16 26:18 26:20 26:22 26:23 26:24 27:1 27:2 27:7 27:9 27:10 27:13 27:16 27:17 27:18 27:19 27:20 27:21 27:23 28:1 28:2 28:2 28:3 28:10 28:11 28:11 28:11 28:13 28:14 28:14 28:15 28:17 28:17 28:18 28:20 28:23 29:1 29:3 29:3 29:5 29:5 29:5 29:7 29:8 29:8 29:10 29:13 29:13 29:14 29:15 29:16 29:19 29:19 29:20 29:20 29:22 30:1 30:1 30:3 30:5 30:6 30:7 30:8 30:9 30:9 30:9 30:11 30:12 30:13 30:14 30:16 30:18 30:19 30:19 30:20 30:20 30:21 30:22 30:22 31:5 31:6 31:8 31:8 31:11 31:12 31:12 31:12 31:13 31:15 31:15 31:17 31:18 31:19 31:19 31:20 31:20 31:21 31:21 31:24 32:2 32:3 32:5 32:7 32:10 32:11 32:13 32:13 32:15 32:16 32:17 32:23 33:6 33:15 33:17 33:19 33:19 33:20 33:22 33:22 34:1 34:3 34:3 34:4 34:4 34:5 34:5 34:5 34:6 34:10 34:14 34:15 34:15 34:16 34:18 34:19 34:20 35:2 35:3 35:3 35:4 35:5 35:5 35:7 35:8 35:10 35:12 35:15 35:16 35:17 35:19 35:19 35:20 35:21 36:1 36:4 36:4 36:6 36:7 36:8 36:8 36:9 36:10 36:11 36:13 36:15 36:15 36:16 36:16 36:17 36:19 36:20 36:22 36:23 36:24 36:24 37:2 37:3 37:4 37:4 37:5 37:5 37:7 37:8 37:11 37:12 37:13 37:16 37:17 37:18 37:18 37:20 37:23 37:23 38:1 38:3 38:4 38:9 38:10 38:11 38:11 38:13 38:14 38:14 38:16 38:17 38:19 38:20 38:22 38:23 39:1 39:5 39:5 39:6 39:10 39:11 39:13 39:13 39:16 39:18 39:21 39:21 39:22 39:23 40:2 40:3 40:4 40:5 40:5 40:7 40:9 40:11 40:12 40:13 40:14 40:14 40:17 40:17 40:18 40:20 40:22 41:2 41:4 41:5 41:6 41:8 41:9 41:9 41:10 41:10 41:11 41:12 41:13 41:14 41:15 41:15 41:17 41:20 41:21 41:21 41:22 41:23 41:23 42:1 42:3 42:3 42:7 42:7 42:8 42:8 42:9 42:10

**the**(58) 42:10 42:11 42:11 42:12 42:13 42:15 42:19 42:22 42:22 43:2 43:3 43:4 43:9 43:13 43:17 43:18 43:21 44:1 44:5 44:7 44:8 44:12 44:13 44:15 44:16 44:18 44:18 44:19 44:19 44:21 45:1 45:3 45:7 45:9 45:11 45:12 45:12 45:12 45:13 45:15 45:21 45:23 46:1 46:3 46:8 46:9 46:11 46:17 46:20 46:21 46:23 46:23 47:2 47:3 47:5 47:6 47:6 47:7

**their**(27) 4:21 6:24 7:21 7:23 11:24 16:20 17:10 17:20 22:20 23:9 23:23 24:15 25:22 26:2 26:16 26:20 28:22 29:4 31:20 31:21 31:22 33:4 44:20 44:21 44:22 45:11 45:13

**them**(6) 7:3 8:7 21:14 39:8 44:24 45:4

**themselves**(2) 8:7 37:4

**then**(13) 5:16 6:1 12:20 17:13 20:10 23:8 24:8 27:22 28:18 33:21 43:21 44:1 45:9

**theoretically**(1) 13:13

**there**(31) 5:17 5:21 6:11 6:20 7:11 7:12 7:15 8:16 10:10 11:4 11:20 12:23 13:19 15:9 15:13 17:19 18:16 19:5 19:6 21:10 25:6 25:10 35:13 37:15 38:10 38:18 39:2 39:3 42:19 42:24 46:4

**there's**(3) 18:9 19:16 43:22

**therefore**(3) 27:22 31:6 41:16

**these**(7) 24:5 25:18 25:18 37:6 44:17 45:6 45:10

**they**(23) 5:20 8:7 8:16 13:20 13:21 14:18 17:17 17:18 17:21 21:19 26:15 30:21 33:19 37:1 37:1 37:3 37:16 37:19 37:23 39:7 43:10 44:21 44:22

**they're**(2) 17:8 32:20

**they've**(2) 17:3 39:7

**things**(3) 10:9 28:21 45:6

**think**(20) 9:16 9:19 13:21 18:9 19:7 19:18 19:20 19:21 19:24 20:13 20:17 22:23 23:2 29:11 41:19 42:23 43:14 44:11 46:17 46:19

**thinks**(1) 18:24

**third**(1) 2:48

**this**(49) 4:18 4:24 7:6 7:6 7:19 8:4 8:8 9:7 9:10 10:2 11:18 11:22 12:2 12:5 14:11 15:1 17:10 18:6 18:23 19:1 19:7 19:12 20:4 20:6 20:16 20:18 21:6 21:16 21:20 23:6 25:11 25:12 30:12 31:4 32:14 36:8 36:9 36:20 37:8 37:8 37:9 39:6 41:22 44:20 45:9 45:16 46:17 46:24

**those**(18) 5:19 6:22 6:23 10:14 21:12 23:5 23:16 23:20 24:10 24:17 25:22 26:6 26:19 27:6 27:13 28:8 34:6 40:19

**thought**(1) 5:9

**three**(1) 44:17

**through**(11) 5:13 5:19 6:3 8:17 10:6 21:5 25:11 25:24 26:11 41:18 45:21

**throughout**(2) 6:19 28:7

**thursday**(2) 4:1 41:18

**tick**(1) 25:18

**time**(10) 4:23 7:3 8:12 8:16 11:23 19:8 20:4 29:12 37:22 42:5

**timely**(1) 7:11

**times**(2) 3:42 4:22

**today**(11) 5:2 5:12 8:22 21:11 24:10 36:17 37:5 37:13 40:13 40:20 41:19

**together**(2) 33:12 37:9

**told**(1) 16:17

**tolerance**(1) 45:21

**too**(3) 16:12 34:10 35:12

**took**(3) 8:16 28:1 34:12

**topic**(2) 30:14 32:17

**total**(2) 5:7 9:14

**traci**(1) 47:1

**transaction**(8) 14:9 14:9 14:16 16:16 16:21 17:17 30:12 35:20

**transcend**(9) 2:4 7:19 8:10 9:14 28:10 28:14 34:4 34:5 34:15

**transcriber**(1) 47:12

**transcript**(4) 1:19 1:52 30:22 47:6

**transcription**(1) 1:46 1:53

**transition**(2) 27:4 30:7

**traveling**(1) 19:3

**treats**(1) 29:3

**triggered**(1) 9:2

**troubled**(2) 22:11 33:4

**try**(2) 24:16 44:16

**trying**(2) 16:10 17:8

**tunnell**(1) 2:32

**turn**(3) 21:3 24:8 36:9

**turner**(4) 2:46 39:9 39:11 39:11

**turning**(1) 30:13

**tweaks**(1) 39:3

**twenty**(1) 25:22

**two**(6) 9:20 7:1 7:11 7:19 15:9 21:11 28:10 36:19 41:3

**ultimate**(1) 40:17

**ultimately**(10) 5:4 8:18 12:14 13:14 24:2 26:7 27:13 27:22 28:19 34:20

**un-rebutted**(1) 6:6

**unable**(1) 27:22

**uncertainty**(1) 21:23

**under**(6) 13:1 31:12 31:17 38:10 44:22 46:11

**understand**(5) 18:10 18:15 18:19 22:1 46:11

**understanding**(2) 12:1 37:11

**understandings**(1) 20:3

**understands**(1) 31:8

**unfair**(1) 31:2

**unfavorable**(1) 8:7

**united**(3) 1:1 1:21 33:6

**unless**(2) 18:18 25:5

**unpaid**(1) 39:15

**unqualified**(1) 44:19

**unsecured**(2) 2:11 40:11

**upon**(2) 12:5 42:16

**usbc-de-de@diazdata.com**(1) 1:50

**used**(1) 41:10

**value**(11) 5:6 9:12 24:3 24:3 25:1 25:3 25:7 28:22 29:4 34:22 35:4

**valued**(1) 28:15

**various**(1) 23:3

**vehicle**(1) 27:4

**verbatim**(1) 21:20

**version**(2) 20:16 20:18

**versus**(1) 13:14

**very**(11) 8:17 8:17 17:4 21:2 31:5 36:20 40:16 40:18 44:3 45:22 46:16

**via-a-vis**(1) 44:19

**victor**(1) 45:17

**view**(4) 14:18 29:5 31:12 31:18

**viewed**(1) 8:6

**views**(1) 35:4

**virginia**(1) 10:11

**wachtell**(2) 2:39 45:17

**waive**(1) 6:21

**walk**(1) 5:13

**walking**(1) 37:5

**wall**(1) 7:5

**want**(10) 5:8 9:9 15:10 15:22 17:1 17:12 19:23 21:17 36:18 39:16

**wanted**(4) 9:20 11:9 11:21 38:19

**wants**(1) 19:20

**wapner**(1) 18:2

**ward**(1) 2:5

**warranties**(1) 37:2

**was**(74) 4:22 4:22 5:4 5:5 5:9 6:11 6:13 7:4 7:10 7:12 7:12 7:15 8:4 8:8 8:12 8:16 8:18 8:20 9:3 9:10 9:14 9:17 9:19 10:10 10:17 11:18 12:8 12:8 12:9 12:16 12:23 14:7 22:18 22:18 25:7 25:12 25:12 26:10 26:12 26:24 27:21 28:3 28:5 28:6 28:14 28:15 28:16 28:23 29:2 29:11 30:19 31:4 31:6 31:14 32:22 32:23 33:2 33:22 34:2 34:10 34:11 34:15 35:7 35:12 35:13 35:17 36:22 36:22 37:11 39:1 40:16 41:16 42:8 47:3

**wasn't**(2) 13:15 13:16

**waterhouse**(1) 33:1

**wave**(1) 7:9

**way**(5) 12:15 24:3 24:11 25:2 31:24

**we'll**(8) 7:2 7:2 7:14 10:4 20:21 21:5 43:13 46:24

**we're**(8) 17:6 18:16 20:18 20:22 40:18 40:20 41:23 44:13

**we've**(4) 5:14 5:14 11:17 19:18

**week**(2) 4:20 41:19

**weil**(2) 3:34 19:12

**weiss**(3) 2:17 3:27 40:10

**well**(16) 12:12 16:7 19:22 19:22 20:1 21:2 23:3 23:6 27:13 27:17 42:5 42:6 42:15 44:2 44:3 46:11

**went**(2) 11:20 26:4

**were**(32) 5:17 5:17 6:19 6:20 7:11 8:15 10:1 13:13 13:21 14:15 16:16 16:17 17:18 25:5 25:18 25:18 25:21 26:15 27:10 27:14 27:15 28:8 33:19 35:9 35:10 36:23 37:1 37:1 37:4 42:7 42:19

**west**(2) 1:31 2:41

**wharton**(2) 2:17 3:27

**what**(9) 13:16 17:18 18:15 18:23 19:1 19:24 20:18 45:12 45:23

**what's**(1) 18:23

**whatever**(3) 39:5 42:24 45:2

**when**(5) 9:17 30:20 35:2 35:12 43:21

**where**(8) 5:14 7:23 9:23 33:2 33:22 38:6 41:9 44:11

**whereupon**(1) 47:3

**whether**(3) 13:20 15:22 17:8

**which**(28) 5:5 9:3 12:14 13:15 14:3 14:19 19:3 22:9 23:9 26:12 27:21 28:1 28:15 28:19 29:9 29:20 29:22 30:22 33:23 33:24 34:6 35:4 37:20 37:22 38:4 38:22 41:15 44:14

**while**(2) 9:21 37:16

**whitney**(1) 3:11

**who**(5) 4:16 6:4 28:8 28:8 40:19

**who's**(1) 16:6

**why**(4) 13:15 18:10 18:19 36:19

**will**(30) 4:23 5:7 5:20 6:1 6:2 6:5 6:20 8:23 9:5 9:16 10:4 10:14 11:4 13:2 13:3 13:21 14:10 21:12 21:14 21:16 23:5 30:6 32:16 36:20 38:12 41:17 42:12 44:14 46:9 46:13

**willing**(4) 14:12 18:11 18:12 18:14

**willkie**(7) 1:35 4:7 4:13 16:5 28:3 34:13 36:12

**willowbrook**(1) 12:14

**wilmington**(1) 1:13 1:32 2:7 2:14 2:29 2:36 3:8 3:14 3:24 3:49 4:1

**winning**(2) 29:1 34:21

**wish**(6) 14:17 32:6 32:7 35:23 36:1 45:16

**with**(75) 5:22 5:22 6:10 6:14 6:16 7:2 7:7 7:14 7:21 7:23 8:19 8:24 9:5 9:6 9:7 10:4 10:12 11:15 12:1 13:17 15:7 15:8 15:15 15:17 15:22 16:17 17:2 18:13 18:17 18:18 18:18 18:21 19:13 19:14 20:6 21:3 22:7 22:13 22:14 23:8 23:13 24:1 24:19 25:10 25:17 26:5 26:13 26:14 26:18 27:19 29:9 30:16 31:13 31:23 33:12 33:23 34:3 35:20 35:21 37:5 37:8 38:8 38:16 38:22 38:23 39:6 40:1 40:17 41:13 42:8 43:1 43:4 44:13 46:10

**withdrawn**(1) 15:11

**withdrew**(1) 8:7

**within**(1) 46:20

**without**(3) 25:8 29:20 29:23

**witness**(2) 22:2 32:13

**witnesses**(3) 21:11 21:12 21:19

**womble**(1) 2:4

**won't**(3) 12:12 15:13 42:24

**wonderful**(1) 5:11

**woodside**(1) 33:8

**words**(5) 15:17 17:8 17:9 17:10 21:18

**work**(6) 8:17 15:6 19:2 19:7 38:2 46:23

**worked**(2) 40:19 44:14

**working**(1) 46:22

**works**(1) 17:12

**worth**(1) 9:11

| Word | Page:Line |
|------|-----------|

**would**(90) 4:18 7:24 8:2 10:6 12:22 18:24
19:14 19:18 21:19 22:2 22:5 22:8 22:12
22:17 22:22 22:23 23:7 23:12 23:20 24:1
24:3 24:5 24:8 24:11 24:17 24:20 25:4
25:6 25:13 25:15 26:6 26:15 26:22 27:1
27:6 27:12 27:17 28:1 28:5 28:8 28:13
28:18 29:1 29:7 29:15 29:16 29:19 30:1
30:5 30:11 30:14 30:15 30:18 31:1 31:4
31:9 31:15 31:18 32:3 32:13 32:14 32:17
32:19 32:21 33:3 33:10 33:12 33:18 33:21
34:2 34:4 34:7 34:9 34:14 34:19 35:1
35:4 35:7 35:14 35:15 35:21 36:7 36:9
38:16 39:5 40:3 40:4 41:17 43:3 43:6

**yeah**(2) 17:22 42:21
**years**(1) 33:2
**yes**(24) 4:11 4:14 4:14 9:4 10:7 10:22
11:3 11:12 12:19 13:9 14:23 16:14 16:22
23:1 39:10 40:7 41:4 41:12 43:7 43:8
43:18 44:12 45:19 46:5

**yesterday**(5) 8:1 8:9 15:22 27:20 28:2
**yet**(1) 32:16
**york**(8) 1:40 2:22 2:42 2:49 3:31 3:37
3:43 19:4

**you**(83) 4:3 4:4 4:23 6:9 9:17 10:23 11:4
11:12 12:3 12:4 13:10 13:10 13:22 13:23
13:24 14:1 14:2 15:2 15:6 15:21 15:22
16:9 17:11 18:7 18:22 18:23 19:1 19:8
20:9 20:10 20:16 21:1 21:6 21:7 21:8
23:7 25:20 32:12 32:17 36:1 36:10 36:11
36:13 39:5 39:18 39:23 40:7 40:8 40:17
40:20 40:21 40:22 40:22 41:8 42:2 42:3
42:14 42:16 42:16 42:19 42:23 43:2 43:6
43:13 43:14 44:3 44:4 44:5 44:8 44:10
44:10 45:7 45:21 46:1 46:2 46:3 46:12
46:15 46:16 46:17 46:22 46:23 47:1

**you'll**(2) 9:18 12:11
**you've**(4) 40:15 43:22 43:23 46:24
**young**(2) 1:26 4:9
**your**(91) 4:5 5:9 5:22 6:12 6:18 7:2 7:10
7:12 8:3 8:5 8:6 8:22 9:9 10:20 11:1
11:12 13:10 13:23 14:4 14:10 14:12 14:20
15:3 15:18 15:19 15:19 15:21 16:3 16:5
16:17 17:4 17:9 18:1 18:6 18:7 19:8 19:9
19:11 19:13 20:12 20:21 21:1 21:9 21:9
22:6 22:23 23:7 24:19 25:10 29:7 30:13
31:9 32:3 32:12 32:15 33:21 35:14 35:21
36:6 36:16 38:6 38:15 39:3 39:9 40:1
40:9 40:12 40:21 41:1 42:2 42:14 42:16
42:17 43:1 43:7 43:8 43:10 43:16 43:22
44:3 44:4 44:10 44:15 45:9 45:17 45:21
46:5 46:11 46:15 46:16 47:1

**yourselves**(1) 43:5
**zabel**(2) 2:45 39:12