IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| SP Wind Down Inc., f/k/a Spheris Inc., et al.,[1] | : | Case No. 10-10352 (KG) |
|  | : | Jointly Administered |
| Debtors. | : |  |
|  | : | **Re: Docket Nos. 416 & 467** |

**ORDER, PURSUANT TO SECTIONS 105(a) AND 363(b) OF
THE BANKRUPTCY CODE (I) APPROVING PRIVATE SALE BY
SP WIND DOWN INC. (F/K/A SPHERIS INC.) OF SUBORDINATED
PROMISSORY NOTE, (II) AUTHORIZING DEBTORS'
ENTRY INTO RELATED NOTE PURCHASE AGREEMENT,
AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion") of the above-captioned debtors and debtors in possession, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (the "Order") approving the sale to Black Horse Capital LP, Black Horse Capital (QP) LP and Black Horse Capital Master Fund Ltd (together, the "Purchasers") of that certain Subordinated Promissory Subordinated Note entered into between Spheris Inc. ("Spheris") and MedQuist Transcriptions Ltd. ("Medquist"), dated April 22, 2010, (the "Subordinated Note"), pursuant to that certain Subordinated Note Purchase Commitment Letter, dated June 7, 2010 ("Commitment Letter") and related Subordinated Note Purchase Agreement (the "Note Purchase Agreement"), this Court

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) SP Wind Down Inc., f/k/a/ Spheris Inc. (5254); (ii) SP Wind Down Holding II, Inc., f/k/a Spheris Holding II, Inc. (7969); (iii) SP Wind Down Canada Inc., f/k/a Spheris Canada Inc. (9757); (iv) SP Wind Down Leasing LLC, f/k/a Spheris Leasing LLC (4780); (v) SP Wind Down Operations LLC, f/k/a Spheris Operations LLC (1371); and (vi) VN Wind Down Communications, f/k/a Vianeta Communications (1121). The Debtors' executive headquarters are located at 9009 Carothers Parkway, Suite C-3, Franklin, Tennessee 37067.

finds and concludes that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334; (b) this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (d) the legal and factual bases set forth in the Motion and at the hearing (if any), establish just cause for the relief granted herein; (e) the Debtors have established good business justification for the relief sought in the Motion; (f) the Sale was negotiated and proposed in good faith, from arms-length bargaining positions, and without collusion and the Purchasers are good faith purchasers within the meaning of section 363(m) of the Bankruptcy Code and are entitled to the protection thereof; and (g) reasonable and adequate notice of the Motion was provided and no further or other notice is necessary; and after due deliberation and sufficient cause appearing therefore it is hereby:

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is granted.

2. Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

3. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Commitment Letter and the Note Purchase Agreement are approved, and the Debtors are authorized to enter into such agreements.

4. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to sell the Subordinated Note, including any rights arising under the Guarantee (as defined in the Subordinated Note), to the Purchasers pursuant to the terms of the Note Purchase Agreement.

YCST01:9762748.3    068920.1001

5.  The Subordinated Note shall be sold free and clear of all liens, claims, defenses, rights of setoff, reductions, mortgages, leases or other rights or claims of right to use or occupancy, security interest, charges, or other legal or equitable encumbrances and any other matter affecting title (collectively, "Liens"), with any Liens in the Subordinated Note, or the proceeds thereof, to attach to the proceeds of such sale with the same validity, priority and effect as they have against the Subordinated Note.

6.  The stay provided for in Bankruptcy Rule 6004(h) is hereby waived and this Order shall be effective immediately upon its entry.

7.  Pursuant to section 363(b) of the Bankruptcy Code, the Debtors and the Purchasers, as well as their officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Note Purchase Agreement. Any actions taken by the Debtors and the Purchasers necessary or desirable to consummate such transactions prior to the entry of this Order are hereby ratified.

8.  Upon the entry of this Order, the Commitment Letter (the "Riva Ridge Commitment Letter") dated as of May 4, 2010 by and between SP Wind Down and Riva Ridge Master Fund, Ltd. and Mariner LDC (collectively, "Riva Ridge") shall be deemed terminated.

9.  Riva Ridge shall, together, be entitled to a single allowed administrative expense claim against SP Wind Down in the amount of $50,000.00 (the "Administrative Claim") for (a) a fee related to the termination of the Riva Ridge Commitment Letter, and (b) reimbursement of certain expenses incurred by Riva Ridge in connection with the Riva Ridge Commitment Letter and its offer to purchase the Subordinated Note. The Administrative Claim shall be paid by the Debtors to Riva Ridge by federal funds wire transfer to an account

designated by Riva Ridge within five (5) business days of the entry of this Order. For the avoidance of doubt, but subject to payment of the Administrative Claim, neither Riva Ridge, nor any of their respective affiliates, successors or assigns shall assert and/or be entitled to any claim, reimbursement or compensation from any of the Debtors or their property in connection with the Debtors' sale of the Subordinated Note, other than the Administrative Claim.

10. This Court shall retain jurisdiction regarding the interpretation and implementation of all matters related to this Order.

Dated: Wilmington, Delaware
June 8, 2010

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE